UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP CO., LLC,<br>d/b/a THE WASHINGTON POST,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL HIGHWAY TRAFFIC<br>SAFETY ADMINISTRATION,<br><br>*Defendant*,<br><br>and<br><br>TESLA, INC.,<br><br>*Intervenor-Defendant*. | Civil Action No. 24-1353 (TSC) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order entered on November 22, 2024, the parties, by and through respective undersigned counsel, hereby provide the Court with the following Joint Status Report.

1. This matter arises out of a FOIA request Plaintiff submitted to Defendant National Highway Traffic Safety Administration ("NHTSA") on May 30, 2023, for reports of certain crashes involving motor vehicles equipped with advanced driver assistance systems made under an agency order. *See* Compl. (ECF No. 1).

2. As previously reported, NHTSA completed its searches for potentially responsive records and started producing those records before commencement of this litigation. In addition to the approximately 300 pages of records NHTSA produced before commencement of litigation,

NHTSA has been producing monthly rolling productions of responsive records, subject to certain withholdings it considers appropriate.

3. NHTSA has now completed production of all responsive records, subject to certain withholdings, with its final interim response on December 16, 2024.

4. On December 12, 2024, this Court granted Tesla, Inc. ("Tesla") leave to intervene in the matter. *See* Order (ECF No. 19).

5. Also, as previously reported, Plaintiff has begun to review the records. Plaintiff reports that it objects to NHTSA's withholdings under Exemptions 4 and 6. Specifically, Plaintiff objects to NHTSA's withholdings of (1) the hardware and software versions of the systems with which the vehicle was equipped, under Exemption 4; (2) whether the vehicle was within its operational design domain at the time of the incident, under Exemption 4; (3) the narrative of the incident, under Exemption 4; and (4) the location of the reported crash, under Exemption 6.

6. The Parties agree that this matter should be set for briefing, but diverge on the deadlines.[1]

**NHTSA's and Tesla's Position**

7. NHTSA and Tesla believe there would be benefit to a meet-and-confer, now that Tesla is a party, to clarify any remaining issues before motions are filed. Tesla did not previously participate in the parties' conferrals as its motion to intervene was granted in mid-December of 2024. NHTSA and Tesla believe that additional discussions with Plaintiff (and any associated

---

[1] Because the Parties diverge on the deadlines—and indeed, because NHTSA and Tesla believe there is benefit to further conferral—the Parties have not been able to provide a single proposed order as this Court ordered.

further productions) may narrow the disputed issues. Therefore, NHTSA and Tesla propose a schedule that allows for this to occur before motions for summary judgment are filed.

8.  NHTSA additionally notes that it will take time to provide a sufficiently detailed and thorough declaration and *Vaughn* index, especially with respect to any Exemption 4 withholdings relating to the Confidential Business Information of vehicle manufacturers who have not intervened in this matter.

9.  Counsel for Tesla will also be occupied with a previously scheduled trial in another matter from January 13 through January 30, with continuing obligations throughout February.

10. NHTSA and Tesla therefore respectfully propose the following briefing schedule:

**March 19, 2025**: NHTSA's and Tesla's motions for summary judgment;

**April 18, 2025**: Plaintiff's opposition and any cross-motion for summary judgment;

**May 20, 2025**: NHTSA's and Tesla's replies, and any cross-oppositions; and

**June 3, 2025**: Plaintiff's cross-reply.

**Plaintiff's Position**

11. Plaintiff WP Company LLC d/b/a The Washington Post (the "Post") submitted the FOIA request at issue in this action in May 2023, and since issuing its "partial response" in January 2024, Defendant has withheld certain pieces of important information reported for each crash. These withholdings, with only a few limited exceptions, have been categorical.

12. There is no reason to further delay summary judgment briefing in this matter. Defendant has been aware of the Post's position on these categorical withholdings since the Post's March 2024 administrative appeal, and that position has not changed. Tesla has likewise been

aware of the Post's position on these categorical withholdings since July 2024, at the latest, when Tesla moved to intervene in this matter. *See generally* Tesla's Mot. to Intervene (ECF No. 7).

13. Defendant offers no explanation why the previous ten months have been insufficient to prepare "a sufficiently detailed and thorough declaration and *Vaughn* index, especially with respect to any Exemption 4 withholdings."

14. The Post therefore respectfully requests that the Court set the following schedule for briefing on cross-motions for summary judgment as to NHTSA's withholdings:

>**Jan. 30, 2025**: Defendant's and Tesla's motions for summary judgment;
>
>**Feb. 20, 2025**: The Post's cross-motion for summary judgment and opposition;
>
>**Mar. 6, 2025**: Defendant's and Tesla's oppositions and replies; and
>
>**Mar. 20, 2025**: The Post's reply.

Dated: January 9, 2025
       Washington, DC

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Attorneys for Plaintiff WP Company LLC d/b/a The Washington Post*

Respectfully submitted,

MATTHEW M. GRAVES,
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

 /s/ *Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States*


/s/ *J. Taylor McConkie*
Paul Margulies (#1000297)
J. Taylor McConkie (#90004326) (*pro hac vice*)
800 Connecticut Ave., N.W.
Washington, D.C., 20005
Tel: (202) 695-5388
pmargulies@tesla.com
tmcconkie@tesla.com

Allison Huebert (*pro hac vice*)
1 Tesla Road
Austin, TX 78725
Tel: (512) 557-8797
ahuebert@tesla.com

*Attorneys for Defendant-Intervenor Tesla, Inc.*