UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WP CO., LLC, <br> d/b/a THE WASHINGTON POST <br><br> *Plaintiff*, <br><br> v. <br><br> NATIONAL HIGHWAY TRAFFIC <br> SAFETY ADMINISTRATION <br><br> *Defendant*, <br><br> and <br><br> TESLA, INC. <br><br> *Intervenor-Defendant*. | Civil Action No. 24-1353 (TSC) |

**DECLARATION OF MICHAEL KUPPERSMITH**

I, Michael Kuppersmith, hereby declare:

1.      I am a Trial Attorney in the Litigation and Enforcement Division of the Office of the Chief Counsel at the National Highway Traffic Safety Administration ("NHTSA" or "agency"). NHTSA is an operating administration within the United States Department of Transportation ("DOT," or "Department") in Washington, D.C. I am an attorney licensed to practice law in Washington, DC.

2.      Since around November 2016, my work responsibilities have included reviewing requests for confidential treatment and the related confidential information as well as assisting counsel from the United States Department of Justice in defending the agency in litigation related to the Freedom of Information Act ("FOIA").

3.      I make the following statements based upon my personal knowledge, upon information available to me in my official capacity, and upon the advice and counsel of colleagues in NHTSA's Office of the Chief Counsel.

4.      Due to the nature of my official duties, I am familiar with procedures followed by NHTSA in receiving, reviewing, and responding to requests for confidential treatment. I am also familiar with the responsive records, including requests for confidential treatment, involved in Plaintiff WP Company LLC's FOIA request designated as Request No. NHTSA-230621-006, which was submitted on May 30, 2023 pursuant to the provisions of FOIA, 5 U.S.C. § 552.

5.      This declaration generally describes NHTSA's procedures related to receiving, reviewing, and responding to requests for confidential treatment. It also, to the best of my knowledge and recollection, describes agency action taken related to the requests for confidential treatment involved in Plaintiff's FOIA Request.

**PROCESSING REQUESTS FOR CONFIDENTIAL TREATMENT**

6.      NHTSA regulations allow persons or entities to request confidential treatment for information submitted to the agency. 49 C.F.R. Part 512. Each appropriately-submitted request seeks a determination from the agency that the information is entitled to confidential treatment and should be withheld from public disclosure pursuant to FOIA Exemption 4, 5 U.S.C. § 552(b)(4).

7.      When a person or entity submits confidential information to the agency, a request for confidential treatment accompanies the submission and provides the basis for the claim of confidentiality. The request for confidential treatment is typically stored with the submitted confidential information.

8.      When the agency receives a request for records pursuant to FOIA, the agency

determines which program office(s) may be custodians of responsive records, and employees from the program office(s) search for and collect potentially responsive records. See Declaration of Shonda Humphrey. These potentially responsive records include any associated requests for confidential treatment.

9.    Any responsive records submitted with requests for confidential treatment and the requests for confidential treatment, themselves, are forwarded to attorneys in the Litigation and Enforcement Division of NHTSA's Office of the Chief Counsel. These attorneys review the requests and associated confidential information and make a confidentiality determination in accordance with legal standards.

10.    Once a confidentiality determination is made, these determinations are communicated to the submitter of the request for confidential treatment.

11.    The information subject to the requests for confidential treatment is either withheld or disclosed, subject to other FOIA exemptions, to the FOIA requestor in accordance with the confidentiality determination.

**STANDING GENERAL ORDER 2021-01**

12.    On April 5, 2023, NHTSA issued the Second Amended Standing General Order 2021-01 ("SGO"). This SGO required the entities it was served upon—vehicle and equipment manufacturers and operators of Automated Driving Systems ("ADS") and Level 2 Advanced Driver Assistance Systems ("ADAS") vehicles—to report certain crashes to the agency. The reports are required to be submitted electronically by filling out an Incident Report form in an online portal. See Incident Report Submission Instructions in Appendix A of the SGO and Incident Report Form template in Appendix C of the SGO.

13.    In the SGO, NHTSA stated its determination that, with three exceptions, the

3

information required to submitted does not include any potential confidential business

information ("CBI") exempt from public disclosure under either the Safety Act (49 U.S.C. §

30167(a)) or FOIA (5 U.S.C. § 552(b)(4)):

> Except for these three exceptions described below, the nature of the crash-related information required by the Incident Report form is widely available to the public from law enforcement agencies and through motor vehicle crash databases maintained by NHTSA. NHTSA, therefore, will not keep this information confidential, intends to make it publicly available, and is providing no assurance to you to the contrary.

SGO, Instructions ¶ 7, p. 13 (footnote and citation omitted).

14.     In the SGO, NHTSA denoted the three exceptions for which it allowed reporting

entities to claim, "when appropriate and appropriately supported," that information submitted in

an Incident Report constitutes CBI:

> (1) the hardware and software versions of the ADAS/ADS with which a vehicle is
>
> equipped;
>
> (2) whether the vehicle was within its operational design domain ("ODD") at the
>
> time of the incident; and
>
> (3) the narrative of the incident.

SGO, Instructions ¶ 8, p. 13.

15.     NHTSA determined that while most of the fields required to be reported under the

SGO focused on more publicly available information, reporting entities should be permitted to

request confidential treatment of these three categories of information because the information

reported for each of these fields is more likely to reveal proprietary aspects of the system's

design.

16.     NHTSA expressly noted that, pursuant to NHTSA's CBI regulations (49 C.F.R.

Part 512), "[m]aking a request for confidential treatment does not ensure that the information

4

claimed to be confidential will be determined to be confidential." SGO, Instructions ¶ 8, p. 14. NHTSA also emphasized that "CBI requests should be narrowly tailored to the specific information protectable by the applicable standards." SGO, Instructions ¶ 8, p. 14.

17.    NHTSA provided instructions for how reporting entities should submit Incident Reports containing information claimed to be confidential, including supplying a dedicated email address for NHTSA's Office of the Chief Counsel to which copies of such reports must be sent with the required supporting documentation. See Confidential Business Information (CBI) Instructions in Appendix B of the SGO.

18.    NHTSA reviews the SGO incident reports it receives and, after redacting personally identifiable information ("PII") and information claimed to be CBI, publishes them in spreadsheets on its website on a monthly basis.[1]

### PLAINTIFF'S FOIA REQUEST

19.    I reviewed Plaintiff's FOIA request at issue in this litigation, seeking "NHTSA's Level 2 ADAS incident report data spreadsheet in unredacted format." Pursuant to this request, I personally evaluated and oversaw the evaluation by other NHTSA attorneys of the CBI requests submitted for the responsive reports contained in the publicly available Level 2 ADAS incident report spreadsheet. All of the requests for confidential treatment at issue and the associated information were individually and independently assessed by either myself or another attorney in the Litigation and Enforcement Division of NHTSA's Office of the Chief Counsel, and we made individualized determinations whether to grant, in whole or in part, or deny each request.

### NONDISCLOSURE UNDER FOIA EXEMPTION 4

20.    Based on review of the requests for confidential treatment at issue and the

---

[1] See https://www.nhtsa.gov/laws-regulations/standing-general-order-crash-reporting.

associated information, the agency determined that, aside from the information described in Paragraph 21, below, the reporting entities submitted the information to the agency under NHTSA's framework of statutory and regulatory provisions governing confidential information, which provides an assurance of privacy for confidential business information, *see* 49 U.S.C. § 30167, 49 C.F.R. Part 512, Subpart E, and the reporting entities customarily and actually kept the information private. The agency also determined that it was reasonably foreseeable that publicly releasing the information would harm the reporting entities' commercial or financial interests in keeping the information private. In particular, the automotive industry is highly competitive, especially in the emerging technology space of ADS and ADAS, and publicly releasing information about how these companies' software and vehicle technology work would be likely to cause competitive harm. Releasing the information would also impact the willingness of regulated entities to provide confidential information, foreseeably harming NHTSA's interest in obtaining information necessary for its safety mission. As such, the agency granted the reporting entities' respective requests to keep this information confidential. The information associated with the determinations for which confidential treatment was granted was withheld from disclosure under FOIA Exemption 4.

21.    Based on review of the requests for confidential treatment at issue and the associated information, the agency denied some of Tesla's requests to keep confidential certain categories of information:

a.    The agency denied Tesla's requests to treat as confidential portions of its incident report narratives regarding the sources of the incident information and information on available data. The source information and information on available data are also identified in other sections of the incident report in which NHTSA does not permit reporting entities to assert

contain CBI. Therefore, reporting entities did not provide that information to NHTSA under an assurance of privacy; that information is in fact published on NHTSA's website on a monthly basis. As such, the agency determined that these portions of Tesla's narratives cannot be kept confidential by Tesla;

b.      For similar reasons, the agency also denied Tesla's request to treat as confidential other portions of its narratives, such as information about the date on which it received notice of a crash, and a note explaining that the company checked "unknown" in the "General Damage/Contact Area" portion of the incident report form because the form could not be submitted with that field left blank. The "Notice Received Date" and "General Damage/Contact Area" fields of the form are also not among the portions of the incident report for which NHTSA permitted entities to assert contained CBI. As above, reporting entities did not provide that information to NHTSA under an assurance of privacy; that information is also in fact published on NHTSA's website on a monthly basis. As such, the agency determined that this information included in Tesla's narrative could not be kept confidential by Tesla;

c.      The agency denied Tesla's requests to treat as confidential portions of its incident report narratives identifying Vehicle Owner's Questionnaire ("VOQ") numbers or internet addresses for specific media sources. VOQs are consumer reports submitted to NHTSA about potential vehicle-related safety issues and are publicly available on NHTSA's website. Tesla did not provide, nor is NHTSA aware of, any basis for finding that specific VOQs or specific media reports reviewed by Tesla are commercial or financial information subject to protection. Not did Tesla explain how disclosure of already public VOQs  or media reports would harm an interested protected by FOIA Exemption 4. As such, the agency determined that these portions of Tesla's narratives cannot be kept confidential by Tesla;

7

d.      The agency denied Tesla's requests to treat as confidential portions of its incident report narratives identifying the date on which it previously notified NHTSA of the crash. Information about the date of a regulated entity's communications with NHTSA that does not disclose any proprietary information about the substance of that communication, if any, is not subject to protection;

e.      The agency denied Tesla's requests to treat as confidential the information in two incident reports as to whether the vehicle was within its ODD at the time of the incident and the narrative because Tesla's CEO and a senior Tesla employee made a public statement regarding the crash that was the subject of these SGO reports, demonstrating that Tesla no longer treated as private the information that it previously claimed as CBI.

22.     Therefore, this information was not appropriate to withhold from disclosure under FOIA Exemption 4.

23.     The determinations described above were communicated to the reporting entities. In the denials of Tesla's requests, NHTSA notified Tesla of the procedure for requesting reconsideration of the denials under under 49 C.F.R. §§ 512.18 and 512.21. Tesla did not exercise its right to petition for reconsideration any of the denials.

24.     The information associated with the determinations described above for which confidential treatment was granted or denied were disclosed to Plaintiff in response to its FOIA Request. This information is found in NHTSA-230621-006:

- Partial Response I;

- Partial Response II;

- Partial Response III;

- Partial Response IV;

- Partial Response V;

- Partial Response VI;

- Partial Response VII;

- Partial Response VIII; and

- Final Response.

25.    In support of NHTSA's cross-motion for summary judgment, Tesla, Inc. ("Tesla") provided the declaration of Eddie Gates. See Declaration of Eddie Gates. NHTSA has reviewed the declaration of Eddie Gates. Based on this review as assessed against prevailing legal standards, the agency has confirmed that, aside from the information described above in Paragraph 21, it has appropriately withheld from disclosure under FOIA Exemption 4, in full or in part, the information associated with the requests for confidential treatment at issue.

26.    The accompanying *Vaughn* index accurately describes in further detail the records that NHTSA has withheld in full or in part under FOIA Exemption 4 and, as described in Shonda Humphrey's Declaration, under FOIA Exemption 6.

27.    After determining that the information in question was appropriately withheld under Exemption 4, NHTSA separately reviewed the withheld information to determine whether any additional portions of that information could be reasonably segregated and produced without violating the confidentiality interests of the reporting entities whose information was at issue. After this review, NHTSA determined that no further information could be produced.

28.    Specifically, NHTSA performed a line-by-line review of the documents withheld in full or in part and confirmed, as further described in NHTSA's *Vaughn* index, that further segregation of these records would cause foreseeable competitive harm to the reporting entities and, because reporting entities would be less forthcoming with the agency going forward if they

knew NHTSA would disclose their confidential information, foreseeable harm to NHTSA itself as it seeks to fulfill its core safety mission using such confidential information.

## CONCLUSION

29.    The records responsive to Plaintiff's FOIA Request included information the SGO reporting entities submitted under requests for confidentail treatment in accordance with NHTSA regulations. The agency reviewed the requests for confidential treatment at issue and the associated information and issued determinations in accordance with legal standards. The agency also reviewed information submitted in the declaration of Eddie Gates regarding the information Tesla submitted under the requests for confidentiality at issue. Based on prevailing legal standards, NHTSA has appropriately denied confidential treatment and disclosed certain information in response to Plaintiff's FOIA Request, as listed in Paragraph 21, and withheld certain information from disclosure under FOIA Exemption 4, as listed in Paragraph 20.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that the exhibits and declarations accompanying this cross-motion for summary judgment are true and correct copies.

Executed on April 2, 2025 _____
Michael Kuppersmith
Trial Attorney
Office of the Chief Counsel
National Highway Traffic Safety Administration
U.S. Department of Transportation