*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kappenworth to Alex Green and Ryan Stauks, cc'ing Eric Williams. Date October 4, 2023. | NHTSA-0230621-006-001 Partial Response 1 | NHTSA-0230621-006-004 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1019-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-005 Partial Response 1 | NHTSA-0230621-006-007 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1041-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-008 Partial Response 1 | NHTSA-0230621-006-010 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1050-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-011 Partial Response 1 | NHTSA-0230621-006-013 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1086-1. From Alex Green to Ann Carlson. Date August 16, 2021. | NHTSA-0230621-006-014 Partial Response 1 | NHTSA-0230621-006-016 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1087-1. From Alex Green to Ann Carlson. Date August 16, 2021. | NHTSA-0230621-006-017 Partial Response 1 | NHTSA-0230621-006-019 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1090-1. From Alex Green to Ann Carlson. Date August 16, 2021. | NHTSA-0230621-006-020 Partial Response 1 | NHTSA-0230621-006-022 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1096-1. From Alex Green to Ann Carlson. Date August 18, 2021. | NHTSA-0230621-006-023 Partial Response 1 | NHTSA-0230621-006-025 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1100-1. From Alex Green to Ann Carlson. Date August 19, 2021. | NHTSA-0230621-006-026 Partial Response 1 | NHTSA-0230621-006-028 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1111-1. From Alex Green to Ann Carlson. Date August 23, 2021. | NHTSA-0230621-006-029 Partial Response 1 | NHTSA-0230621-006-031 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1112-1. From Alex Green to Ann Carlson. Date August 23, 2021. | NHTSA-0230621-006-032 Partial Response 1 | NHTSA-0230621-006-034 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1154-1. From Alex Green to Ann Carlson. Date August 31, 2021. | NHTSA-0230621-006-035 Partial Response 1 | NHTSA-0230621-006-037 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1157-1. From Alex Green to Ann Carlson. Date September 1, 2021. | NHTSA-0230621-006-038 Partial Response 1 | NHTSA-0230621-006-040 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1198-1. From Alex Green to Ann Carlson. Date September 6, 2021. | NHTSA-0230621-006-041 Partial Response 1 | NHTSA-0230621-006-043 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1242-1. From Alex Green to Ann Carlson. Date September 14, 2021. | NHTSA-0230621-006-044 Partial Response 1 | NHTSA-0230621-006-046 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1243-1. From Alex Green to Ann Carlson. Date September 14, 2021. | NHTSA-0230621-006-047 Partial Response 1 | NHTSA-0230621-006-049 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1244-1. From Alex Green to Ann Carlson. Date September 14, 2021. | NHTSA-0230621-006-050 Partial Response 1 | NHTSA-0230621-006-052 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1245-1. From Alex Green to Ann Carlson. Date September 14, 2021. | NHTSA-0230621-006-053 Partial Response 1 | NHTSA-0230621-006-055 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1254-1. From Alex Green to Ann Carlson. Date September 14, 2021. | NHTSA-0230621-006-056 Partial Response 1 | NHTSA-0230621-006-058 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1331-1. From Alex Green to Ann Carlson. Date September 21, 2021. | NHTSA-0230621-006-059 Partial Response 1 | NHTSA-0230621-006-061 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1332-1. From Alex Green to Ann Carlson. Date September 21, 2021. | NHTSA-0230621-006-062 Partial Response 1 | NHTSA-0230621-006-064 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1333-1. From Alex Green to Ann Carlson. Date September 21, 2021. | NHTSA-0230621-006-065 Partial Response 1 | NHTSA-0230621-006-067 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1339-1. From Alex Green to Ann Carlson. Date September 23, 2021. | NHTSA-0230621-006-068 Partial Response 1 | NHTSA-0230621-006-070 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1343-1. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-071 Partial Response 1 | NHTSA-0230621-006-073 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1345-1. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-074 Partial Response 1 | NHTSA-0230621-006-076 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1353-1. From Alex Green to Ann Carlson. Date September 27, 2021. | NHTSA-0230621-006-077 Partial Response 1 | NHTSA-0230621-006-079 Partial Response 1 | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (O.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1352-1. From Alex Green to Ann Carlson. Date September 27, 2021. | NHTSA-0230621-006-080 Partial Response 1 | NHTSA-0230621-006-082 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1353-1. From Alex Green to Ann Carlson. Date September 27, 2021. | NHTSA-0230621-006-083 Partial Response 1 | NHTSA-0230621-006-085 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1355-1. From Alex Green to Ann Carlson. Date September 29, 2021. | NHTSA-0230621-006-086 Partial Response 1 | NHTSA-0230621-006-088 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1356-1. From Alex Green to Ann Carlson. Date September 29, 2021. | NHTSA-0230621-006-089 Partial Response 1 | NHTSA-0230621-006-091 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1357-1. From Alex Green to Ann Carlson. Date September 29, 2021. | NHTSA-0230621-006-092 Partial Response 1 | NHTSA-0230621-006-094 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1372-1. From Alex Green to Ann Carlson. Date October 4, 2021. | NHTSA-0230621-006-095 Partial Response 1 | NHTSA-0230621-006-097 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1374-1. From Alex Green to Ann Carlson. Date October 4, 2021. | NHTSA-0230621-006-098 Partial Response 1 | NHTSA-0230621-006-100 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1375-1. From Alex Green to Ann Carlson. Date October 4, 2021. | NHTSA-0230621-006-101 Partial Response 1 | NHTSA-0230621-006-103 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1383-1. From Alex Green to Ann Carlson. Date October 6, 2021. | NHTSA-0230621-006-104 Partial Response 1 | NHTSA-0230621-006-106 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1388-1. From Alex Green to Ann Carlson. Date October 7, 2021. | NHTSA-0230621-006-107 Partial Response 1 | NHTSA-0230621-006-109 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1390-1. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-110 Partial Response 1 | NHTSA-0230621-006-112 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1404-1. From Alex Green to Ann Carlson. Date October 11, 2021. | NHTSA-0230621-006-113 Partial Response 1 | NHTSA-0230621-006-115 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1405-1. From Alex Green to Ann Carlson. Date October 11, 2021. | NHTSA-0230621-006-116 Partial Response 1 | NHTSA-0230621-006-118 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1406-1. From Alex Green to Ann Carlson. Date October 11, 2021. | NHTSA-0230621-006-119 Partial Response 1 | NHTSA-0230621-006-121 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1407-1. From Alex Green to Ann Carlson. Date October 11, 2021. | NHTSA-0230621-006-122 Partial Response 1 | NHTSA-0230621-006-124 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1408-1. From Alex Green to Ann Carlson. Date October 11, 2021. | NHTSA-0230621-006-125 Partial Response 1 | NHTSA-0230621-006-127 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1439-1. From Alex Green to Ann Carlson. Date October 14, 2021. | NHTSA-0230621-006-128 Partial Response 1 | NHTSA-0230621-006-130 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1511-1. From Alex Green to Ann Carlson. Date October 18, 2021. | NHTSA-0230621-006-131 Partial Response 1 | NHTSA-0230621-006-133 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1512-1. From Alex Green to Ann Carlson. Date October 18, 2021. | NHTSA-0230621-006-134 Partial Response 1 | NHTSA-0230621-006-136 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1513-1. From Alex Green to Ann Carlson. Date October 18, 2021. | NHTSA-0230621-006-137 Partial Response 1 | NHTSA-0230621-006-139 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1516-1. From Alex Green to Ann Carlson. Date October 18, 2021. | NHTSA-0230621-006-140 Partial Response 1 | NHTSA-0230621-006-142 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1521-1. From Alex Green to Ann Carlson. Date October 20, 2021. | NHTSA-0230621-006-143 Partial Response 1 | NHTSA-0230621-006-145 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1527-1. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-146 Partial Response 1 | NHTSA-0230621-006-148 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1537-1. From Alex Green to Ann Carlson. Date October 25, 2021. | NHTSA-0230621-006-149 Partial Response 1 | NHTSA-0230621-006-151 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1538-1. From Alex Green to Ann Carlson. Date October 25, 2021. | NHTSA-0230621-006-152 Partial Response 1 | NHTSA-0230621-006-154 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1541-1. From Alex Green to Ann Carlson. Date October 25, 2021. | NHTSA-0230621-006-155 Partial Response 1 | NHTSA-0230621-006-157 Partial Response 1 | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1542-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-158 Partial Response I | NHTSA-0230621-006-160 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1543-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-161 Partial Response I | NHTSA-0230621-006-163 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1544-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-164 Partial Response I | NHTSA-0230621-006-166 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1545-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-167 Partial Response I | NHTSA-0230621-006-169 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1546-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-170 Partial Response I | NHTSA-0230621-006-172 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1547-1. From Alex Green to Ann Carlson. Date October 26, 2021. | NHTSA-0230621-006-173 Partial Response I | NHTSA-0230621-006-175 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1551-1. From Alex Green to Ann Carlson. Date October 28, 2021. | NHTSA-0230621-006-176 Partial Response I | NHTSA-0230621-006-178 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1553-1. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-179 Partial Response I | NHTSA-0230621-006-181 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1554-1. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-182 Partial Response I | NHTSA-0230621-006-184 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1555-1. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-185 Partial Response I | NHTSA-0230621-006-187 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1556-1. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-188 Partial Response I | NHTSA-0230621-006-190 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1573-1. From Alex Green to Ann Carlson. Date November 11, 2021. | NHTSA-0230621-006-191 Partial Response I | NHTSA-0230621-006-193 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1574-1. From Alex Green to Ann Carlson. Date November 11, 2021. | NHTSA-0230621-006-194 Partial Response I | NHTSA-0230621-006-196 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1575-1. From Alex Green to Ann Carlson. Date November 11, 2021. | NHTSA-0230621-006-197 Partial Response I | NHTSA-0230621-006-199 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1584-1. From Alex Green to Ann Carlson. Date November 3, 2021. | NHTSA-0230621-006-200 Partial Response I | NHTSA-0230621-006-202 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1585-1. From Alex Green to Ann Carlson. Date November 3, 2021. | NHTSA-0230621-006-203 Partial Response I | NHTSA-0230621-006-205 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1589-1. From Alex Green to Ann Carlson. Date November 4, 2021. | NHTSA-0230621-006-206 Partial Response I | NHTSA-0230621-006-208 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1598-1. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-209 Partial Response I | NHTSA-0230621-006-211 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1599-1. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-212 Partial Response I | NHTSA-0230621-006-214 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1619-1. From Alex Green to Ann Carlson. Date November 8, 2021. | NHTSA-0230621-006-215 Partial Response I | NHTSA-0230621-006-217 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1631-1. From Alex Green to Ann Carlson. Date November 10, 2021. | NHTSA-0230621-006-218 Partial Response I | NHTSA-0230621-006-220 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1632-1. From Alex Green to Ann Carlson. Date November 10, 2021. | NHTSA-0230621-006-221 Partial Response I | NHTSA-0230621-006-223 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1646-1. From Alex Green to Ann Carlson. Date November 11, 2021. | NHTSA-0230621-006-224 Partial Response I | NHTSA-0230621-006-226 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1647-1. From Alex Green to Ann Carlson. Date November 11, 2021. | NHTSA-0230621-006-227 Partial Response I | NHTSA-0230621-006-229 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1662-1. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-230 Partial Response I | NHTSA-0230621-006-232 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1663-1. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-233 Partial Response I | NHTSA-0230621-006-235 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 4 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1734-1. From Alex Green to Ann Carlson. Date November 15, 2021. | NHTSA-0230621-006-236 Partial Response I | NHTSA-0230621-006-238 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1737-1. From Alex Green to Ann Carlson. Date November 16, 2021. | NHTSA-0230621-006-239 Partial Response I | NHTSA-0230621-006-241 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1749-1. From Alex Green to Ann Carlson. Date November 17, 2021. | NHTSA-0230621-006-242 Partial Response I | NHTSA-0230621-006-244 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1750-1. From Alex Green to Ann Carlson. Date November 17, 2021. | NHTSA-0230621-006-245 Partial Response I | NHTSA-0230621-006-247 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1771-1. From Alex Green to Ann Carlson. Date November 22, 2021. | NHTSA-0230621-006-248 Partial Response I | NHTSA-0230621-006-250 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1772-1. From Alex Green to Ann Carlson. Date November 22, 2021. | NHTSA-0230621-006-251 Partial Response I | NHTSA-0230621-006-253 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1773-1. From Alex Green to Ann Carlson. Date November 22, 2021. | NHTSA-0230621-006-254 Partial Response I | NHTSA-0230621-006-256 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1775-1. From Alex Green to Ann Carlson. Date November 24, 2021. | NHTSA-0230621-006-257 Partial Response I | NHTSA-0230621-006-259 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1776-1. From Alex Green to Ann Carlson. Date November 24, 2021. | NHTSA-0230621-006-260 Partial Response I | NHTSA-0230621-006-262 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1784-1. From Alex Green to Ann Carlson. Date November 29, 2021. | NHTSA-0230621-006-263 Partial Response I | NHTSA-0230621-006-265 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1793-1. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-266 Partial Response I | NHTSA-0230621-006-268 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1800-1. From Alex Green to Ann Carlson. Date December 1, 2021. | NHTSA-0230621-006-269 Partial Response I | NHTSA-0230621-006-271 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1802-1. From Alex Green to Ann Carlson. Date December 2, 2021. | NHTSA-0230621-006-272 Partial Response I | NHTSA-0230621-006-274 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1825-1. From Alex Green to Ann Carlson. Date December 6, 2021. | NHTSA-0230621-006-275 Partial Response I | NHTSA-0230621-006-277 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1826-1. From Alex Green to Ann Carlson. Date December 6, 2021. | NHTSA-0230621-006-278 Partial Response I | NHTSA-0230621-006-280 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1854-1. From Alex Green to Ann Carlson. Date December 13, 2021. | NHTSA-0230621-006-281 Partial Response I | NHTSA-0230621-006-283 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1855-1. From Alex Green to Ann Carlson. Date December 13, 2021. | NHTSA-0230621-006-284 Partial Response I | NHTSA-0230621-006-286 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1856-1. From Alex Green to Ann Carlson. Date December 13, 2021. | NHTSA-0230621-006-287 Partial Response I | NHTSA-0230621-006-289 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1857-1. From Alex Green to Ann Carlson. Date December 13, 2021. | NHTSA-0230621-006-290 Partial Response I | NHTSA-0230621-006-292 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1858-1. From Alex Green to Ann Carlson. Date December 13, 2021. | NHTSA-0230621-006-293 Partial Response I | NHTSA-0230621-006-295 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1913-1. From Alex Green to Ann Carlson. Date December 15, 2021. | NHTSA-0230621-006-296 Partial Response I | NHTSA-0230621-006-298 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1932-1. From Alex Green to Ann Carlson. Date December 16, 2021. | NHTSA-0230621-006-299 Partial Response I | NHTSA-0230621-006-301 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1933-1. From Alex Green to Ann Carlson. Date December 16, 2021. | NHTSA-0230621-006-302 Partial Response I | NHTSA-0230621-006-304 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1934-1. From Alex Green to Ann Carlson. Date December 16, 2021. | NHTSA-0230621-006-305 Partial Response I | NHTSA-0230621-006-307 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1936-1. From Alex Green to Ann Carlson. Date December 16, 2021. | NHTSA-0230621-006-308 Partial Response I | NHTSA-0230621-006-310 Partial Response I | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kippersmith to Alex Green and Ryan Stanko, cc'ing Eric Williams. Date October 31, 2023. | NHTSA-0230621-006-001 Partial Response II | NHTSA-0230621-006-005 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1939-1. From Alex Green to Ann Carlson. Date: December 17, 2021. | NHTSA-0230621-006-006 Partial Response II | NHTSA-0230621-006-008 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1950-1. From Alex Green to Ann Carlson. Date: December 20, 2021. | NHTSA-0230621-006-009 Partial Response II | NHTSA-0230621-006-011 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1951-1. From Alex Green to Ann Carlson. Date: December 20, 2021. | NHTSA-0230621-006-012 Partial Response II | NHTSA-0230621-006-014 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1952-1. From Alex Green to Ann Carlson. Date: December 21, 2021. | NHTSA-0230621-006-015 Partial Response II | NHTSA-0230621-006-017 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1953-1. From Alex Green to Ann Carlson. Date: December 21, 2021. | NHTSA-0230621-006-018 Partial Response II | NHTSA-0230621-006-020 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1954-1. From Alex Green to Ann Carlson. Date: December 21, 2021. | NHTSA-0230621-006-021 Partial Response II | NHTSA-0230621-006-023 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1975-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-024 Partial Response II | NHTSA-0230621-006-026 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1976-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-027 Partial Response II | NHTSA-0230621-006-029 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1977-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-030 Partial Response II | NHTSA-0230621-006-032 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1978-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-033 Partial Response II | NHTSA-0230621-006-035 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1979-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-036 Partial Response II | NHTSA-0230621-006-038 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1980-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-039 Partial Response II | NHTSA-0230621-006-041 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1981-1. From Alex Green to Ann Carlson. Date: December 28, 2021. | NHTSA-0230621-006-042 Partial Response II | NHTSA-0230621-006-044 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1986-1. From Alex Green to Ann Carlson. Date: December 29, 2021. | NHTSA-0230621-006-045 Partial Response II | NHTSA-0230621-006-047 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1991-1. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-048 Partial Response II | NHTSA-0230621-006-050 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1992-1. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-051 Partial Response II | NHTSA-0230621-006-053 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2008-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-054 Partial Response II | NHTSA-0230621-006-056 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2009-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-057 Partial Response II | NHTSA-0230621-006-059 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2010-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-060 Partial Response II | NHTSA-0230621-006-062 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2011-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-063 Partial Response II | NHTSA-0230621-006-065 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2012-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-066 Partial Response II | NHTSA-0230621-006-068 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2013-1. From Alex Green to Ann Carlson. Date: January 4, 2022. | NHTSA-0230621-006-069 Partial Response II | NHTSA-0230621-006-071 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2046-1. From Alex Green to Ann Carlson. Date: January 7, 2022. | NHTSA-0230621-006-072 Partial Response II | NHTSA-0230621-006-074 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2065-1. From Alex Green to Ann Carlson. Date: January 11, 2022. | NHTSA-0230621-006-075 Partial Response II | NHTSA-0230621-006-077 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2157-1. From Alex Green to Ann Carlson. Date: January 19, 2022. | NHTSA-0230621-006-078 Partial Response II | NHTSA-0230621-006-080 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2162-1. From Alex Green to Ann Carlson. Date: January 21, 2022. | NHTSA-0230621-006-081 Partial Response II | NHTSA-0230621-006-083 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2163-1. From Alex Green to Ann Carlson. Date January 21, 2022. | NHTSA-0230621-006-084 Partial Response II | NHTSA-0230621-006-086 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2164-1. From Alex Green to Ann Carlson. Date January 21, 2022. | NHTSA-0230621-006-087 Partial Response II | NHTSA-0230621-006-089 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2165-1. From Alex Green to Ann Carlson. Date January 21, 2022. | NHTSA-0230621-006-090 Partial Response II | NHTSA-0230621-006-092 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2166-1. From Alex Green to Ann Carlson. Date January 21, 2022. | NHTSA-0230621-006-093 Partial Response II | NHTSA-0230621-006-095 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2172-1. From Alex Green to Ann Carlson. Date January 25, 2022. | NHTSA-0230621-006-096 Partial Response II | NHTSA-0230621-006-098 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2174-1. From Alex Green to Ann Carlson. Date January 27, 2022. | NHTSA-0230621-006-099 Partial Response II | NHTSA-0230621-006-101 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2181-1. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-102 Partial Response II | NHTSA-0230621-006-104 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2182-1. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-105 Partial Response II | NHTSA-0230621-006-107 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2183-1. From Alex Green to Ann Carlson. Date January 26, 2022. | NHTSA-0230621-006-108 Partial Response II | NHTSA-0230621-006-110 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2201-1. From Alex Green to Ann Carlson. Date January 31, 2022. | NHTSA-0230621-006-111 Partial Response II | NHTSA-0230621-006-113 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2208-1. From Alex Green to Ann Carlson. Date February 2, 2022. | NHTSA-0230621-006-114 Partial Response II | NHTSA-0230621-006-116 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2214-1. From Alex Green to Ann Carlson. Date February 4, 2022. | NHTSA-0230621-006-117 Partial Response II | NHTSA-0230621-006-119 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2229-1. From Alex Green to Ann Carlson. Date February 8, 2022. | NHTSA-0230621-006-120 Partial Response II | NHTSA-0230621-006-122 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2230-1. From Alex Green to Ann Carlson. Date February 8, 2022. | NHTSA-0230621-006-123 Partial Response II | NHTSA-0230621-006-125 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2239-1. From Alex Green to Ann Carlson. Date February 9, 2022. | NHTSA-0230621-006-126 Partial Response II | NHTSA-0230621-006-128 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2251-1. From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-129 Partial Response II | NHTSA-0230621-006-131 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2252-1. From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-132 Partial Response II | NHTSA-0230621-006-134 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2276-1. From Alex Green to Ann Carlson. Date February 14, 2022. | NHTSA-0230621-006-135 Partial Response II | NHTSA-0230621-006-137 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2277-1. From Alex Green to Ann Carlson. Date February 14, 2022. | NHTSA-0230621-006-138 Partial Response II | NHTSA-0230621-006-140 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2278-1. From Alex Green to Ann Carlson. Date February 14, 2022. | NHTSA-0230621-006-141 Partial Response II | NHTSA-0230621-006-143 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2324-1. From Alex Green to Ann Carlson. Date February 15, 2022. | NHTSA-0230621-006-144 Partial Response II | NHTSA-0230621-006-146 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2332-1. From Alex Green to Ann Carlson. Date February 16, 2022. | NHTSA-0230621-006-147 Partial Response II | NHTSA-0230621-006-149 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2333-1. From Alex Green to Ann Carlson. Date February 16, 2022. | NHTSA-0230621-006-150 Partial Response II | NHTSA-0230621-006-152 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2334-1. From Alex Green to Ann Carlson. Date February 16, 2022. | NHTSA-0230621-006-153 Partial Response II | NHTSA-0230621-006-155 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2341-1. From Alex Green to Ann Carlson. Date February 17, 2022. | NHTSA-0230621-006-156 Partial Response II | NHTSA-0230621-006-158 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 15781-2355-1. From Alex Green to Ann Carlson. Date February 22, 2022. | NHTSA-0230621-006-159 Partial Response II | NHTSA-0230621-006-161 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2369-1. From Alex Green to Ann Carlson. Date February 23, 2022. | NHTSA-0230621-006-162 Partial Response II | NHTSA-0230621-006-164 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2370-1. From Alex Green to Ann Carlson. Date February 23, 2022. | NHTSA-0230621-006-165 Partial Response II | NHTSA-0230621-006-167 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2371-1. From Alex Green to Ann Carlson. Date February 23, 2022. | NHTSA-0230621-006-168 Partial Response II | NHTSA-0230621-006-170 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2372-1. From Alex Green to Ann Carlson. Date February 23, 2022. | NHTSA-0230621-006-171 Partial Response II | NHTSA-0230621-006-173 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2373-1. From Alex Green to Ann Carlson. Date February 23, 2022. | NHTSA-0230621-006-174 Partial Response II | NHTSA-0230621-006-176 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2374-1. From Alex Green to Ann Carlson. Date February 24, 2022. | NHTSA-0230621-006-177 Partial Response II | NHTSA-0230621-006-179 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2423-1. From Alex Green to Ann Carlson. Date February 26, 2022. | NHTSA-0230621-006-180 Partial Response II | NHTSA-0230621-006-182 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2427-1. From Alex Green to Ann Carlson. Date February 26, 2022. | NHTSA-0230621-006-183 Partial Response II | NHTSA-0230621-006-185 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2428-1. From Alex Green to Ann Carlson. Date February 28, 2022. | NHTSA-0230621-006-186 Partial Response II | NHTSA-0230621-006-188 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2429-1. From Alex Green to Ann Carlson. Date February 28, 2022. | NHTSA-0230621-006-189 Partial Response II | NHTSA-0230621-006-191 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2430-1. From Alex Green to Ann Carlson. Date February 28, 2022. | NHTSA-0230621-006-192 Partial Response II | NHTSA-0230621-006-194 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2435-1. From Alex Green to Ann Carlson. Date March 2, 2022. | NHTSA-0230621-006-195 Partial Response II | NHTSA-0230621-006-197 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2436-1. From Alex Green to Ann Carlson. Date March 2, 2022. | NHTSA-0230621-006-198 Partial Response II | NHTSA-0230621-006-200 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2445-1. From Alex Green to Ann Carlson. Date March 3, 2022. | NHTSA-0230621-006-201 Partial Response II | NHTSA-0230621-006-203 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2451-1. From Alex Green to Ann Carlson. Date March 4, 2022. | NHTSA-0230621-006-204 Partial Response II | NHTSA-0230621-006-206 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2461-1. From Alex Green to Ann Carlson. Date March 7, 2022. | NHTSA-0230621-006-207 Partial Response II | NHTSA-0230621-006-209 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2480-1. From Alex Green to Ann Carlson. Date March 10, 2022. | NHTSA-0230621-006-210 Partial Response II | NHTSA-0230621-006-212 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2499-1. From Alex Green to Ann Carlson. Date March 14, 2022. | NHTSA-0230621-006-213 Partial Response II | NHTSA-0230621-006-215 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2543-1. From Alex Green to Ann Carlson. Date March 15, 2022. | NHTSA-0230621-006-216 Partial Response II | NHTSA-0230621-006-218 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2567-1. From Alex Green to Ann Carlson. Date March 17, 2022. | NHTSA-0230621-006-219 Partial Response II | NHTSA-0230621-006-221 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2573-1. From Alex Green to Ann Carlson. Date March 18, 2022. | NHTSA-0230621-006-222 Partial Response II | NHTSA-0230621-006-224 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2580-1. From Alex Green to Ann Carlson. Date March 21, 2022. | NHTSA-0230621-006-225 Partial Response II | NHTSA-0230621-006-227 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2592-1. From Alex Green to Ann Carlson. Date March 26, 2022. | NHTSA-0230621-006-228 Partial Response II | NHTSA-0230621-006-230 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2600-1. From Alex Green to Ann Carlson. Date March 29, 2022. | NHTSA-0230621-006-231 Partial Response II | NHTSA-0230621-006-233 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2601-1. From Alex Green to Ann Carlson. Date March 30, 2022. | NHTSA-0230621-006-234 Partial Response II | NHTSA-0230621-006-236 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2602-1. From Alex Green to Ann Carlson. Date March 30, 2022. | NHTSA-0230621-006-237 Partial Response II | NHTSA-0230621-006-239 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2603-1. From Alex Green to Ann Carlson. Date March 30, 2022. | NHTSA-0230621-006-240 Partial Response II | NHTSA-0230621-006-242 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2624-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-243 Partial Response II | NHTSA-0230621-006-245 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2625-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-246 Partial Response II | NHTSA-0230621-006-248 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2626-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-249 Partial Response II | NHTSA-0230621-006-251 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2627-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-252 Partial Response II | NHTSA-0230621-006-254 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2628-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-255 Partial Response II | NHTSA-0230621-006-257 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2629-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-258 Partial Response II | NHTSA-0230621-006-260 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2630-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-261 Partial Response II | NHTSA-0230621-006-263 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2631-1. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-264 Partial Response II | NHTSA-0230621-006-266 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2633-1. From Alex Green to Ann Carlson. Date April 5, 2022. | NHTSA-0230621-006-267 Partial Response II | NHTSA-0230621-006-269 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2638-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-270 Partial Response II | NHTSA-0230621-006-272 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2639-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-273 Partial Response II | NHTSA-0230621-006-275 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2640-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-276 Partial Response II | NHTSA-0230621-006-278 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2641-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-279 Partial Response II | NHTSA-0230621-006-281 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2642-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-282 Partial Response II | NHTSA-0230621-006-284 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2643-1. From Alex Green to Ann Carlson. Date April 6, 2022. | NHTSA-0230621-006-285 Partial Response II | NHTSA-0230621-006-287 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2650-1. From Alex Green to Ann Carlson. Date April 7, 2022. | NHTSA-0230621-006-288 Partial Response II | NHTSA-0230621-006-290 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2656-1. From Alex Green to Ann Carlson. Date April 8, 2022. | NHTSA-0230621-006-291 Partial Response II | NHTSA-0230621-006-293 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2667-1. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-294 Partial Response II | NHTSA-0230621-006-296 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2668-1. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-297 Partial Response II | NHTSA-0230621-006-299 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2669-1. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-300 Partial Response II | NHTSA-0230621-006-302 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2697-1. From Alex Green to Ann Carlson. Date April 12, 2022. | NHTSA-0230621-006-303 Partial Response II | NHTSA-0230621-006-305 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2727-1. From Alex Green to Ann Carlson. Date April 14, 2022. | NHTSA-0230621-006-306 Partial Response II | NHTSA-0230621-006-308 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2729-1. From Alex Green to Ann Carlson. Date April 14, 2022. | NHTSA-0230621-006-309 Partial Response II | NHTSA-0230621-006-311 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2740-1. From Alex Green to Ann Carlson. Date April 14, 2022. | NHTSA-0230621-006-312 Partial Response II | NHTSA-0230621-006-314 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2780-1. From Alex Green to Ann Carlson. Date April 18, 2022. | NHTSA-0230621-006-315 Partial Response II | NHTSA-0230621-006-317 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2781-1. From Alex Green to Ann Carlson. Date April 18, 2022. | NHTSA-0230621-006-318 Partial Response II | NHTSA-0230621-006-320 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2782-1. From Alex Green to Ann Carlson. Date April 18, 2022. | NHTSA-0230621-006-321 Partial Response II | NHTSA-0230621-006-323 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2795-1. From Alex Green to Ann Carlson. Date April 20, 2022. | NHTSA-0230621-006-324 Partial Response II | NHTSA-0230621-006-326 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2796-1. From Alex Green to Ann Carlson. Date April 20, 2022. | NHTSA-0230621-006-327 Partial Response II | NHTSA-0230621-006-329 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2799-1. From Alex Green to Ann Carlson. Date April 20, 2022. | NHTSA-0230621-006-330 Partial Response II | NHTSA-0230621-006-332 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2801-1. From Alex Green to Ann Carlson. Date April 21, 2022. | NHTSA-0230621-006-333 Partial Response II | NHTSA-0230621-006-335 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2804-1. From Alex Green to Ann Carlson. Date April 22, 2022. | NHTSA-0230621-006-336 Partial Response II | NHTSA-0230621-006-338 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2805-1. From Alex Green to Ann Carlson. Date April 22, 2022. | NHTSA-0230621-006-339 Partial Response II | NHTSA-0230621-006-341 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2806-1. From Alex Green to Ann Carlson. Date April 22, 2022. | NHTSA-0230621-006-342 Partial Response II | NHTSA-0230621-006-344 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2817-1. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-345 Partial Response II | NHTSA-0230621-006-347 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2824-1. From Alex Green to Ann Carlson. Date April 26, 2022. | NHTSA-0230621-006-348 Partial Response II | NHTSA-0230621-006-350 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2825-1. From Alex Green to Ann Carlson. Date April 26, 2022. | NHTSA-0230621-006-351 Partial Response II | NHTSA-0230621-006-353 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2826-1. From Alex Green to Ann Carlson. Date April 26, 2022. | NHTSA-0230621-006-354 Partial Response II | NHTSA-0230621-006-356 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2828-1. From Alex Green to Ann Carlson. Date April 27, 2022. | NHTSA-0230621-006-357 Partial Response II | NHTSA-0230621-006-359 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2829-1. From Alex Green to Ann Carlson. Date April 27, 2022. | NHTSA-0230621-006-360 Partial Response II | NHTSA-0230621-006-362 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2831-1. From Ryan Stanko to Ann Carlson. Date April 28, 2022. | NHTSA-0230621-006-363 Partial Response II | NHTSA-0230621-006-365 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2832-1. From Ryan Stanko to Ann Carlson. Date April 28, 2022. | NHTSA-0230621-006-366 Partial Response II | NHTSA-0230621-006-368 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2833-1. From Ryan Stanko to Ann Carlson. Date April 29, 2022. | NHTSA-0230621-006-369 Partial Response II | NHTSA-0230621-006-371 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2835-1. From Ryan Stanko to Ann Carlson. Date April 29, 2022. | NHTSA-0230621-006-372 Partial Response II | NHTSA-0230621-006-374 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2840-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-375 Partial Response II | NHTSA-0230621-006-377 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2841-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-378 Partial Response II | NHTSA-0230621-006-380 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2842-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-381 Partial Response II | NHTSA-0230621-006-383 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2844-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-384 Partial Response II | NHTSA-0230621-006-386 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2845-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-387 Partial Response II | NHTSA-0230621-006-389 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2846-1. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-390 Partial Response II | NHTSA-0230621-006-392 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2858-1. From Ryan Stanko to Ann Carlson. Date May 3, 2022. | NHTSA-0230621-006-393 Partial Response II | NHTSA-0230621-006-395 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2868-1. From Alex Green to Ann Carlson. Date May 4, 2022. | NHTSA-0230621-006-396 Partial Response II | NHTSA-0230621-006-398 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2869-1. From Alex Green to Ann Carlson. Date May 4, 2022. | NHTSA-0230621-006-399 Partial Response II | NHTSA-0230621-006-401 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2873-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-402 Partial Response II | NHTSA-0230621-006-404 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2874-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-405 Partial Response II | NHTSA-0230621-006-407 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2877-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-408 Partial Response II | NHTSA-0230621-006-410 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2878-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-411 Partial Response II | NHTSA-0230621-006-413 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2879-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-414 Partial Response II | NHTSA-0230621-006-416 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2880-1. From Ryan Stanko to Ann Carlson. Date May 5, 2022. | NHTSA-0230621-006-417 Partial Response II | NHTSA-0230621-006-419 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2882-1. From Alex Green to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-420 Partial Response II | NHTSA-0230621-006-422 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2883-1. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-423 Partial Response II | NHTSA-0230621-006-425 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-2905-1. From Ryan Stanko to Ann Carlson. Date May 9, 2022. | NHTSA-0230621-006-426 Partial Response II | NHTSA-0230621-006-428 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3129-1. From Alex Green to Ann Carlson. Date June 9, 2022. | NHTSA-0230621-006-429 Partial Response II | NHTSA-0230621-006-431 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3130-1. From Alex Green to Ann Carlson. Date June 9, 2022. | NHTSA-0230621-006-432 Partial Response II | NHTSA-0230621-006-434 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3217-1. From Alex Green to Ann Carlson. Date June 15, 2022. | NHTSA-0230621-006-435 Partial Response II | NHTSA-0230621-006-437 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3223-1. From Alex Green to Ann Carlson. Date June 16, 2022. | NHTSA-0230621-006-438 Partial Response II | NHTSA-0230621-006-440 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3248-1. From Alex Green to Ann Carlson. Date June 20, 2022. | NHTSA-0230621-006-441 Partial Response II | NHTSA-0230621-006-443 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3249-1. From Alex Green to Ann Carlson. Date June 20, 2022. | NHTSA-0230621-006-444 Partial Response II | NHTSA-0230621-006-446 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3250-1. From Alex Green to Ann Carlson. Date June 20, 2022. | NHTSA-0230621-006-447 Partial Response II | NHTSA-0230621-006-449 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3686-1. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-450 Partial Response II | NHTSA-0230621-006-452 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3687-1. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-453 Partial Response II | NHTSA-0230621-006-455 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3952-1. From Alex Green to Ann Carlson. Date October 5, 2022. | NHTSA-0230621-006-456 Partial Response II | NHTSA-0230621-006-458 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-3953-1. From Alex Green to Ann Carlson. Date October 6, 2022. | NHTSA-0230621-006-459 Partial Response II | NHTSA-0230621-006-461 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-4181-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-462 Partial Response II | NHTSA-0230621-006-464 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-4182-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-465 Partial Response II | NHTSA-0230621-006-467 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-4183-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-468 Partial Response II | NHTSA-0230621-006-470 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-4184-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-471 Partial Response II | NHTSA-0230621-006-473 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4185-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-474 Partial Response II | NHTSA-0230621-006-476 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4186-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-477 Partial Response II | NHTSA-0230621-006-479 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4187-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-480 Partial Response II | NHTSA-0230621-006-482 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4188-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-483 Partial Response II | NHTSA-0230621-006-485 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4189-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-486 Partial Response II | NHTSA-0230621-006-488 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4190-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-489 Partial Response II | NHTSA-0230621-006-491 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4191-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-492 Partial Response II | NHTSA-0230621-006-494 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4192-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-495 Partial Response II | NHTSA-0230621-006-497 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4193-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-498 Partial Response II | NHTSA-0230621-006-500 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4194-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-501 Partial Response II | NHTSA-0230621-006-503 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4195-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-504 Partial Response II | NHTSA-0230621-006-506 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4196-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-507 Partial Response II | NHTSA-0230621-006-509 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4197-1. From Alex Green to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-510 Partial Response II | NHTSA-0230621-006-512 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4266-1. From Alex Green to Ann Carlson. Date November 15, 2022. | NHTSA-0230621-006-513 Partial Response II | NHTSA-0230621-006-515 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4284-1. From Alex Green to Ann Carlson. Date November 17, 2022. | NHTSA-0230621-006-516 Partial Response II | NHTSA-0230621-006-518 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4288-1. From Alex Green to Ann Carlson. Date November 18, 2022. | NHTSA-0230621-006-519 Partial Response II | NHTSA-0230621-006-521 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4289-1. From Alex Green to Ann Carlson. Date November 18, 2022. | NHTSA-0230621-006-522 Partial Response II | NHTSA-0230621-006-524 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4290-1. From Alex Green to Ann Carlson. Date November 18, 2022. | NHTSA-0230621-006-525 Partial Response II | NHTSA-0230621-006-527 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4293-1. From Alex Green to Ann Carlson. Date November 19, 2022. | NHTSA-0230621-006-528 Partial Response II | NHTSA-0230621-006-530 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4338-1. From Alex Green to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-531 Partial Response II | NHTSA-0230621-006-533 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4340-1. From Alex Green to Ann Carlson. Date December 1, 2022. | NHTSA-0230621-006-534 Partial Response II | NHTSA-0230621-006-536 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4341-1. From Alex Green to Ann Carlson. Date December 1, 2022. | NHTSA-0230621-006-537 Partial Response II | NHTSA-0230621-006-539 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4380-1. From Alex Green to Ann Carlson. Date December 8, 2022. | NHTSA-0230621-006-540 Partial Response II | NHTSA-0230621-006-542 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4381-1. From Alex Green to Ann Carlson. Date December 8, 2022. | NHTSA-0230621-006-543 Partial Response II | NHTSA-0230621-006-545 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4420-1. From Alex Green to Ann Carlson. Date December 13, 2022. | NHTSA-0230621-006-546 Partial Response II | NHTSA-0230621-006-548 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4421-1. From Alex Green to Ann Carlson. Date December 13, 2022. | NHTSA-0230621-006-549 Partial Response II | NHTSA-0230621-006-551 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4423-1. From Alex Green to Ann Carlson. Date December 13, 2022. | NHTSA-0230621-006-552 Partial Response II | NHTSA-0230621-006-554 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4424-1. From Alex Green to Ann Carlson. Date December 13, 2022. | NHTSA-0230621-006-555 Partial Response II | NHTSA-0230621-006-557 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4479-1. From Alex Green to Ann Carlson. Date December 15, 2022. | NHTSA-0230621-006-558 Partial Response II | NHTSA-0230621-006-560 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4538-1. From Alex Green to Ann Carlson. Date December 22, 2022. | NHTSA-0230621-006-561 Partial Response II | NHTSA-0230621-006-563 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4539-1. From Alex Green to Ann Carlson. Date December 22, 2022. | NHTSA-0230621-006-564 Partial Response II | NHTSA-0230621-006-566 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4592-1. From Alex Green to Ann Carlson. Date January 5, 2023. | NHTSA-0230621-006-567 Partial Response II | NHTSA-0230621-006-569 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4637-1. From Alex Green to Ann Carlson. Date January 12, 2023. | NHTSA-0230621-006-570 Partial Response II | NHTSA-0230621-006-572 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4638-1. From Alex Green to Ann Carlson. Date January 12, 2023. | NHTSA-0230621-006-573 Partial Response II | NHTSA-0230621-006-575 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4639-1. From Alex Green to Ann Carlson. Date January 12, 2023. | NHTSA-0230621-006-576 Partial Response II | NHTSA-0230621-006-578 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4709-1. From Alex Green to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-579 Partial Response II | NHTSA-0230621-006-581 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4747-1. From Alex Green to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-582 Partial Response II | NHTSA-0230621-006-584 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4776-1. From Alex Green to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-585 Partial Response II | NHTSA-0230621-006-587 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4777-1. From Alex Green to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-588 Partial Response II | NHTSA-0230621-006-590 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4786-1. From Alex Green to Ann Carlson. Date January 31, 2023. | NHTSA-0230621-006-591 Partial Response II | NHTSA-0230621-006-593 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4787-1. From Alex Green to Ann Carlson. Date January 31, 2023. | NHTSA-0230621-006-594 Partial Response II | NHTSA-0230621-006-596 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4788-1. From Alex Green to Ann Carlson. Date January 31, 2023. | NHTSA-0230621-006-597 Partial Response II | NHTSA-0230621-006-599 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4789-1. From Alex Green to Ann Carlson. Date January 31, 2023. | NHTSA-0230621-006-600 Partial Response II | NHTSA-0230621-006-602 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4822-1. From Alex Green to Ann Carlson. Date February 9, 2023. | NHTSA-0230621-006-603 Partial Response II | NHTSA-0230621-006-605 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4823-1. From Alex Green to Ann Carlson. Date February 9, 2023. | NHTSA-0230621-006-606 Partial Response II | NHTSA-0230621-006-608 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4824-1. From Alex Green to Ann Carlson. Date February 9, 2023. | NHTSA-0230621-006-609 Partial Response II | NHTSA-0230621-006-611 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4825-1. From Alex Green to Ann Carlson. Date February 9, 2023. | NHTSA-0230621-006-612 Partial Response II | NHTSA-0230621-006-614 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4916-1. From Alex Green to Ann Carlson. Date February 23, 2023. | NHTSA-0230621-006-615 Partial Response II | NHTSA-0230621-006-617 Partial Response II | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kappenmith to Alex Green and Ryan Stanko, cc/ing Eric Williams. Date February 1, 2024. | NHTSA-0230621-006-001 Partial Response III | NHTSA-0230621-006-007 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5442-1. From Alex Green to Ann Carlson. Date May 5, 2023. | NHTSA-0230621-006-0008 Partial Response III | NHTSA-0230621-006-0010 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5443-1. From Alex Green to Ann Carlson. Date May 5, 2023. | NHTSA-0230621-006-0011 Partial Response III | NHTSA-0230621-006-0013 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5444-1. From Alex Green to Ann Carlson. Date May 5, 2023. | NHTSA-0230621-006-0014 Partial Response III | NHTSA-0230621-006-0016 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5450-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0017 Partial Response III | NHTSA-0230621-006-0019 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5451-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0020 Partial Response III | NHTSA-0230621-006-0022 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5452-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0023 Partial Response III | NHTSA-0230621-006-0025 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5453-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0026 Partial Response III | NHTSA-0230621-006-0028 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5454-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0029 Partial Response III | NHTSA-0230621-006-0031 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5455-1. From Alex Green to Ann Carlson. Date May 8, 2023. | NHTSA-0230621-006-0032 Partial Response III | NHTSA-0230621-006-0034 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5466-1. From Ryan Stanko to Ann Carlson. Date May 10, 2023. | NHTSA-0230621-006-0035 Partial Response III | NHTSA-0230621-006-0037 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5468-1. From Ryan Stanko to Ann Carlson. Date May 10, 2023. | NHTSA-0230621-006-0038 Partial Response III | NHTSA-0230621-006-0040 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5477-1. From Alex Green to Ann Carlson. Date May 11, 2023. | NHTSA-0230621-006-0041 Partial Response III | NHTSA-0230621-006-0043 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5478-1. From Alex Green to Ann Carlson. Date May 11, 2023. | NHTSA-0230621-006-0044 Partial Response III | NHTSA-0230621-006-0046 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5583-1. From Ryan Stanko to Ann Carlson. Date May 12, 2023. | NHTSA-0230621-006-0047 Partial Response III | NHTSA-0230621-006-0049 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5609-1. From Ryan Stanko to Ann Carlson. Date May 18, 2023. | NHTSA-0230621-006-0050 Partial Response III | NHTSA-0230621-006-0052 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5664-1. From Ryan Stanko to Ann Carlson. Date June 6, 2023. | NHTSA-0230621-006-0053 Partial Response III | NHTSA-0230621-006-0055 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2917-1. From Ryan Stanko to Ann Carlson. Date May 9, 2022. | NHTSA-0230621-006-0056 Partial Response III | NHTSA-0230621-006-0058 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2924-1. From Ryan Stanko to Ann Carlson. Date May 10, 2022. | NHTSA-0230621-006-0059 Partial Response III | NHTSA-0230621-006-0061 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2989-1. From Ryan Stanko to Ann Carlson. Date May 16, 2022. | NHTSA-0230621-006-0062 Partial Response III | NHTSA-0230621-006-0064 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2990-1. From Ryan Stanko to Ann Carlson. Date May 16, 2022. | NHTSA-0230621-006-0065 Partial Response III | NHTSA-0230621-006-0067 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2991-1. From Ryan Stanko to Ann Carlson. Date May 16, 2022. | NHTSA-0230621-006-0068 Partial Response III | NHTSA-0230621-006-0070 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3019-1. From Ryan Stanko to Ann Carlson. Date May 17, 2022. | NHTSA-0230621-006-0071 Partial Response III | NHTSA-0230621-006-0073 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3020-1. From Ryan Stanko to Ann Carlson. Date May 17, 2022. | NHTSA-0230621-006-0074 Partial Response III | NHTSA-0230621-006-0076 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3021-1. From Ryan Stanko to Ann Carlson. Date May 17, 2022. | NHTSA-0230621-006-0077 Partial Response III | NHTSA-0230621-006-0079 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3026-1. From Ryan Stanko to Ann Carlson. Date May 20, 2022. | NHTSA-0230621-006-0080 Partial Response III | NHTSA-0230621-006-0082 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3027-1. From Ryan Stanko to Ann Carlson. Date May 20, 2022. | NHTSA-0230621-006-0083 Partial Response III | NHTSA-0230621-006-0085 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3035-1. From Ryan Stanko to Ann Carlson. Date May 23, 2022. | NHTSA-0230621-006-0086 Partial Response III | NHTSA-0230621-006-0088 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3036-1. From Ryan Stanko to Ann Carlson. Date May 23, 2022. | NHTSA-0230621-006-0089 Partial Response III | NHTSA-0230621-006-0091 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3037-1. From Ryan Stanko to Ann Carlson. Date May 23, 2022. | NHTSA-0230621-006-0092 Partial Response III | NHTSA-0230621-006-0094 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3039-1. From Ryan Stanko to Ann Carlson. Date May 25, 2022. | NHTSA-0230621-006-0095 Partial Response III | NHTSA-0230621-006-0097 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3040-1. From Ryan Stanko to Ann Carlson. Date May 25, 2022. | NHTSA-0230621-006-0098 Partial Response III | NHTSA-0230621-006-0100 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3041-1. From Ryan Stanko to Ann Carlson. Date May 25, 2022. | NHTSA-0230621-006-0101 Partial Response III | NHTSA-0230621-006-0103 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3042-1. From Ryan Stanko to Ann Carlson. Date May 25, 2022. | NHTSA-0230621-006-0104 Partial Response III | NHTSA-0230621-006-0106 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3058-1. From Ryan Stanko to Ann Carlson. Date May 31, 2022. | NHTSA-0230621-006-0107 Partial Response III | NHTSA-0230621-006-0109 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3059-1. From Ryan Stanko to Ann Carlson. Date May 31, 2022. | NHTSA-0230621-006-0110 Partial Response III | NHTSA-0230621-006-0112 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3060-1. From Ryan Stanko to Ann Carlson. Date May 31, 2022. | NHTSA-0230621-006-0113 Partial Response III | NHTSA-0230621-006-0115 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3061-1. From Ryan Stanko to Ann Carlson. Date May 31, 2022. | NHTSA-0230621-006-0116 Partial Response III | NHTSA-0230621-006-0118 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3062-1. From Ryan Stanko to Ann Carlson. Date May 31, 2022. | NHTSA-0230621-006-0119 Partial Response III | NHTSA-0230621-006-0121 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3069-1. From Ryan Stanko to Ann Carlson. Date June 1, 2022. | NHTSA-0230621-006-0122 Partial Response III | NHTSA-0230621-006-0124 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3070-1. From Ryan Stanko to Ann Carlson. Date June 1, 2022. | NHTSA-0230621-006-0125 Partial Response III | NHTSA-0230621-006-0127 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3071-1. From Ryan Stanko to Ann Carlson. Date June 1, 2022. | NHTSA-0230621-006-0128 Partial Response III | NHTSA-0230621-006-0130 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3074-1. From Ryan Stanko to Ann Carlson. Date June 2, 2022. | NHTSA-0230621-006-0131 Partial Response III | NHTSA-0230621-006-0133 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3075-1. From Ryan Stanko to Ann Carlson. Date June 2, 2022. | NHTSA-0230621-006-0134 Partial Response III | NHTSA-0230621-006-0136 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3077-1. From Ryan Stanko to Ann Carlson. Date June 3, 2022. | NHTSA-0230621-006-0137 Partial Response III | NHTSA-0230621-006-0139 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3078-1. From Ryan Stanko to Ann Carlson. Date June 3, 2022. | NHTSA-0230621-006-0140 Partial Response III | NHTSA-0230621-006-0142 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3079-1. From Ryan Stanko to Ann Carlson. Date June 3, 2022. | NHTSA-0230621-006-0143 Partial Response III | NHTSA-0230621-006-0145 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3104-1. From Ryan Stanko to Ann Carlson. Date June 6, 2022. | NHTSA-0230621-006-0146 Partial Response III | NHTSA-0230621-006-0148 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3144-1. From Ryan Stanko to Ann Carlson. Date June 11, 2022. | NHTSA-0230621-006-0149 Partial Response III | NHTSA-0230621-006-0151 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3145-1. From Ryan Stanko to Ann Carlson. Date June 11, 2022. | NHTSA-0230621-006-0152 Partial Response III | NHTSA-0230621-006-0154 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3153-1. From Ryan Stanko to Ann Carlson. Date June 15, 2022. | NHTSA-0230621-006-0155 Partial Response III | NHTSA-0230621-006-0157 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3154-1. From Ryan Stanko to Ann Carlson. Date June 15, 2022. | NHTSA-0230621-006-0158 Partial Response III | NHTSA-0230621-006-0160 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3155-1. From Ryan Stanko to Ann Carlson. Date June 15, 2022. | NHTSA-0230621-006-0161 Partial Response III | NHTSA-0230621-006-0163 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3171-1. From Ryan Stanko to Ann Carlson. Date June 14, 2022. | NHTSA-0230621-006-0164 Partial Response III | NHTSA-0230621-006-0166 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3221-1. From Ryan Stanko to Ann Carlson. Date June 17, 2022. | NHTSA-0230621-006-0167 Partial Response III | NHTSA-0230621-006-0169 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3223-1. From Ryan Stanko to Ann Carlson. Date June 17, 2022. | NHTSA-0230621-006-0170 Partial Response III | NHTSA-0230621-006-0172 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3253-1. From Ryan Stanko to Ann Carlson. Date June 22, 2022. | NHTSA-0230621-006-0173 Partial Response III | NHTSA-0230621-006-0175 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3257-1. From Ryan Stanko to Ann Carlson. Date June 23, 2022. | NHTSA-0230621-006-0176 Partial Response III | NHTSA-0230621-006-0178 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3256-1. From Ryan Stanko to Ann Carlson. Date June 23, 2022. | NHTSA-0230621-006-0179 Partial Response III | NHTSA-0230621-006-0181 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3262-1. From Ryan Stanko to Ann Carlson. Date June 24, 2022. | NHTSA-0230621-006-0182 Partial Response III | NHTSA-0230621-006-0184 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3270-1. From Ryan Stanko to Ann Carlson. Date June 27, 2022. | NHTSA-0230621-006-0185 Partial Response III | NHTSA-0230621-006-0187 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3271-1. From Ryan Stanko to Ann Carlson. Date June 27, 2022. | NHTSA-0230621-006-0188 Partial Response III | NHTSA-0230621-006-0190 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3272-1. From Ryan Stanko to Ann Carlson. Date June 27, 2022. | NHTSA-0230621-006-0191 Partial Response III | NHTSA-0230621-006-0193 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3273-1. From Ryan Stanko to Ann Carlson. Date June 27, 2022. | NHTSA-0230621-006-0194 Partial Response III | NHTSA-0230621-006-0196 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3274-1. From Ryan Stanko to Ann Carlson. Date June 27, 2022. | NHTSA-0230621-006-0197 Partial Response III | NHTSA-0230621-006-0199 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3275-1. From Ryan Stanko to Ann Carlson. Date June 28, 2022. | NHTSA-0230621-006-0200 Partial Response III | NHTSA-0230621-006-0202 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3276-1. From Ryan Stanko to Ann Carlson. Date June 28, 2022. | NHTSA-0230621-006-0203 Partial Response III | NHTSA-0230621-006-0205 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3279-1. From Ryan Stanko to Ann Carlson. Date June 30, 2022. | NHTSA-0230621-006-0206 Partial Response III | NHTSA-0230621-006-0209 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3285-1. From Ryan Stanko to Ann Carlson. Date July 1, 2022. | NHTSA-0230621-006-0209 Partial Response III | NHTSA-0230621-006-0211 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3288-1. From Ryan Stanko to Ann Carlson. Date July 1, 2022. | NHTSA-0230621-006-0212 Partial Response III | NHTSA-0230621-006-0214 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3295-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0215 Partial Response III | NHTSA-0230621-006-0217 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3298-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0218 Partial Response III | NHTSA-0230621-006-0220 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3299-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0221 Partial Response III | NHTSA-0230621-006-0223 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3300-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0224 Partial Response III | NHTSA-0230621-006-0226 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3301-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0227 Partial Response III | NHTSA-0230621-006-0229 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3302-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0230 Partial Response III | NHTSA-0230621-006-0232 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3303-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0233 Partial Response III | NHTSA-0230621-006-0235 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3304-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0236 Partial Response III | NHTSA-0230621-006-0238 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3305-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0239 Partial Response III | NHTSA-0230621-006-0241 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3306-1. From Ryan Stanko to Ann Carlson. Date July 5, 2022. | NHTSA-0230621-006-0242 Partial Response III | NHTSA-0230621-006-0244 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3317-1. From Ryan Stanko to Ann Carlson. Date July 6, 2022. | NHTSA-0230621-006-0245 Partial Response III | NHTSA-0230621-006-0247 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3318-1. From Ryan Stanko to Ann Carlson. Date July 6, 2022. | NHTSA-0230621-006-0248 Partial Response III | NHTSA-0230621-006-0250 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3325-1. From Ryan Stanko to Ann Carlson. Date July 7, 2022. | NHTSA-0230621-006-0251 Partial Response III | NHTSA-0230621-006-0253 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3327-1. From Ryan Stanko to Ann Carlson. Date July 7, 2022. | NHTSA-0230621-006-0254 Partial Response III | NHTSA-0230621-006-0256 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3331-1. From Ryan Stanko to Ann Carlson. Date July 8, 2022. | NHTSA-0230621-006-0257 Partial Response III | NHTSA-0230621-006-0259 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3332-1. From Ryan Stanko to Ann Carlson. Date July 8, 2022. | NHTSA-0230621-006-0260 Partial Response III | NHTSA-0230621-006-0262 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3333-1. From Ryan Stanko to Ann Carlson. Date July 8, 2022. | NHTSA-0230621-006-0263 Partial Response III | NHTSA-0230621-006-0265 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3334-1. From Ryan Stanko to Ann Carlson. Date July 8, 2022. | NHTSA-0230621-006-0266 Partial Response III | NHTSA-0230621-006-0268 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3358-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0269 Partial Response III | NHTSA-0230621-006-0271 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3359-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0272 Partial Response III | NHTSA-0230621-006-0274 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3360-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0275 Partial Response III | NHTSA-0230621-006-0277 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3361-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0278 Partial Response III | NHTSA-0230621-006-0280 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3362-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0281 Partial Response III | NHTSA-0230621-006-0283 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3363-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0284 Partial Response III | NHTSA-0230621-006-0286 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3365-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0287 Partial Response III | NHTSA-0230621-006-0289 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3366-1. From Ryan Stanko to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-0290 Partial Response III | NHTSA-0230621-006-0292 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3390-1. From Ryan Stanko to Ann Carlson. Date July 14, 2022. | NHTSA-0230621-006-0293 Partial Response III | NHTSA-0230621-006-0295 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3424-1. From Ryan Stanko to Ann Carlson. Date July 15, 2022. | NHTSA-0230621-006-0296 Partial Response III | NHTSA-0230621-006-0298 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3425-1. From Ryan Stanko to Ann Carlson. Date July 15, 2022. | NHTSA-0230621-006-0299 Partial Response III | NHTSA-0230621-006-0301 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3449-1. From Ryan Stanko to Ann Carlson. Date July 17, 2022. | NHTSA-0230621-006-0302 Partial Response III | NHTSA-0230621-006-0304 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3457-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0305 Partial Response III | NHTSA-0230621-006-0307 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3458-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0308 Partial Response III | NHTSA-0230621-006-0310 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3459-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0311 Partial Response III | NHTSA-0230621-006-0313 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3460-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0314 Partial Response III | NHTSA-0230621-006-0316 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3461-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0317 Partial Response III | NHTSA-0230621-006-0319 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3462-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0320 Partial Response III | NHTSA-0230621-006-0322 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3463-1. From Ryan Stanko to Ann Carlson. Date July 18, 2022. | NHTSA-0230621-006-0323 Partial Response III | NHTSA-0230621-006-0325 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3467-1. From Ryan Stanko to Ann Carlson. Date July 19, 2022. | NHTSA-0230621-006-0326 Partial Response III | NHTSA-0230621-006-0328 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3468-1. From Ryan Stanko to Ann Carlson. Date July 19, 2022. | NHTSA-0230621-006-0329 Partial Response III | NHTSA-0230621-006-0331 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3469-1. From Ryan Stanko to Ann Carlson. Date July 19, 2022. | NHTSA-0230621-006-0332 Partial Response III | NHTSA-0230621-006-0334 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3480-1. From Ryan Stanko to Ann Carlson. Date July 21, 2022. | NHTSA-0230621-006-0335 Partial Response III | NHTSA-0230621-006-0337 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3485-1. From Ryan Stanko to Ann Carlson. Date July 22, 2022. | NHTSA-0230621-006-0338 Partial Response III | NHTSA-0230621-006-0340 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3486-1. From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-0341 Partial Response III | NHTSA-0230621-006-0343 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3487-1. From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-0344 Partial Response III | NHTSA-0230621-006-0346 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3489-1. From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-0347 Partial Response III | NHTSA-0230621-006-0349 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3490-1. From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-0350 Partial Response III | NHTSA-0230621-006-0352 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3506-1. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-0353 Partial Response III | NHTSA-0230621-006-0355 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3509-1. From Ryan Stanko to Ann Carlson. Date July 27, 2022. | NHTSA-0230621-006-0356 Partial Response III | NHTSA-0230621-006-0358 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3510-1. From Ryan Stanko to Ann Carlson. Date July 27, 2022. | NHTSA-0230621-006-0359 Partial Response III | NHTSA-0230621-006-0361 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3511-1. From Ryan Stanko to Ann Carlson. Date July 27, 2022. | NHTSA-0230621-006-0362 Partial Response III | NHTSA-0230621-006-0364 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3512-1. From Ryan Stanko to Ann Carlson. Date July 29, 2022. | NHTSA-0230621-006-0365 Partial Response III | NHTSA-0230621-006-0367 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3513-1. From Ryan Stanko to Ann Carlson. Date July 29, 2022. | NHTSA-0230621-006-0368 Partial Response III | NHTSA-0230621-006-0370 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3517-1. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-0371 Partial Response III | NHTSA-0230621-006-0373 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3518-1. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-0374 Partial Response III | NHTSA-0230621-006-0376 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3529-1. From Ryan Stanko to Ann Carlson. Date August 2, 2022. | NHTSA-0230621-006-0377 Partial Response III | NHTSA-0230621-006-0379 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3543-1. From Ryan Stanko to Ann Carlson. Date August 5, 2022. | NHTSA-0230621-006-0380 Partial Response III | NHTSA-0230621-006-0382 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3544-1. From Ryan Stanko to Ann Carlson. Date August 5, 2022. | NHTSA-0230621-006-0383 Partial Response III | NHTSA-0230621-006-0385 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3552-1. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-0386 Partial Response III | NHTSA-0230621-006-0388 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3553-1. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-0389 Partial Response III | NHTSA-0230621-006-0391 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3554-1. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-0392 Partial Response III | NHTSA-0230621-006-0394 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3555-1. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-0395 Partial Response III | NHTSA-0230621-006-0397 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3565-1. From Ryan Stanko to Ann Carlson. Date August 10, 2022. | NHTSA-0230621-006-0398 Partial Response III | NHTSA-0230621-006-0400 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3620-1. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-0401 Partial Response III | NHTSA-0230621-006-0403 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3621-1. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-0404 Partial Response III | NHTSA-0230621-006-0406 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity–is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3622-1. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-0407 Partial Response III | NHTSA-0230621-006-0409 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3673-1. From Ryan Stanko to Ann Carlson. Date August 16, 2022. | NHTSA-0230621-006-0410 Partial Response III | NHTSA-0230621-006-0412 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3674-1. From Ryan Stanko to Ann Carlson. Date August 16, 2022. | NHTSA-0230621-006-0413 Partial Response III | NHTSA-0230621-006-0415 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3675-1. From Ryan Stanko to Ann Carlson. Date August 16, 2022. | NHTSA-0230621-006-0416 Partial Response III | NHTSA-0230621-006-0418 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3677-1. From Ryan Stanko to Ann Carlson. Date August 17, 2022. | NHTSA-0230621-006-0419 Partial Response III | NHTSA-0230621-006-0421 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3680-1. From Ryan Stanko to Ann Carlson. Date August 18, 2022. | NHTSA-0230621-006-0422 Partial Response III | NHTSA-0230621-006-0424 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3700-1. From Ryan Stanko to Ann Carlson. Date August 23, 2022. | NHTSA-0230621-006-0425 Partial Response III | NHTSA-0230621-006-0427 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3701-1. From Ryan Stanko to Ann Carlson. Date August 23, 2022. | NHTSA-0230621-006-0428 Partial Response III | NHTSA-0230621-006-0430 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3702-1. From Ryan Stanko to Ann Carlson. Date August 23, 2022. | NHTSA-0230621-006-0431 Partial Response III | NHTSA-0230621-006-0433 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3707-1. From Ryan Stanko to Ann Carlson. Date August 25, 2022. | NHTSA-0230621-006-0434 Partial Response III | NHTSA-0230621-006-0436 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3708-1. From Ryan Stanko to Ann Carlson. Date August 25, 2022. | NHTSA-0230621-006-0437 Partial Response III | NHTSA-0230621-006-0439 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3709-1. From Ryan Stanko to Ann Carlson. Date August 25, 2022. | NHTSA-0230621-006-0440 Partial Response III | NHTSA-0230621-006-0442 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3714-1. From Ryan Stanko to Ann Carlson. Date August 29, 2022. | NHTSA-0230621-006-0443 Partial Response III | NHTSA-0230621-006-0445 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3715-1. From Ryan Stanko to Ann Carlson. Date August 29, 2022. | NHTSA-0230621-006-0446 Partial Response III | NHTSA-0230621-006-0448 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3716-1. From Ryan Stanko to Ann Carlson. Date August 29, 2022. | NHTSA-0230621-006-0449 Partial Response III | NHTSA-0230621-006-0451 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3717-1. From Ryan Stanko to Ann Carlson. Date August 29, 2022. | NHTSA-0230621-006-0452 Partial Response III | NHTSA-0230621-006-0454 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3718-1. From Ryan Stanko to Ann Carlson. Date August 29, 2022. | NHTSA-0230621-006-0455 Partial Response III | NHTSA-0230621-006-0457 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3732-1. From Ryan Stanko to Ann Carlson. Date September 1, 2022. | NHTSA-0230621-006-0458 Partial Response III | NHTSA-0230621-006-0460 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3734-1. From Ryan Stanko to Ann Carlson. Date September 1, 2022. | NHTSA-0230621-006-0461 Partial Response III | NHTSA-0230621-006-0463 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3741-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0464 Partial Response III | NHTSA-0230621-006-0466 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3742-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0467 Partial Response III | NHTSA-0230621-006-0469 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3743-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0470 Partial Response III | NHTSA-0230621-006-0472 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3745-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0473 Partial Response III | NHTSA-0230621-006-0475 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3746-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0476 Partial Response III | NHTSA-0230621-006-0478 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3747-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-0479 Partial Response III | NHTSA-0230621-006-0481 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3765-1. From Ryan Stanko to Ann Carlson. Date September 8, 2022. | NHTSA-0230621-006-0482 Partial Response III | NHTSA-0230621-006-0484 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3771-1. From Ryan Stanko to Ann Carlson. Date September 9, 2022. | NHTSA-0230621-006-0485 Partial Response III | NHTSA-0230621-006-0487 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3789-1. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-0488 Partial Response III | NHTSA-0230621-006-0490 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3790-1. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-0491 Partial Response III | NHTSA-0230621-006-0493 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3791-1. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-0494 Partial Response III | NHTSA-0230621-006-0496 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3792-1. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-0497 Partial Response III | NHTSA-0230621-006-0499 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3793-1. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-0500 Partial Response III | NHTSA-0230621-006-0502 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3847-1. From Ryan Stanko to Ann Carlson. Date September 15, 2022. | NHTSA-0230621-006-0503 Partial Response III | NHTSA-0230621-006-0505 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3895-1. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-0506 Partial Response III | NHTSA-0230621-006-0508 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3896-1. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-0509 Partial Response III | NHTSA-0230621-006-0511 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3899-1. From Ryan Stanko to Ann Carlson. Date September 20, 2022. | NHTSA-0230621-006-0512 Partial Response III | NHTSA-0230621-006-0514 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3900-1. From Ryan Stanko to Ann Carlson. Date September 20, 2022. | NHTSA-0230621-006-0515 Partial Response III | NHTSA-0230621-006-0517 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3905-1. From Ryan Stanko to Ann Carlson. Date September 21, 2022. | NHTSA-0230621-006-0518 Partial Response III | NHTSA-0230621-006-0520 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3910-1. From Ryan Stanko to Ann Carlson. Date September 21, 2022. | NHTSA-0230621-006-0521 Partial Response III | NHTSA-0230621-006-0523 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3921-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0524 Partial Response III | NHTSA-0230621-006-0526 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3922-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0527 Partial Response III | NHTSA-0230621-006-0529 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3923-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0530 Partial Response III | NHTSA-0230621-006-0532 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3924-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0533 Partial Response III | NHTSA-0230621-006-0535 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3925-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0536 Partial Response III | NHTSA-0230621-006-0538 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3926-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0539 Partial Response III | NHTSA-0230621-006-0541 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3927-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0542 Partial Response III | NHTSA-0230621-006-0544 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3928-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0545 Partial Response III | NHTSA-0230621-006-0547 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3929-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0548 Partial Response III | NHTSA-0230621-006-0550 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3930-1. From Ryan Stanko to Ann Carlson. Date September 27, 2022. | NHTSA-0230621-006-0551 Partial Response III | NHTSA-0230621-006-0553 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3934-1. From Ryan Stanko to Ann Carlson. Date September 28, 2022. | NHTSA-0230621-006-0554 Partial Response III | NHTSA-0230621-006-0556 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3935-1. From Ryan Stanko to Ann Carlson. Date September 28, 2022. | NHTSA-0230621-006-0557 Partial Response III | NHTSA-0230621-006-0559 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3936-1. From Ryan Stanko to Ann Carlson. Date September 29, 2022. | NHTSA-0230621-006-0560 Partial Response III | NHTSA-0230621-006-0562 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3939-1. From Ryan Stanko to Ann Carlson. Date October 1, 2022. | NHTSA-0230621-006-0563 Partial Response III | NHTSA-0230621-006-0565 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3945-1. From Ryan Stanko to Ann Carlson. Date October 4, 2022. | NHTSA-0230621-006-0566 Partial Response III | NHTSA-0230621-006-0568 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3946-1. From Ryan Stanko to Ann Carlson. Date October 4, 2022. | NHTSA-0230621-006-0569 Partial Response III | NHTSA-0230621-006-0571 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3947-1. From Ryan Stanko to Ann Carlson. Date October 4, 2022. | NHTSA-0230621-006-0572 Partial Response III | NHTSA-0230621-006-0574 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3948-1. From Ryan Stanko to Ann Carlson. Date October 4, 2022. | NHTSA-0230621-006-0575 Partial Response III | NHTSA-0230621-006-0577 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3949-1. From Ryan Stanko to Ann Carlson. Date October 4, 2022. | NHTSA-0230621-006-0578 Partial Response III | NHTSA-0230621-006-0580 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3967-1. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-0581 Partial Response III | NHTSA-0230621-006-0583 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3976-1. From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-0584 Partial Response III | NHTSA-0230621-006-0586 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3987-1. From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-0587 Partial Response III | NHTSA-0230621-006-0589 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3988-1. From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-0590 Partial Response III | NHTSA-0230621-006-0592 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3992-1. From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-0593 Partial Response III | NHTSA-0230621-006-0595 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3993-1. From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-0596 Partial Response III | NHTSA-0230621-006-0598 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4004-1. From Ryan Stanko to Ann Carlson. Date October 13, 2022. | NHTSA-0230621-006-0599 Partial Response III | NHTSA-0230621-006-0601 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4065-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0602 Partial Response III | NHTSA-0230621-006-0604 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4066-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0605 Partial Response III | NHTSA-0230621-006-0607 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4067-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0608 Partial Response III | NHTSA-0230621-006-0610 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4068-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0611 Partial Response III | NHTSA-0230621-006-0613 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4069-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0614 Partial Response III | NHTSA-0230621-006-0616 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4070-1. From Ryan Stanko to Ann Carlson. Date October 17, 2022. | NHTSA-0230621-006-0617 Partial Response III | NHTSA-0230621-006-0619 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4076-1. From Ryan Stanko to Ann Carlson. Date October 18, 2022. | NHTSA-0230621-006-0620 Partial Response III | NHTSA-0230621-006-0622 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4084-1. From Ryan Stanko to Ann Carlson. Date October 19, 2022. | NHTSA-0230621-006-0623 Partial Response III | NHTSA-0230621-006-0625 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4085-1. From Ryan Stanko to Ann Carlson. Date October 19, 2022. | NHTSA-0230621-006-0626 Partial Response III | NHTSA-0230621-006-0628 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4086-1. From Ryan Stanko to Ann Carlson. Date October 19, 2022. | NHTSA-0230621-006-0629 Partial Response III | NHTSA-0230621-006-0631 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4096-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0632 Partial Response III | NHTSA-0230621-006-0634 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4097-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0635 Partial Response III | NHTSA-0230621-006-0637 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4098-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0638 Partial Response III | NHTSA-0230621-006-0640 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 21 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4099-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0641 Partial Response III | NHTSA-0230621-006-0643 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4100-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0644 Partial Response III | NHTSA-0230621-006-0646 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4101-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0647 Partial Response III | NHTSA-0230621-006-0649 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4102-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0650 Partial Response III | NHTSA-0230621-006-0652 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4103-1. From Ryan Stanko to Ann Carlson. Date October 24, 2022. | NHTSA-0230621-006-0653 Partial Response III | NHTSA-0230621-006-0655 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4105-1. From Ryan Stanko to Ann Carlson. Date October 25, 2022. | NHTSA-0230621-006-0656 Partial Response III | NHTSA-0230621-006-0658 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4106-1. From Ryan Stanko to Ann Carlson. Date October 25, 2022. | NHTSA-0230621-006-0659 Partial Response III | NHTSA-0230621-006-0661 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4107-1. From Ryan Stanko to Ann Carlson. Date October 25, 2022. | NHTSA-0230621-006-0662 Partial Response III | NHTSA-0230621-006-0664 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4118-1. From Ryan Stanko to Ann Carlson. Date October 26, 2022. | NHTSA-0230621-006-0665 Partial Response III | NHTSA-0230621-006-0667 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4120-1. From Ryan Stanko to Ann Carlson. Date October 27, 2022. | NHTSA-0230621-006-0668 Partial Response III | NHTSA-0230621-006-0670 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4121-1. From Ryan Stanko to Ann Carlson. Date October 27, 2022. | NHTSA-0230621-006-0671 Partial Response III | NHTSA-0230621-006-0673 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4122-1. From Ryan Stanko to Ann Carlson. Date October 27, 2022. | NHTSA-0230621-006-0674 Partial Response III | NHTSA-0230621-006-0676 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4124-1. From Ryan Stanko to Ann Carlson. Date October 29, 2022. | NHTSA-0230621-006-0677 Partial Response III | NHTSA-0230621-006-0679 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4125-1. From Ryan Stanko to Ann Carlson. Date October 29, 2022. | NHTSA-0230621-006-0680 Partial Response III | NHTSA-0230621-006-0682 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4129-1. From Ryan Stanko to Ann Carlson. Date October 31, 2022. | NHTSA-0230621-006-0683 Partial Response III | NHTSA-0230621-006-0685 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4153-1. From Ryan Stanko to Ann Carlson. Date November 2, 2022. | NHTSA-0230621-006-0686 Partial Response III | NHTSA-0230621-006-0688 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4155-1. From Ryan Stanko to Ann Carlson. Date November 3, 2022. | NHTSA-0230621-006-0689 Partial Response III | NHTSA-0230621-006-0691 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4156-1. From Ryan Stanko to Ann Carlson. Date November 3, 2022. | NHTSA-0230621-006-0692 Partial Response III | NHTSA-0230621-006-0694 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4166-1. From Ryan Stanko to Ann Carlson. Date November 7, 2022. | NHTSA-0230621-006-0695 Partial Response III | NHTSA-0230621-006-0697 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4199-1. From Ryan Stanko to Ann Carlson. Date November 10, 2022. | NHTSA-0230621-006-0698 Partial Response III | NHTSA-0230621-006-0700 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4205-1. From Ryan Stanko to Ann Carlson. Date November 14, 2022. | NHTSA-0230621-006-0701 Partial Response III | NHTSA-0230621-006-0703 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4206-1. From Ryan Stanko to Ann Carlson. Date November 14, 2022. | NHTSA-0230621-006-0704 Partial Response III | NHTSA-0230621-006-0706 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4265-1. From Alex Green to Ann Carlson. Date November 15, 2022. | NHTSA-0230621-006-0707 Partial Response III | NHTSA-0230621-006-0709 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4279-1. From Ryan Stanko to Ann Carlson. Date November 16, 2022. | NHTSA-0230621-006-0710 Partial Response III | NHTSA-0230621-006-0712 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4280-1. From Ryan Stanko to Ann Carlson. Date November 16, 2022. | NHTSA-0230621-006-0713 Partial Response III | NHTSA-0230621-006-0715 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4297-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0716 Partial Response III | NHTSA-0230621-006-0718 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 22 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4299-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0719 Partial Response III | NHTSA-0230621-006-0721 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4299-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0722 Partial Response III | NHTSA-0230621-006-0724 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4300-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0725 Partial Response III | NHTSA-0230621-006-0727 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4301-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0728 Partial Response III | NHTSA-0230621-006-0730 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4302-1. From Ryan Stanko to Ann Carlson. Date November 21, 2022. | NHTSA-0230621-006-0731 Partial Response III | NHTSA-0230621-006-0733 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4304-1. From Ryan Stanko to Ann Carlson. Date November 22, 2022. | NHTSA-0230621-006-0734 Partial Response III | NHTSA-0230621-006-0736 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4305-1. From Ryan Stanko to Ann Carlson. Date November 22, 2022. | NHTSA-0230621-006-0737 Partial Response III | NHTSA-0230621-006-0739 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4327-1. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-0740 Partial Response III | NHTSA-0230621-006-0742 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4328-1. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-0743 Partial Response III | NHTSA-0230621-006-0745 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4333-1. From Ryan Stanko to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-0746 Partial Response III | NHTSA-0230621-006-0748 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4334-1. From Ryan Stanko to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-0749 Partial Response III | NHTSA-0230621-006-0751 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4335-1. From Ryan Stanko to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-0752 Partial Response III | NHTSA-0230621-006-0754 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4336-1. From Ryan Stanko to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-0755 Partial Response III | NHTSA-0230621-006-0757 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4337-1. From Ryan Stanko to Ann Carlson. Date November 29, 2022. | NHTSA-0230621-006-0758 Partial Response III | NHTSA-0230621-006-0760 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4344-1. From Ryan Stanko to Ann Carlson. Date December 2, 2022. | NHTSA-0230621-006-0761 Partial Response III | NHTSA-0230621-006-0763 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4353-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0764 Partial Response III | NHTSA-0230621-006-0766 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4354-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0767 Partial Response III | NHTSA-0230621-006-0769 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4355-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0770 Partial Response III | NHTSA-0230621-006-0772 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4356-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0773 Partial Response III | NHTSA-0230621-006-0775 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4357-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0776 Partial Response III | NHTSA-0230621-006-0778 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4358-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0779 Partial Response III | NHTSA-0230621-006-0781 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4359-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0782 Partial Response III | NHTSA-0230621-006-0784 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4361-1. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-0785 Partial Response III | NHTSA-0230621-006-0787 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4376-1. From Ryan Stanko to Ann Carlson. Date December 9, 2022. | NHTSA-0230621-006-0788 Partial Response III | NHTSA-0230621-006-0790 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4387-1. From Ryan Stanko to Ann Carlson. Date December 9, 2022. | NHTSA-0230621-006-0791 Partial Response III | NHTSA-0230621-006-0793 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4402-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0794 Partial Response III | NHTSA-0230621-006-0796 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4403-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0797 Partial Response III | NHTSA-0230621-006-0799 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4404-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0800 Partial Response III | NHTSA-0230621-006-0802 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4407-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0803 Partial Response III | NHTSA-0230621-006-0805 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4408-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0806 Partial Response III | NHTSA-0230621-006-0808 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4409-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0809 Partial Response III | NHTSA-0230621-006-0811 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4410-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0812 Partial Response III | NHTSA-0230621-006-0814 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4411-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0815 Partial Response III | NHTSA-0230621-006-0817 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4412-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0818 Partial Response III | NHTSA-0230621-006-0820 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4413-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0821 Partial Response III | NHTSA-0230621-006-0823 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4414-1. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-0824 Partial Response III | NHTSA-0230621-006-0826 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4419-1. From Ryan Stanko to Ann Carlson. Date December 13, 2022. | NHTSA-0230621-006-0827 Partial Response III | NHTSA-0230621-006-0829 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4440-1. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-0830 Partial Response III | NHTSA-0230621-006-0832 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4443-1. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-0833 Partial Response III | NHTSA-0230621-006-0835 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4444-1. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-0836 Partial Response III | NHTSA-0230621-006-0838 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4445-1. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-0839 Partial Response III | NHTSA-0230621-006-0841 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4446-1. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-0842 Partial Response III | NHTSA-0230621-006-0844 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4501-1. From Ryan Stanko to Ann Carlson. Date December 16, 2022. | NHTSA-0230621-006-0845 Partial Response III | NHTSA-0230621-006-0847 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4502-1. From Ryan Stanko to Ann Carlson. Date December 16, 2022. | NHTSA-0230621-006-0848 Partial Response III | NHTSA-0230621-006-0850 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4503-1. From Ryan Stanko to Ann Carlson. Date December 16, 2022. | NHTSA-0230621-006-0851 Partial Response III | NHTSA-0230621-006-0853 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4504-1. From Ryan Stanko to Ann Carlson. Date December 16, 2022. | NHTSA-0230621-006-0854 Partial Response III | NHTSA-0230621-006-0856 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4515-1. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-0857 Partial Response III | NHTSA-0230621-006-0859 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4542-1. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-0860 Partial Response III | NHTSA-0230621-006-0862 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4543-1. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-0863 Partial Response III | NHTSA-0230621-006-0865 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4552-1. From Ryan Stanko to Ann Carlson. Date December 26, 2022. | NHTSA-0230621-006-0866 Partial Response III | NHTSA-0230621-006-0868 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4556-1. From Ryan Stanko to Ann Carlson. Date December 28, 2022. | NHTSA-0230621-006-0869 Partial Response III | NHTSA-0230621-006-0871 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4557-1. From Ryan Stanko to Ann Carlson. Date December 28, 2022. | NHTSA-0230621-006-0872 Partial Response III | NHTSA-0230621-006-0874 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4558-1. From Ryan Stanko to Ann Carlson. Date December 28, 2022. | NHTSA-0230621-006-0875 Partial Response III | NHTSA-0230621-006-0877 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4559-1. From Ryan Stanko to Ann Carlson. Date December 28, 2022. | NHTSA-0230621-006-0878 Partial Response III | NHTSA-0230621-006-0880 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4560-1. From Ryan Stanko to Ann Carlson. Date December 28, 2022. | NHTSA-0230621-006-0881 Partial Response III | NHTSA-0230621-006-0883 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4564-1. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-0884 Partial Response III | NHTSA-0230621-006-0886 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4565-1. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-0887 Partial Response III | NHTSA-0230621-006-0889 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4577-1. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-0890 Partial Response III | NHTSA-0230621-006-0892 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4583-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0893 Partial Response III | NHTSA-0230621-006-0895 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4584-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0896 Partial Response III | NHTSA-0230621-006-0898 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4585-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0899 Partial Response III | NHTSA-0230621-006-0901 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4586-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0902 Partial Response III | NHTSA-0230621-006-0904 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4587-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0905 Partial Response III | NHTSA-0230621-006-0907 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4588-1. From Ryan Stanko to Ann Carlson. Date January 3, 2023. | NHTSA-0230621-006-0908 Partial Response III | NHTSA-0230621-006-0910 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4590-1. From Ryan Stanko to Ann Carlson. Date January 4, 2023. | NHTSA-0230621-006-0911 Partial Response III | NHTSA-0230621-006-0913 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4596-1. From Ryan Stanko to Ann Carlson. Date January 6, 2023. | NHTSA-0230621-006-0914 Partial Response III | NHTSA-0230621-006-0916 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4597-1. From Ryan Stanko to Ann Carlson. Date January 6, 2023. | NHTSA-0230621-006-0917 Partial Response III | NHTSA-0230621-006-0919 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4598-1. From Ryan Stanko to Ann Carlson. Date January 6, 2023. | NHTSA-0230621-006-0920 Partial Response III | NHTSA-0230621-006-0922 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4599-1. From Ryan Stanko to Ann Carlson. Date January 6, 2023. | NHTSA-0230621-006-0923 Partial Response III | NHTSA-0230621-006-0925 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4604-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0926 Partial Response III | NHTSA-0230621-006-0928 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4607-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0929 Partial Response III | NHTSA-0230621-006-0931 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4608-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0932 Partial Response III | NHTSA-0230621-006-0934 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4609-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0935 Partial Response III | NHTSA-0230621-006-0937 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4610-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0938 Partial Response III | NHTSA-0230621-006-0940 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4611-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-0941 Partial Response III | NHTSA-0230621-006-0943 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4625-1. From Ryan Stanko to Ann Carlson. Date January 11, 2023. | NHTSA-0230621-006-0944 Partial Response III | NHTSA-0230621-006-0946 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4626-1. From Ryan Stanko to Ann Carlson. Date January 11, 2023. | NHTSA-0230621-006-0947 Partial Response III | NHTSA-0230621-006-0949 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4627-1. From Ryan Stanko to Ann Carlson. Date January 11, 2023. | NHTSA-0230621-006-0950 Partial Response III | NHTSA-0230621-006-0952 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4649-1. From Ryan Stanko to Ann Carlson. Date January 12, 2023. | NHTSA-0230621-006-0953 Partial Response III | NHTSA-0230621-006-0955 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4693-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0956 Partial Response III | NHTSA-0230621-006-0958 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4694-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0959 Partial Response III | NHTSA-0230621-006-0961 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4695-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0962 Partial Response III | NHTSA-0230621-006-0964 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4696-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0965 Partial Response III | NHTSA-0230621-006-0967 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4698-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0968 Partial Response III | NHTSA-0230621-006-0970 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4699-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0971 Partial Response III | NHTSA-0230621-006-0973 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4700-1. From Ryan Stanko to Ann Carlson. Date January 17, 2023. | NHTSA-0230621-006-0974 Partial Response III | NHTSA-0230621-006-0976 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4724-1. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-0977 Partial Response III | NHTSA-0230621-006-0979 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4725-1. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-0980 Partial Response III | NHTSA-0230621-006-0982 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4727-1. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-0983 Partial Response III | NHTSA-0230621-006-0985 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4733-1. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-0986 Partial Response III | NHTSA-0230621-006-0988 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4748-1. From Ryan Stanko to Ann Carlson. Date January 20, 2023. | NHTSA-0230621-006-0989 Partial Response III | NHTSA-0230621-006-0991 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4749-1. From Ryan Stanko to Ann Carlson. Date January 20, 2023. | NHTSA-0230621-006-0992 Partial Response III | NHTSA-0230621-006-0994 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4752-1. From Ryan Stanko to Ann Carlson. Date January 23, 2023. | NHTSA-0230621-006-0995 Partial Response III | NHTSA-0230621-006-0997 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4753-1. From Ryan Stanko to Ann Carlson. Date January 23, 2023. | NHTSA-0230621-006-0998 Partial Response III | NHTSA-0230621-006-1000 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4754-1. From Ryan Stanko to Ann Carlson. Date January 23, 2023. | NHTSA-0230621-006-1001 Partial Response III | NHTSA-0230621-006-1003 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4755-1. From Ryan Stanko to Ann Carlson. Date January 23, 2023. | NHTSA-0230621-006-1004 Partial Response III | NHTSA-0230621-006-1006 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4776-1. From Ryan Stanko to Ann Carlson. Date January 27, 2023. | NHTSA-0230621-006-1007 Partial Response III | NHTSA-0230621-006-1009 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4807-1. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-1010 Partial Response III | NHTSA-0230621-006-1012 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4808-1. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-1013 Partial Response III | NHTSA-0230621-006-1015 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4830-1. From Ryan Stanko to Ann Carlson. Date February 10, 2023. | NHTSA-0230621-006-1016 Partial Response III | NHTSA-0230621-006-1018 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4831-1. From Ryan Stanko to Ann Carlson. Date February 10, 2023. | NHTSA-0230621-006-1019 Partial Response III | NHTSA-0230621-006-1021 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4835-1. From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-1022 Partial Response III | NHTSA-0230621-006-1024 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4908-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1025 Partial Response III | NHTSA-0230621-006-1027 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4909-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1028 Partial Response III | NHTSA-0230621-006-1030 Partial Response III | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4918-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1031 Partial Response III | NHTSA-0230621-006-1033 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4911-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1034 Partial Response III | NHTSA-0230621-006-1036 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4912-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1037 Partial Response III | NHTSA-0230621-006-1039 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4913-1. From Ryan Stanko to Ann Carlson. Date February 21, 2023. | NHTSA-0230621-006-1040 Partial Response III | NHTSA-0230621-006-1042 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4915-1. From Ryan Stanko to Ann Carlson. Date February 22, 2023. | NHTSA-0230621-006-1043 Partial Response III | NHTSA-0230621-006-1045 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4917-1. From Alex Green to Ann Carlson. Date February 23, 2023. | NHTSA-0230621-006-1046 Partial Response III | NHTSA-0230621-006-1048 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4918-1. From Ryan Stanko to Ann Carlson. Date February 24, 2023. | NHTSA-0230621-006-1049 Partial Response III | NHTSA-0230621-006-1051 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4923-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1052 Partial Response III | NHTSA-0230621-006-1054 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4924-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1055 Partial Response III | NHTSA-0230621-006-1057 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4925-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1058 Partial Response III | NHTSA-0230621-006-1060 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4926-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1061 Partial Response III | NHTSA-0230621-006-1063 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4927-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1064 Partial Response III | NHTSA-0230621-006-1066 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4928-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1067 Partial Response III | NHTSA-0230621-006-1069 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4929-1. From Ryan Stanko to Ann Carlson. Date February 27, 2023. | NHTSA-0230621-006-1070 Partial Response III | NHTSA-0230621-006-1072 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4933-1. From Alex Green to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-1073 Partial Response III | NHTSA-0230621-006-1075 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4944-1. From Ryan Stanko to Ann Carlson. Date March 1, 2023. | NHTSA-0230621-006-1076 Partial Response III | NHTSA-0230621-006-1078 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4949-1. From Alex Green to Ann Carlson. Date March 2, 2023. | NHTSA-0230621-006-1079 Partial Response III | NHTSA-0230621-006-1081 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4951-1. From Ryan Stanko to Ann Carlson. Date March 2, 2023. | NHTSA-0230621-006-1082 Partial Response III | NHTSA-0230621-006-1084 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4952-1. From Ryan Stanko to Ann Carlson. Date March 3, 2023. | NHTSA-0230621-006-1085 Partial Response III | NHTSA-0230621-006-1087 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4954-1. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-1088 Partial Response III | NHTSA-0230621-006-1090 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4956-1. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-1091 Partial Response III | NHTSA-0230621-006-1093 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4957-1. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-1094 Partial Response III | NHTSA-0230621-006-1096 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4961-1. From Alex Green to Ann Carlson. Date March 7, 2023. | NHTSA-0230621-006-1097 Partial Response III | NHTSA-0230621-006-1099 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4962-1. From Ryan Stanko to Ann Carlson. Date March 7, 2023. | NHTSA-0230621-006-1100 Partial Response III | NHTSA-0230621-006-1102 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4963-1. From Ryan Stanko to Ann Carlson. Date March 7, 2023. | NHTSA-0230621-006-1103 Partial Response III | NHTSA-0230621-006-1105 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4966-1. From Ryan Stanko to Ann Carlson. Date March 8, 2023. | NHTSA-0230621-006-1106 Partial Response III | NHTSA-0230621-006-1108 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4967-1. From Ryan Stanko to Ann Carlson. Date March 8, 2023. | NHTSA-0230621-006-1109 Partial Response III | NHTSA-0230621-006-1111 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4968-1. From Ryan Stanko to Ann Carlson. Date March 8, 2023. | NHTSA-0230621-006-1112 Partial Response III | NHTSA-0230621-006-1114 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4983-1. From Alex Green to Ann Carlson. Date March 9, 2021. | NHTSA-0230621-006-1115 Partial Response III | NHTSA-0230621-006-1117 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4986-1. From Ryan Stanko to Ann Carlson. Date March 10, 2023. | NHTSA-0230621-006-1118 Partial Response III | NHTSA-0230621-006-1120 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4987-1. From Ryan Stanko to Ann Carlson. Date March 10, 2023. | NHTSA-0230621-006-1121 Partial Response III | NHTSA-0230621-006-1123 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4988-1. From Ryan Stanko to Ann Carlson. Date March 10, 2023. | NHTSA-0230621-006-1124 Partial Response III | NHTSA-0230621-006-1126 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5010-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1127 Partial Response III | NHTSA-0230621-006-1129 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5011-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1130 Partial Response III | NHTSA-0230621-006-1132 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5012-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1133 Partial Response III | NHTSA-0230621-006-1135 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5013-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1136 Partial Response III | NHTSA-0230621-006-1138 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5014-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1139 Partial Response III | NHTSA-0230621-006-1141 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5015-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1142 Partial Response III | NHTSA-0230621-006-1144 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5016-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1145 Partial Response III | NHTSA-0230621-006-1147 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5017-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1148 Partial Response III | NHTSA-0230621-006-1150 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5018-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1151 Partial Response III | NHTSA-0230621-006-1153 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5019-1. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-1154 Partial Response III | NHTSA-0230621-006-1156 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5037-1. From Alex Green to Ann Carlson. Date March 14, 2023. | NHTSA-0230621-006-1157 Partial Response III | NHTSA-0230621-006-1159 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5038-1. From Alex Green to Ann Carlson. Date March 14, 2023. | NHTSA-0230621-006-1160 Partial Response III | NHTSA-0230621-006-1162 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5039-1. From Alex Green to Ann Carlson. Date March 14, 2023. | NHTSA-0230621-006-1163 Partial Response III | NHTSA-0230621-006-1165 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5040-1. From Alex Green to Ann Carlson. Date March 14, 2023. | NHTSA-0230621-006-1166 Partial Response III | NHTSA-0230621-006-1168 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5090-1. From Ryan Stanko to Ann Carlson. Date March 16, 2023. | NHTSA-0230621-006-1169 Partial Response III | NHTSA-0230621-006-1171 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5091-1. From Alex Green to Ann Carlson. Date March 16, 2023. | NHTSA-0230621-006-1172 Partial Response III | NHTSA-0230621-006-1174 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5097-1. From Ryan Green to Ann Carlson. Date March 17, 2023. | NHTSA-0230621-006-1175 Partial Response III | NHTSA-0230621-006-1177 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5100-1. From Ryan Green to Ann Carlson. Date March 17, 2023. | NHTSA-0230621-006-1178 Partial Response III | NHTSA-0230621-006-1180 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5104-1. From Ryan Stanko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-1181 Partial Response III | NHTSA-0230621-006-1183 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5105-1. From Ryan Stanko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-1184 Partial Response III | NHTSA-0230621-006-1186 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5106-1. From Ryan Snauko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-1187 Partial Response III | NHTSA-0230621-006-1189 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5107-1. From Ryan Snauko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-1190 Partial Response III | NHTSA-0230621-006-1192 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5108-1. From Ryan Snauko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-1193 Partial Response III | NHTSA-0230621-006-1195 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5113-1. From Alex Green to Ann Carlson. Date March 21, 2023. | NHTSA-0230621-006-1196 Partial Response III | NHTSA-0230621-006-1198 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5115-1. From Ryan Snauko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-1199 Partial Response III | NHTSA-0230621-006-1201 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5135-1. From Alex Green to Ann Carlson. Date March 23, 2023. | NHTSA-0230621-006-1202 Partial Response III | NHTSA-0230621-006-1204 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5147-1. From Alex Green to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-1205 Partial Response III | NHTSA-0230621-006-1207 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5148-1. From Alex Green to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-1208 Partial Response III | NHTSA-0230621-006-1210 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5149-1. From Alex Green to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-1211 Partial Response III | NHTSA-0230621-006-1213 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5150-1. From Alex Green to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-1214 Partial Response III | NHTSA-0230621-006-1216 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5151-1. From Alex Green to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-1217 Partial Response III | NHTSA-0230621-006-1219 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5162-1. From Ryan Snauko to Ann Carlson. Date March 29, 2023. | NHTSA-0230621-006-1220 Partial Response III | NHTSA-0230621-006-1222 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5163-1. From Alex Green to Ann Carlson. Date March 29, 2023. | NHTSA-0230621-006-1223 Partial Response III | NHTSA-0230621-006-1225 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5165-1. From Alex Green to Ann Carlson. Date March 30, 2023. | NHTSA-0230621-006-1226 Partial Response III | NHTSA-0230621-006-1228 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5166-1. From Ryan Snauko to Ann Carlson. Date March 31, 2023. | NHTSA-0230621-006-1229 Partial Response III | NHTSA-0230621-006-1231 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5167-1. From Ryan Snauko to Ann Carlson. Date March 31, 2023. | NHTSA-0230621-006-1232 Partial Response III | NHTSA-0230621-006-1234 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5168-1. From Ryan Snauko to Ann Carlson. Date March 31, 2023. | NHTSA-0230621-006-1235 Partial Response III | NHTSA-0230621-006-1237 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5169-1. From Ryan Snauko to Ann Carlson. Date March 31, 2023. | NHTSA-0230621-006-1238 Partial Response III | NHTSA-0230621-006-1240 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5177-1. From Ryan Snauko to Ann Carlson. Date April 3, 2023. | NHTSA-0230621-006-1241 Partial Response III | NHTSA-0230621-006-1243 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5194-1. From Alex Green to Ann Carlson. Date April 4, 2023. | NHTSA-0230621-006-1244 Partial Response III | NHTSA-0230621-006-1246 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5195-1. From Alex Green to Ann Carlson. Date April 4, 2023. | NHTSA-0230621-006-1247 Partial Response III | NHTSA-0230621-006-1249 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5199-1. From Ryan Snauko to Ann Carlson. Date April 5, 2023. | NHTSA-0230621-006-1250 Partial Response III | NHTSA-0230621-006-1252 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5228-1. From Alex Green to Ann Carlson. Date April 11, 2023. | NHTSA-0230621-006-1253 Partial Response III | NHTSA-0230621-006-1255 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5244-1. From Alex Green to Ann Carlson. Date April 12, 2023. | NHTSA-0230621-006-1256 Partial Response III | NHTSA-0230621-006-1258 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5245-1. From Alex Green to Ann Carlson. Date April 12, 2023. | NHTSA-0230621-006-1259 Partial Response III | NHTSA-0230621-006-1261 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5246-1. From Alex Green to Ann Carlson. Date April 12, 2023. | NHTSA-0230621-006-1262 Partial Response III | NHTSA-0230621-006-1264 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5247-1. From Alex Green to Ann Carlson. Date April 12, 2023. | NHTSA-0230621-006-1265 Partial Response III | NHTSA-0230621-006-1267 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5248-1. From Alex Green to Ann Carlson. Date April 12, 2023. | NHTSA-0230621-006-1268 Partial Response III | NHTSA-0230621-006-1270 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5255-1. From Alex Green to Ann Carlson. Date April 13, 2023. | NHTSA-0230621-006-1271 Partial Response III | NHTSA-0230621-006-1273 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5283-1. From Alex Green to Ann Carlson. Date April 14, 2023. | NHTSA-0230621-006-1274 Partial Response III | NHTSA-0230621-006-1276 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5303-1. From Ryan Stanko to Ann Carlson. Date April 17, 2023. | NHTSA-0230621-006-1277 Partial Response III | NHTSA-0230621-006-1279 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5304-1. From Ryan Stanko to Ann Carlson. Date April 17, 2023. | NHTSA-0230621-006-1280 Partial Response III | NHTSA-0230621-006-1282 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5305-1. From Ryan Stanko to Ann Carlson. Date April 17, 2023. | NHTSA-0230621-006-1283 Partial Response III | NHTSA-0230621-006-1285 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5308-1. From Ryan Stanko to Ann Carlson. Date April 17, 2023. | NHTSA-0230621-006-1286 Partial Response III | NHTSA-0230621-006-1288 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5309-1. From Ryan Stanko to Ann Carlson. Date April 17, 2023. | NHTSA-0230621-006-1289 Partial Response III | NHTSA-0230621-006-1291 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5349-1. From Ryan Stanko to Ann Carlson. Date April 19, 2023. | NHTSA-0230621-006-1292 Partial Response III | NHTSA-0230621-006-1294 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5354-1. From Alex Green to Ann Carlson. Date April 20, 2023. | NHTSA-0230621-006-1295 Partial Response III | NHTSA-0230621-006-1297 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5355-1. From Alex Green to Ann Carlson. Date April 20, 2023. | NHTSA-0230621-006-1298 Partial Response III | NHTSA-0230621-006-1300 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5364-1. From Alex Green to Ann Carlson. Date April 21, 2023. | NHTSA-0230621-006-1301 Partial Response III | NHTSA-0230621-006-1303 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5365-1. From Alex Green to Ann Carlson. Date April 21, 2023. | NHTSA-0230621-006-1304 Partial Response III | NHTSA-0230621-006-1306 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5366-1. From Alex Green to Ann Carlson. Date April 21, 2023. | NHTSA-0230621-006-1307 Partial Response III | NHTSA-0230621-006-1309 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5367-1. From Alex Green to Ann Carlson. Date April 21, 2023. | NHTSA-0230621-006-1310 Partial Response III | NHTSA-0230621-006-1312 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5368-1. From Alex Green to Ann Carlson. Date April 21, 2023. | NHTSA-0230621-006-1313 Partial Response III | NHTSA-0230621-006-1315 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5369-1. From Ryan Stanko to Ann Carlson. Date April 24, 2023. | NHTSA-0230621-006-1316 Partial Response III | NHTSA-0230621-006-1318 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5370-1. From Ryan Stanko to Ann Carlson. Date April 24, 2023. | NHTSA-0230621-006-1319 Partial Response III | NHTSA-0230621-006-1321 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5371-1. From Ryan Stanko to Ann Carlson. Date April 24, 2023. | NHTSA-0230621-006-1322 Partial Response III | NHTSA-0230621-006-1324 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5388-1. From Ryan Stanko to Ann Carlson. Date April 25, 2023. | NHTSA-0230621-006-1325 Partial Response III | NHTSA-0230621-006-1327 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5391-1. From Ryan Stanko to Ann Carlson. Date April 26, 2023. | NHTSA-0230621-006-1328 Partial Response III | NHTSA-0230621-006-1330 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5392-1. From Alex Green to Ann Carlson. Date April 27, 2023. | NHTSA-0230621-006-1331 Partial Response III | NHTSA-0230621-006-1333 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5393-1. From Alex Green to Ann Carlson. Date April 27, 2023. | NHTSA-0230621-006-1334 Partial Response III | NHTSA-0230621-006-1336 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5394-1. From Alex Green to Ann Carlson. Date April 27, 2023. | NHTSA-0230621-006-1337 Partial Response III | NHTSA-0230621-006-1339 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5416-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1340 Partial Response III | NHTSA-0230621-006-1342 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5417-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1343 Partial Response III | NHTSA-0230621-006-1345 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5418-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1346 Partial Response III | NHTSA-0230621-006-1348 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5419-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1349 Partial Response III | NHTSA-0230621-006-1351 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5420-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1352 Partial Response III | NHTSA-0230621-006-1354 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5421-1. From Ryan Stanko to Ann Carlson. Date May 1, 2023. | NHTSA-0230621-006-1355 Partial Response III | NHTSA-0230621-006-1357 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5427-1. From Ryan Stanko to Ann Carlson. Date May 4, 2023. | NHTSA-0230621-006-1358 Partial Response III | NHTSA-0230621-006-1360 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5428-1. From Alex Green to Ann Carlson. Date May 4, 2023. | NHTSA-0230621-006-1361 Partial Response III | NHTSA-0230621-006-1363 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5428-1. From Alex Green to Ann Carlson. Date May 5, 2023. | NHTSA-0230621-006-1364 Partial Response III | NHTSA-0230621-006-1366 Partial Response III | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Confidentiality Determination for Standing General Order 2021-01 Incident Reports 10561-1595-1 and 10561-1595-2. From Dylan Voneiff to Christie Iannetta. Date June 12, 2024. | NHTSA-0230621-006-001 Partial Response IV | NHTSA-0230621-006-003 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - APTIV - Report ID 10561-1595-1. From Christie Iannetta to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-004 Partial Response IV | NHTSA-0230621-006-006 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - APTIV - Report ID 10561-1595-2. From Christie Iannetta to Adam Raviv, cc'ing Dylan Voneiff. Date June 3, 2024. | NHTSA-0230621-006-007 Partial Response IV | NHTSA-0230621-006-009 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports Submitted by BMW of North America, LLC. From Dylan Voneiff to Samuel Campbell, III, cc'ing Jonathan Gannon. Date July 2, 2024. | NHTSA-0230621-006-010 Partial Response IV | NHTSA-0230621-006-013 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report Filename CONF-MACDD-010039-0720321-001. From Samuel Campbell, III to Ann Carlson. Date July 20, 2021. | NHTSA-0230621-006-014 Partial Response IV | NHTSA-0230621-006-016 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report Filename CONF-MACDD-010039-0720321-001. From Samuel Campbell, III to Ann Carlson. Date July 30, 2021. | NHTSA-0230621-006-017 Partial Response IV | NHTSA-0230621-006-019 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report Filename CONF-10039-8-3 Incident Report - SGO-2021-01. From Samuel Campbell, III to Ann Carlson. Date August 16, 2021. | NHTSA-0230621-006-020 Partial Response IV | NHTSA-0230621-006-022 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date October 27, 2021. | NHTSA-0230621-006-023 Partial Response IV | NHTSA-0230621-006-025 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-026 Partial Response IV | NHTSA-0230621-006-028 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-029 Partial Response IV | NHTSA-0230621-006-031 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-032 Partial Response IV | NHTSA-0230621-006-034 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1548-2. From Samuel Campbell, III to Ann Carlson. Date October 27, 2021. | NHTSA-0230621-006-035 Partial Response IV | NHTSA-0230621-006-037 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1548-3. From Samuel Campbell, III to Ann Carlson. Date June 14, 2024. | NHTSA-0230621-006-038 Partial Response IV | NHTSA-0230621-006-040 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-041 Partial Response IV | NHTSA-0230621-006-043 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID: 10039-1520-1, 10039-1520-2, 10039-1520-3, 10039-1548-5, 10039-1548-5. From Samuel Campbell, III to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-044 Partial Response IV | NHTSA-0230621-006-046 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3261-1. From Samuel Campbell, III to Ann Carlson. Date June 24, 2022. | NHTSA-0230621-006-047 Partial Response IV | NHTSA-0230621-006-049 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3261-2. From Samuel Campbell, III to Ann Carlson. Date July 6, 2022. | NHTSA-0230621-006-050 Partial Response IV | NHTSA-0230621-006-052 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3261-3. From Samuel Campbell, III to Ann Carlson. Date July 13, 2022. | NHTSA-0230621-006-053 Partial Response IV | NHTSA-0230621-006-055 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3261-3. From Samuel Campbell, III to John Carlson. Date August 15, 2022. | NHTSA-0230621-006-056 Partial Response IV | NHTSA-0230621-006-058 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3997-1. From Samuel Campbell, III to John Donaldson. Date October 12, 2022. | NHTSA-0230621-006-059 Partial Response IV | NHTSA-0230621-006-061 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3997-2. From Samuel Campbell, III to John Donaldson. Date October 14, 2022. | NHTSA-0230621-006-062 Partial Response IV | NHTSA-0230621-006-064 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-3997-3. From Samuel Campbell, III to John Donaldson. Date October 21, 2022. | NHTSA-0230621-006-065 Partial Response IV | NHTSA-0230621-006-067 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4636-2. From Samuel Campbell, III to John Donaldson. Date January 21, 2023. | NHTSA-0230621-006-068 Partial Response IV | NHTSA-0230621-006-070 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4636-3. From Samuel Campbell, III to John Donaldson. Date January 21, 2023. | NHTSA-0230621-006-071 Partial Response IV | NHTSA-0230621-006-073 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4636-4. From Samuel Campbell, III to John Donaldson. Date February 15, 2023. | NHTSA-0230621-006-074 Partial Response IV | NHTSA-0230621-006-076 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4932-1. From Samuel Campbell, III to John Donaldson. Date February 15, 2023. | NHTSA-0230621-006-077 Partial Response IV | NHTSA-0230621-006-079 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4932-2. From Samuel Campbell, III to John Donaldson. Date March 9, 2023. | NHTSA-0230621-006-080 Partial Response IV | NHTSA-0230621-006-082 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4932-3. From Samuel Campbell, III to John Donaldson. Date March 15, 2023. | NHTSA-0230621-006-083 Partial Response IV | NHTSA-0230621-006-085 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4932-4. From Samuel Campbell, III to John Donaldson. Date April 14, 2023. | NHTSA-0230621-006-086 Partial Response IV | NHTSA-0230621-006-088 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-4932-5. From Samuel Campbell, III to John Donaldson. Date May 15, 2023. | NHTSA-0230621-006-089 Partial Response IV | NHTSA-0230621-006-091 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-5057-1. From Samuel Campbell, III to John Donaldson. Date May 15, 2023. | NHTSA-0230621-006-092 Partial Response IV | NHTSA-0230621-006-094 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-5057-2. From Samuel Campbell, III to John Donaldson. Date March 24, 2023. | NHTSA-0230621-006-095 Partial Response IV | NHTSA-0230621-006-097 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-5057-3. From Samuel Campbell, III to John Donaldson. Date April 14, 2023. | NHTSA-0230621-006-098 Partial Response IV | NHTSA-0230621-006-100 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-5057-4. From Samuel Campbell, III to John Donaldson. Date May 15, 2023. | NHTSA-0230621-006-101 Partial Response IV | NHTSA-0230621-006-103 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-6029-1. From Samuel Campbell, III to Ann Carlson. Date August 10, 2023. | NHTSA-0230621-006-104 Partial Response IV | NHTSA-0230621-006-106 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-6029-2. From Samuel Campbell, III to Ann Carlson. Date August 15, 2023. | NHTSA-0230621-006-107 Partial Response IV | NHTSA-0230621-006-109 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Submission of Confidential Information ADAS-SGO Incident Report Submission Incident Report ID - 10039-6029-3. From Samuel Campbell, III to Ann Carlson. Date August 21, 2023. | NHTSA-0230621-006-110 Partial Response IV | NHTSA-0230621-006-112 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports submitted by Daimler Truck North America LLC. From Dylan Yoreff to Kerem Bilge and David Kayes. Date June 12, 2024. | NHTSA-0230621-006-113 Partial Response IV | NHTSA-0230621-006-116 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4852-1 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From Kerem Bilge to Ann Carlson. Date February 15, 2023. | NHTSA-0230621-006-117 Partial Response IV | NHTSA-0230621-006-120 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4852-2 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From Kerem Bilge to Ann Carlson. Date March 15, 2023. | NHTSA-0230621-006-121 Partial Response IV | NHTSA-0230621-006-124 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4852-3 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From Kerem Bilge to Ann Carlson. Date March 15, 2023. | NHTSA-0230621-006-125 Partial Response IV | NHTSA-0230621-006-128 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4852-4 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From David Kayes to Ann Carlson. Date April 14, 2023. | NHTSA-0230621-006-129 Partial Response IV | NHTSA-0230621-006-131 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4095-1 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From Kerem Bilge to Ann Carlson. Date June 10, 2024. | NHTSA-0230621-006-132 Partial Response IV | NHTSA-0230621-006-135 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment. DTNA Incident Report ID 12381-4095-2 Daimler Truck North America LLC's Submission of Incident Report Under the First Amended Standing General Order - 2021-01. From Kerem Bilge to Ann Carlson. Date June 10, 2024. | NHTSA-0230621-006-136 Partial Response IV | NHTSA-0230621-006-139 Partial Response IV | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Confidentiality Determination for Standing General Order 2021-01 Incident Report 13781-3074-2. From Eric C. Williams, c/og Ryan Stunke+A506. Date June 18, 2024. | NHTSA-0230621-006-140 Partial Response IV | NHTSA-0230621-006-144 Partial Response IV | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3074-1. From Ryan Stunke to Ann Carlson. Date June 2, 2022. | NHTSA-0230621-006-145 Partial Response IV | NHTSA-0230621-006-147 Partial Response IV | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3074-2. From Ryan Stunke to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-148 Partial Response IV | NHTSA-0230621-006-150 Partial Response IV | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3074-1, 1-Day Report. | NHTSA-0230621-006-151 Partial Response IV | NHTSA-0230621-006-153 Partial Response IV | Partial redaction | 4, 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3074-2, 10-Day Update. | NHTSA-0230621-006-154 Partial Response IV | NHTSA-0230621-006-156 Partial Response IV | Partial redaction | 4, 6 | |
| Letter. Subject: Confidentiality Determination for Standing General Order 2021-01 Incident Reports 855-4093-1 and 855-4921-1. From Dylan Vossoff to Paul Hemmersbaugh. Date September 11, 2024. | NHTSA-0230621-006-001 Partial Response V | NHTSA-0230621-006-003 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidentiality Concerning SGO 2021-01 Report. From Matthew Beckwith to Ann Carlson, c/og Stephen Hench and Ashley Simpson. Date October 23, 2022. | NHTSA-0230621-006-004 Partial Response V | NHTSA-0230621-006-007 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Mercedes-Benz USA's Request for Confidentiality Concerning SGO 2021-01 Report ID 855-4921-1. From Paul Hemmersbaugh to Ann Carlson. Date February 24, 2023. | NHTSA-0230621-006-008 Partial Response V | NHTSA-0230621-006-011 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Confidentiality Determination for Standing General Order 2021-01 Incident Report 1306-1376-4. From Sarah Kothhofer to Cory Hoffman, c/og Toyota Vehicle Safety & Compliance Liaison Office. Date June 26, 2024. | NHTSA-0230621-006-012 Partial Response V | NHTSA-0230621-006-014 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Standing General Order 2021-01, Incident Report 1306-1376-4 Request for Confidential Treatment. From Cory Hoffman to Ann Carlson. Date December 15, 2021. | NHTSA-0230621-006-015 Partial Response V | NHTSA-0230621-006-020 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kappersmith to Eric Williams. Date September 26, 2024. | NHTSA-0230621-006-021 Partial Response V | NHTSA-0230621-006-024 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1978-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-025 Partial Response V | NHTSA-0230621-006-027 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1979-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-028 Partial Response V | NHTSA-0230621-006-030 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1986-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-031 Partial Response V | NHTSA-0230621-006-033 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1991-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-034 Partial Response V | NHTSA-0230621-006-036 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1992-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-037 Partial Response V | NHTSA-0230621-006-039 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2008-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-040 Partial Response V | NHTSA-0230621-006-042 Partial Response V | Partial redaction | 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2009-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-043 Partial Response V | NHTSA-0230621-006-045 Partial Response V | Partial redaction | 6 | |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2019-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-046 Partial Response V | NHTSA-0230621-006-048 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2011-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-049 Partial Response V | NHTSA-0230621-006-051 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2012-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-052 Partial Response V | NHTSA-0230621-006-054 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2013-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-055 Partial Response V | NHTSA-0230621-006-057 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2392-2. From Alex Green to Ann Carlson. Date March 29, 2022. | NHTSA-0230621-006-058 Partial Response V | NHTSA-0230621-006-060 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2795-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-061 Partial Response V | NHTSA-0230621-006-063 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-42-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-064 Partial Response V | NHTSA-0230621-006-066 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-43-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-067 Partial Response V | NHTSA-0230621-006-069 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1039-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-070 Partial Response V | NHTSA-0230621-006-072 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1041-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-073 Partial Response V | NHTSA-0230621-006-075 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1045-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-076 Partial Response V | NHTSA-0230621-006-078 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1045-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-079 Partial Response V | NHTSA-0230621-006-081 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1046-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-082 Partial Response V | NHTSA-0230621-006-084 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1046-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-085 Partial Response V | NHTSA-0230621-006-087 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1048-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-088 Partial Response V | NHTSA-0230621-006-090 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1048-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-091 Partial Response V | NHTSA-0230621-006-093 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1049-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-094 Partial Response V | NHTSA-0230621-006-096 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1049-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-097 Partial Response V | NHTSA-0230621-006-099 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1050-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-100 Partial Response V | NHTSA-0230621-006-102 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1066-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-103 Partial Response V | NHTSA-0230621-006-105 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1087-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-106 Partial Response V | NHTSA-0230621-006-108 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1090-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-109 Partial Response V | NHTSA-0230621-006-111 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1096-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-112 Partial Response V | NHTSA-0230621-006-114 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1100-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-115 Partial Response V | NHTSA-0230621-006-117 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1102-1. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-118 Partial Response V | NHTSA-0230621-006-120 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1102-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-121 Partial Response V | NHTSA-0230621-006-123 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1111-2. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-124 Partial Response V | NHTSA-0230621-006-126 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1112-2. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-127 Partial Response V | NHTSA-0230621-006-129 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1140-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-130 Partial Response V | NHTSA-0230621-006-132 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1140-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-133 Partial Response V | NHTSA-0230621-006-135 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1150-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-136 Partial Response V | NHTSA-0230621-006-138 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1150-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-139 Partial Response V | NHTSA-0230621-006-141 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1151-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-142 Partial Response V | NHTSA-0230621-006-144 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1151-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-145 Partial Response V | NHTSA-0230621-006-147 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1154-2. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-148 Partial Response V | NHTSA-0230621-006-150 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1157-2. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-151 Partial Response V | NHTSA-0230621-006-153 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1193-1. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-154 Partial Response V | NHTSA-0230621-006-156 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1193-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-157 Partial Response V | NHTSA-0230621-006-159 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1194-1. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-160 Partial Response V | NHTSA-0230621-006-162 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1194-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-163 Partial Response V | NHTSA-0230621-006-165 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1197-2. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-166 Partial Response V | NHTSA-0230621-006-168 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1198-2. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-169 Partial Response V | NHTSA-0230621-006-171 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1218-1. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-172 Partial Response V | NHTSA-0230621-006-174 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1218-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-175 Partial Response V | NHTSA-0230621-006-177 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1242-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-178 Partial Response V | NHTSA-0230621-006-180 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1243-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-181 Partial Response V | NHTSA-0230621-006-183 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1244-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-184 Partial Response V | NHTSA-0230621-006-186 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1245-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-187 Partial Response V | NHTSA-0230621-006-189 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1254-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-190 Partial Response V | NHTSA-0230621-006-192 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1331-2. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-193 Partial Response V | NHTSA-0230621-006-195 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1332-2. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-196 Partial Response V | NHTSA-0230621-006-198 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1333-2. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-199 Partial Response V | NHTSA-0230621-006-201 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1339-2. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-202 Partial Response V | NHTSA-0230621-006-204 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1343-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-205 Partial Response V | NHTSA-0230621-006-207 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1344-1. From Alex Green to Ann Carlson. Date September 24, 2021. | NHTSA-0230621-006-208 Partial Response V | NHTSA-0230621-006-210 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1344-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-211 Partial Response V | NHTSA-0230621-006-213 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1345-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-214 Partial Response V | NHTSA-0230621-006-216 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1351-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-217 Partial Response V | NHTSA-0230621-006-219 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1352-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-220 Partial Response V | NHTSA-0230621-006-222 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1353-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-223 Partial Response V | NHTSA-0230621-006-225 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1355-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-226 Partial Response V | NHTSA-0230621-006-228 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1356-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-229 Partial Response V | NHTSA-0230621-006-231 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1357-2. From Alex Green to Ann Carlson. Date October 1, 2021. | NHTSA-0230621-006-232 Partial Response V | NHTSA-0230621-006-234 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1372-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-235 Partial Response V | NHTSA-0230621-006-237 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1374-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-238 Partial Response V | NHTSA-0230621-006-240 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1375-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-241 Partial Response V | NHTSA-0230621-006-243 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1383-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-244 Partial Response V | NHTSA-0230621-006-246 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1388-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-247 Partial Response V | NHTSA-0230621-006-249 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1390-2. From Alex Green to Ann Carlson. Date October 8, 2021. | NHTSA-0230621-006-250 Partial Response V | NHTSA-0230621-006-252 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1404-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-253 Partial Response V | NHTSA-0230621-006-255 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1405-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-256 Partial Response V | NHTSA-0230621-006-258 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1406-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-259 Partial Response V | NHTSA-0230621-006-261 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1407-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-262 Partial Response V | NHTSA-0230621-006-264 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1408-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-265 Partial Response V | NHTSA-0230621-006-267 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1479-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-268 Partial Response V | NHTSA-0230621-006-270 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1511-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-271 Partial Response V | NHTSA-0230621-006-273 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1512-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-274 Partial Response V | NHTSA-0230621-006-276 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1513-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-277 Partial Response V | NHTSA-0230621-006-279 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 36 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1516-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-280 Partial Response V | NHTSA-0230621-006-282 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1521-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-283 Partial Response V | NHTSA-0230621-006-285 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1527-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-286 Partial Response V | NHTSA-0230621-006-288 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1537-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-289 Partial Response V | NHTSA-0230621-006-291 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1538-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-292 Partial Response V | NHTSA-0230621-006-294 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1541-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-295 Partial Response V | NHTSA-0230621-006-297 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1542-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-298 Partial Response V | NHTSA-0230621-006-300 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1543-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-301 Partial Response V | NHTSA-0230621-006-303 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1544-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-304 Partial Response V | NHTSA-0230621-006-306 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1545-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-307 Partial Response V | NHTSA-0230621-006-309 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1546-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-310 Partial Response V | NHTSA-0230621-006-312 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1547-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-313 Partial Response V | NHTSA-0230621-006-315 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1551-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-316 Partial Response V | NHTSA-0230621-006-318 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1553-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-319 Partial Response V | NHTSA-0230621-006-321 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1554-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-322 Partial Response V | NHTSA-0230621-006-324 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1555-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-325 Partial Response V | NHTSA-0230621-006-327 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1556-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-328 Partial Response V | NHTSA-0230621-006-330 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1573-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-331 Partial Response V | NHTSA-0230621-006-333 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1574-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-334 Partial Response V | NHTSA-0230621-006-336 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1575-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-337 Partial Response V | NHTSA-0230621-006-339 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1584-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-340 Partial Response V | NHTSA-0230621-006-342 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1585-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-343 Partial Response V | NHTSA-0230621-006-345 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1589-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-346 Partial Response V | NHTSA-0230621-006-348 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1598-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-349 Partial Response V | NHTSA-0230621-006-351 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1599-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-352 Partial Response V | NHTSA-0230621-006-354 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1619-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-355 Partial Response V | NHTSA-0230621-006-357 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1631-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-358 Partial Response V | NHTSA-0230621-006-360 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1632-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-361 Partial Response V | NHTSA-0230621-006-363 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1640-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-364 Partial Response V | NHTSA-0230621-006-366 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1647-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-367 Partial Response V | NHTSA-0230621-006-369 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1662-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-370 Partial Response V | NHTSA-0230621-006-372 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1663-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-373 Partial Response V | NHTSA-0230621-006-375 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1714-2. From Alex Green to Ann Carlson. Date November 22, 2021. | NHTSA-0230621-006-376 Partial Response V | NHTSA-0230621-006-378 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1727-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-379 Partial Response V | NHTSA-0230621-006-381 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1749-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-382 Partial Response V | NHTSA-0230621-006-384 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1750-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-385 Partial Response V | NHTSA-0230621-006-387 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1771-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-388 Partial Response V | NHTSA-0230621-006-390 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1772-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-391 Partial Response V | NHTSA-0230621-006-393 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1773-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-394 Partial Response V | NHTSA-0230621-006-396 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1775-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-397 Partial Response V | NHTSA-0230621-006-399 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1776-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-400 Partial Response V | NHTSA-0230621-006-402 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1784-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-403 Partial Response V | NHTSA-0230621-006-405 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1785-1. From Alex Green to Ann Carlson. Date November 29, 2021. | NHTSA-0230621-006-406 Partial Response V | NHTSA-0230621-006-408 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1785-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-409 Partial Response V | NHTSA-0230621-006-411 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1793-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-412 Partial Response V | NHTSA-0230621-006-414 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1800-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-415 Partial Response V | NHTSA-0230621-006-417 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1802-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-418 Partial Response V | NHTSA-0230621-006-420 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1825-2. From Alex Green to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-421 Partial Response V | NHTSA-0230621-006-423 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1826-2. From Alex Green to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-424 Partial Response V | NHTSA-0230621-006-426 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1854-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-427 Partial Response V | NHTSA-0230621-006-429 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1855-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-430 Partial Response V | NHTSA-0230621-006-432 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID:13781-1856-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-433 Partial Response V | NHTSA-0230621-006-435 Partial Response V | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1857-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-436 Partial Response V | NHTSA-0230621-006-438 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1858-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-439 Partial Response V | NHTSA-0230621-006-441 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1913-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-442 Partial Response V | NHTSA-0230621-006-444 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1932-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-445 Partial Response V | NHTSA-0230621-006-447 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1933-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-448 Partial Response V | NHTSA-0230621-006-450 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1934-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-451 Partial Response V | NHTSA-0230621-006-453 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1936-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-454 Partial Response V | NHTSA-0230621-006-456 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1939-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-457 Partial Response V | NHTSA-0230621-006-459 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1950-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-460 Partial Response V | NHTSA-0230621-006-462 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1951-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-463 Partial Response V | NHTSA-0230621-006-465 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1952-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-466 Partial Response V | NHTSA-0230621-006-468 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1953-2. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-469 Partial Response V | NHTSA-0230621-006-471 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1954-2. From Alex Green to Ann Carlson. Date: December 23, 2021. | NHTSA-0230621-006-472 Partial Response V | NHTSA-0230621-006-474 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1975-2. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-475 Partial Response V | NHTSA-0230621-006-477 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1976-2. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-478 Partial Response V | NHTSA-0230621-006-480 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1977-2. From Alex Green to Ann Carlson. Date: December 30, 2021. | NHTSA-0230621-006-481 Partial Response V | NHTSA-0230621-006-483 Partial Response V | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports Submitted by Tesla, Inc. From Kerry Kolodziej to Eric Williams. Date: August 29, 2024. | NHTSA-0230621-006-001 Partial Response VI | NHTSA-0230621-006-044 Partial Response VI | Partial reduction | 4, 6 | This document is an incident report submitted pursuant to NHTSA's Standing General Order 2021-01 and contains the narrative of the incident. Tesla requested that this information be given confidential treatment under Exemption 4 of FOIA and submitted the request in accordance with agency regulations covering such requests, 49 C.F.R. Part 512. Tesla described that the information is proprietary, confidential, and otherwise not publicly available and that Tesla has taken measures to ensure that the information is not released outside of the company. Tesla represented that it customarily and actually keeps private the information at issue and provided such information under an assurance of privacy. Submission under NHTSA's statutory and regulatory framework governing confidential information provides an assurance that any such information determined to be confidential will be protected from public disclosure except in limited circumstances not applicable here. Moreover, Tesla indicated that publicly disclosing the designated information would foreseeably harm Tesla's commercial or financial interest in keeping that information private, for example, by revealing the process by which Tesla identifies and examines field incidents, learns from vehicles through data collection, how Tesla customers, how Tesla's software and vehicle technology work, and may also include statistical or financial information about a new feature. Releasing confidential commercial or financial information could also impair the willingness of regulated entities to provide NHTSA with such confidential information in the future, either voluntarily or when required by law. Therefore, it would foreseeably harm NHTSA's interest in obtaining confidential information, which is critical to its vehicle safety mission. NHTSA also considered whether any further information other than that which would be segregated and disclosed, but any further disclosure will cause harm to Tesla and also to NHTSA as it endeavors to fulfill its important mission of ensuring vehicle safety by continuing to receive confidential information from vehicle manufacturers. Based on Tesla's representations and other available information, NHTSA concluded that the information was entitled to confidential treatment pursuant to Exemption 4 of FOIA. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4299-2. From Ryan Stanko to Ann Carlson. Date: November 23, 2022. | NHTSA-0230621-006-045 Partial Response VI | NHTSA-0230621-006-047 Partial Response VI | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4299-2, 10-Day Update. | NHTSA-0230621-006-048 Partial Response VI | NHTSA-0230621-006-049 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4300-2. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-050 Partial Response VI | NHTSA-0230621-006-052 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4300-2, 10-Day Update. | NHTSA-0230621-006-053 Partial Response VI | NHTSA-0230621-006-054 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4301-2. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-055 Partial Response VI | NHTSA-0230621-006-057 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4301-2, 10-Day Update. | NHTSA-0230621-006-058 Partial Response VI | NHTSA-0230621-006-059 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4302-2. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-060 Partial Response VI | NHTSA-0230621-006-062 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4302-2, 10-Day Update. | NHTSA-0230621-006-063 Partial Response VI | NHTSA-0230621-006-064 Partial Response VI | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4304-2. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-065 Partial Response VI | NHTSA-0230621-006-067 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4304-2, 10-Day Update. | NHTSA-0230621-006-068 Partial Response VI | NHTSA-0230621-006-069 Partial Response VI | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4305-2. From Ryan Stanko to Ann Carlson. Date November 23, 2022. | NHTSA-0230621-006-070 Partial Response VI | NHTSA-0230621-006-072 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4305-2, 10-Day Update. | NHTSA-0230621-006-073 Partial Response VI | NHTSA-0230621-006-074 Partial Response VI | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4327-2. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-075 Partial Response VI | NHTSA-0230621-006-076 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4327-2, 10-Day Update. | NHTSA-0230621-006-078 Partial Response VI | NHTSA-0230621-006-079 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4328-2. From Ryan Stanko to Ann Carlson. Date December 5, 2022. | NHTSA-0230621-006-080 Partial Response VI | NHTSA-0230621-006-082 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4328-2, 10-Day Update. | NHTSA-0230621-006-083 Partial Response VI | NHTSA-0230621-006-084 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4333-2. From Ryan Stanko to Ann Carlson. Date December 6, 2022. | NHTSA-0230621-006-085 Partial Response VI | NHTSA-0230621-006-087 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4333-2, 10-Day Update. | NHTSA-0230621-006-088 Partial Response VI | NHTSA-0230621-006-089 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4334-2. From Ryan Stanko to Ann Carlson. Date December 6, 2022. | NHTSA-0230621-006-090 Partial Response VI | NHTSA-0230621-006-092 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4334-2, 10-Day Update. | NHTSA-0230621-006-093 Partial Response VI | NHTSA-0230621-006-094 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4335-2. From Ryan Stanko to Ann Carlson. Date December 6, 2022. | NHTSA-0230621-006-095 Partial Response VI | NHTSA-0230621-006-097 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4335-2, 10-Day Update. | NHTSA-0230621-006-098 Partial Response VI | NHTSA-0230621-006-099 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4336-2. From Ryan Stanko to Ann Carlson. Date December 6, 2022. | NHTSA-0230621-006-100 Partial Response VI | NHTSA-0230621-006-102 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4336-2, 10-Day Update. | NHTSA-0230621-006-103 Partial Response VI | NHTSA-0230621-006-104 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4337-2. From Ryan Stanko to Ann Carlson. Date December 6, 2022. | NHTSA-0230621-006-105 Partial Response VI | NHTSA-0230621-006-107 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4337-2, 10-Day Update. | NHTSA-0230621-006-108 Partial Response VI | NHTSA-0230621-006-109 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4338-2. From Ryan Stanko to Ann Carlson. Date December 7, 2022. | NHTSA-0230621-006-110 Partial Response VI | NHTSA-0230621-006-112 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4338-2, 10-Day Update. | NHTSA-0230621-006-113 Partial Response VI | NHTSA-0230621-006-114 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4340-2. From Ryan Stanko to Ann Carlson. Date December 7, 2022. | NHTSA-0230621-006-115 Partial Response VI | NHTSA-0230621-006-117 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4340-2, 10-Day Update. | NHTSA-0230621-006-118 Partial Response VI | NHTSA-0230621-006-119 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4341-2. From Ryan Stanko to Ann Carlson. Date December 7, 2022. | NHTSA-0230621-006-120 Partial Response VI | NHTSA-0230621-006-122 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4341-2, 10-Day Update. | NHTSA-0230621-006-123 Partial Response VI | NHTSA-0230621-006-124 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4344-2. From Ryan Stanko to Ann Carlson. Date December 12, 2022. | NHTSA-0230621-006-125 Partial Response VI | NHTSA-0230621-006-127 Partial Response VI | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4344-2, 10-Day Update. | NHTSA-0230621-006-128 Partial Response VI | NHTSA-0230621-006-129 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4353-2. From Ryan Stanko to Ann Carlson. Date December 15, 2022. | NHTSA-0230621-006-130 Partial Response VI | NHTSA-0230621-006-132 Partial Response VI | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4353-2, 10-Day Update. | NHTSA-0230621-006-133 Partial Response VI | NHTSA-0230621-006-134 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4353-3. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-135 Partial Response VI | NHTSA-0230621-006-137 Partial Response VI | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6353-3, Monthly Update, December 2022. | NHTSA-0230621-006-138 Partial Response VI | NHTSA-0230621-006-139 Partial Response VI | Partial redaction | 4, 6 | *[explanation text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6354-2. From Ryan Stanko to Ann Carlson. Date December 15, 2022. | NHTSA-0230621-006-140 Partial Response VI | NHTSA-0230621-006-142 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6354-2, 10-Day Update, | NHTSA-0230621-006-143 Partial Response VI | NHTSA-0230621-006-144 Partial Response VI | Partial redaction | 4, 6 | *[explanation text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6354-3. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-145 Partial Response VI | NHTSA-0230621-006-147 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6354-3, Monthly Update, December 2022. | NHTSA-0230621-006-148 Partial Response VI | NHTSA-0230621-006-149 Partial Response VI | Partial redaction | 4, 6 | *[explanation text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6355-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-150 Partial Response VI | NHTSA-0230621-006-152 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 46 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4355-2, 10-Day Update. | NHTSA-0230621-006-153 Partial Response VI | NHTSA-0230621-006-154 Partial Response VI | Partial redaction | 4, 6 | *[small illegible explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4356-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-155 Partial Response VI | NHTSA-0230621-006-157 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4356-2, 10-Day Update. | NHTSA-0230621-006-158 Partial Response VI | NHTSA-0230621-006-159 Partial Response VI | Partial redaction | 4, 6 | *[small illegible explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4357-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-160 Partial Response VI | NHTSA-0230621-006-162 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4357-2, 10-Day Update. | NHTSA-0230621-006-163 Partial Response VI | NHTSA-0230621-006-164 Partial Response VI | Partial redaction | 4, 6 | *[small illegible explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4359-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-165 Partial Response VI | NHTSA-0230621-006-167 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6358-2, 10-Day Update. | NHTSA-0230621-006-168 Partial Response VI | NHTSA-0230621-006-169 Partial Response VI | Partial redaction | 4, 6 | [dense explanatory text, illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6359-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-170 Partial Response VI | NHTSA-0230621-006-172 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6359-2, 10-Day Update. | NHTSA-0230621-006-173 Partial Response VI | NHTSA-0230621-006-174 Partial Response VI | Partial redaction | 4, 6 | [dense explanatory text, illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6361-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-175 Partial Response VI | NHTSA-0230621-006-177 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6361-2, 10-Day Update. | NHTSA-0230621-006-178 Partial Response VI | NHTSA-0230621-006-179 Partial Response VI | Partial redaction | 4, 6 | [dense explanatory text, illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6376-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-180 Partial Response VI | NHTSA-0230621-006-182 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4376-2, 10-Day Update. | NHTSA-0230621-006-183 Partial Response VI | NHTSA-0230621-006-184 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4380-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-185 Partial Response VI | NHTSA-0230621-006-187 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4380-2, 10-Day Update. | NHTSA-0230621-006-188 Partial Response VI | NHTSA-0230621-006-189 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4381-2. From Ryan Stanko to Ann Carlson. Date December 14, 2022. | NHTSA-0230621-006-190 Partial Response VI | NHTSA-0230621-006-192 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4381-2, 10-Day Update. | NHTSA-0230621-006-193 Partial Response VI | NHTSA-0230621-006-194 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4387-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-195 Partial Response VI | NHTSA-0230621-006-197 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 49 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6387-2, 10-Day Update. | NHTSA-0230621-006-198 Partial Response VI | NHTSA-0230621-006-199 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6402-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-200 Partial Response VI | NHTSA-0230621-006-202 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6402-2, 10-Day Update. | NHTSA-0230621-006-203 Partial Response VI | NHTSA-0230621-006-204 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6403-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-205 Partial Response VI | NHTSA-0230621-006-204 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6403-2, 10-Day Update. | NHTSA-0230621-006-208 Partial Response VI | NHTSA-0230621-006-209 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6404-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-210 Partial Response VI | NHTSA-0230621-006-212 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4404-2, 10-Day Update. | NHTSA-0230621-006-213 Partial Response VI | NHTSA-0230621-006-214 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4407-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-215 Partial Response VI | NHTSA-0230621-006-217 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4407-2, 10-Day Update. | NHTSA-0230621-006-218 Partial Response VI | NHTSA-0230621-006-219 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4408-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-220 Partial Response VI | NHTSA-0230621-006-222 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4408-2, 10-Day Update. | NHTSA-0230621-006-223 Partial Response VI | NHTSA-0230621-006-224 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4409-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-225 Partial Response VI | NHTSA-0230621-006-227 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6409-2, 10-Day Update. | NHTSA-0230621-006-228 Partial Response VI | NHTSA-0230621-006-229 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6410-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-230 Partial Response VI | NHTSA-0230621-006-232 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6410-2, 10-Day Update. | NHTSA-0230621-006-233 Partial Response VI | NHTSA-0230621-006-234 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6411-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-235 Partial Response VI | NHTSA-0230621-006-237 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-6411-2, 10-Day Update. | NHTSA-0230621-006-238 Partial Response VI | NHTSA-0230621-006-239 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-6412-2. From Ryan Stanko to Ann Carlson. Date December 19, 2022. | NHTSA-0230621-006-240 Partial Response VI | NHTSA-0230621-006-242 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4412-2, 10-Day Update. | NHTSA-0230621-006-243 Partial Response VI | NHTSA-0230621-006-244 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4414-2, From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-245 Partial Response VI | NHTSA-0230621-006-247 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4414-2, 10-Day Update. | NHTSA-0230621-006-248 Partial Response VI | NHTSA-0230621-006-249 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4419-2, From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-250 Partial Response VI | NHTSA-0230621-006-242 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4419-2, 10-Day Update. | NHTSA-0230621-006-253 Partial Response VI | NHTSA-0230621-006-254 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4420-2, From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-255 Partial Response VI | NHTSA-0230621-006-257 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4420-2, 10-Day Update. | NHTSA-0230621-006-258 Partial Response VI | NHTSA-0230621-006-259 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4421-2. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-260 Partial Response VI | NHTSA-0230621-006-262 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4421-2, 10-Day Update. | NHTSA-0230621-006-263 Partial Response VI | NHTSA-0230621-006-264 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4423-2. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-265 Partial Response VI | NHTSA-0230621-006-267 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4423-2, 10-Day Update. | NHTSA-0230621-006-268 Partial Response VI | NHTSA-0230621-006-269 Partial Response VI | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4424-2. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-270 Partial Response VI | NHTSA-0230621-006-272 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 54 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4424-2, 10-Day Update. | NHTSA-0230621-006-273 Partial Response VI | NHTSA-0230621-006-274 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4440-2. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-275 Partial Response VI | NHTSA-0230621-006-277 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4440-2, 10-Day Update. | NHTSA-0230621-006-278 Partial Response VI | NHTSA-0230621-006-279 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4443-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-280 Partial Response VI | NHTSA-0230621-006-282 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4443-2, 10-Day Update. | NHTSA-0230621-006-283 Partial Response VI | NHTSA-0230621-006-284 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4444-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-285 Partial Response VI | NHTSA-0230621-006-287 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4444-2, 10-Day Update. | NHTSA-0230621-006-288 Partial Response VI | NHTSA-0230621-006-289 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4445-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-290 Partial Response VI | NHTSA-0230621-006-288 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4445-2, 10-Day Update. | NHTSA-0230621-006-293 Partial Response VI | NHTSA-0230621-006-294 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4446-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-295 Partial Response VI | NHTSA-0230621-006-297 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4446-2, 10-Day Update. | NHTSA-0230621-006-298 Partial Response VI | NHTSA-0230621-006-299 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4479-2. From Ryan Stanko to Ann Carlson. Date December 20, 2022. | NHTSA-0230621-006-300 Partial Response VI | NHTSA-0230621-006-302 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4479-2, 10-Day Update. | NHTSA-0230621-006-303 Partial Response VI | NHTSA-0230621-006-304 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4501-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-305 Partial Response VI | NHTSA-0230621-006-307 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4501-2, 10-Day Update. | NHTSA-0230621-006-308 Partial Response VI | NHTSA-0230621-006-309 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4502-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-310 Partial Response VI | NHTSA-0230621-006-312 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4502-2, 10-Day Update. | NHTSA-0230621-006-313 Partial Response VI | NHTSA-0230621-006-314 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4503-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-315 Partial Response VI | NHTSA-0230621-006-317 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4503-2, 10-Day Update. | NHTSA-0230621-006-318 Partial Response VI | NHTSA-0230621-006-319 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4504-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-320 Partial Response VI | NHTSA-0230621-006-322 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4504-2, 10-Day Update. | NHTSA-0230621-006-323 Partial Response VI | NHTSA-0230621-006-324 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4513-2. From Ryan Stanko to Ann Carlson. Date December 23, 2022. | NHTSA-0230621-006-325 Partial Response VI | NHTSA-0230621-006-327 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4513-2, 10-Day Update. | NHTSA-0230621-006-328 Partial Response VI | NHTSA-0230621-006-329 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4530-2. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-330 Partial Response VI | NHTSA-0230621-006-332 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4538-2, 10-Day Update. | NHTSA-0230621-006-333 Partial Response VI | NHTSA-0230621-006-324 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4539-2. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-335 Partial Response VI | NHTSA-0230621-006-337 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4539-2, 10-Day Update. | NHTSA-0230621-006-338 Partial Response VI | NHTSA-0230621-006-339 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4542-2. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-340 Partial Response VI | NHTSA-0230621-006-342 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4542-2, 10-Day Update. | NHTSA-0230621-006-343 Partial Response VI | NHTSA-0230621-006-344 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4543-2. From Ryan Stanko to Ann Carlson. Date December 29, 2022. | NHTSA-0230621-006-345 Partial Response VI | NHTSA-0230621-006-347 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4543-2, 10-Day Update. | NHTSA-0230621-006-348 Partial Response VI | NHTSA-0230621-006-349 Partial Response VI | Partial reduction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4552-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-350 Partial Response VI | NHTSA-0230621-006-352 Partial Response VI | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4552-2, 10-Day Update. | NHTSA-0230621-006-353 Partial Response VI | NHTSA-0230621-006-354 Partial Response VI | Partial reduction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4553-1. From Ryan Stanko to Ann Carlson. Date December 26, 2022. | NHTSA-0230621-006-355 Partial Response VI | NHTSA-0230621-006-357 Partial Response VI | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4553-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-358 Partial Response VI | NHTSA-0230621-006-360 Partial Response VI | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4553-2, 10-Day Update. | NHTSA-0230621-006-361 Partial Response VI | NHTSA-0230621-006-362 Partial Response VI | Partial reduction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4556-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-363 Partial Response VI | NHTSA-0230621-006-365 Partial Response VI | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4556-2, 10-Day Update. | NHTSA-0230621-006-366 Partial Response VI | NHTSA-0230621-006-367 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4557-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-368 Partial Response VI | NHTSA-0230621-006-370 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4557-2, 10-Day Update. | NHTSA-0230621-006-371 Partial Response VI | NHTSA-0230621-006-372 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4558-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-373 Partial Response VI | NHTSA-0230621-006-375 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4558-2, 10-Day Update. | NHTSA-0230621-006-376 Partial Response VI | NHTSA-0230621-006-377 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4559-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-378 Partial Response VI | NHTSA-0230621-006-380 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4559-2, 10-Day Update. | NHTSA-0230621-006-381 Partial Response VI | NHTSA-0230621-006-382 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4560-2. From Ryan Stanko to Ann Carlson. Date December 30, 2022. | NHTSA-0230621-006-383 Partial Response VI | NHTSA-0230621-006-385 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4560-2, 10-Day Update. | NHTSA-0230621-006-386 Partial Response VI | NHTSA-0230621-006-387 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4564-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-388 Partial Response VI | NHTSA-0230621-006-390 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4564-2, 10-Day Update. | NHTSA-0230621-006-391 Partial Response VI | NHTSA-0230621-006-392 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4565-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-393 Partial Response VI | NHTSA-0230621-006-395 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4565-2, 10-Day Update. | NHTSA-0230621-006-396 Partial Response VI | NHTSA-0230621-006-397 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4577-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-398 Partial Response VI | NHTSA-0230621-006-400 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4577-2, 10-Day Update. | NHTSA-0230621-006-401 Partial Response VI | NHTSA-0230621-006-402 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4583-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-403 Partial Response VI | NHTSA-0230621-006-405 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4583-2, 10-Day Update. | NHTSA-0230621-006-406 Partial Response VI | NHTSA-0230621-006-407 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4584-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-408 Partial Response VI | NHTSA-0230621-006-410 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC   Document 26-4   Filed 04/02/25   Page 63 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4584-2, 10-Day Update. | NHTSA-0230621-006-411 Partial Response VI | NHTSA-0230621-006-412 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4585-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-413 Partial Response VI | NHTSA-0230621-006-415 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4585-2, 10-Day Update. | NHTSA-0230621-006-416 Partial Response VI | NHTSA-0230621-006-417 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4586-2. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-418 Partial Response VI | NHTSA-0230621-006-419 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4586-2, 10-Day Update. | NHTSA-0230621-006-421 Partial Response VI | NHTSA-0230621-006-422 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4587-2. From Ryan Stanko to Ann Carlson. Date January 11, 2023. | NHTSA-0230621-006-423 Partial Response VI | NHTSA-0230621-006-425 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4587-2, 10-Day Update. | NHTSA-0230621-006-426 Partial Response VI | NHTSA-0230621-006-427 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4588-2. From Ryan Stanko to Ann Carlson. Date January 1, 2023. | NHTSA-0230621-006-428 Partial Response VI | NHTSA-0230621-006-430 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4588-2, 10-Day Update. | NHTSA-0230621-006-431 Partial Response VI | NHTSA-0230621-006-432 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4590-2. From Ryan Stanko to Ann Carlson. Date January 1, 2023. | NHTSA-0230621-006-433 Partial Response VI | NHTSA-0230621-006-435 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4590-2, 10-Day Update. | NHTSA-0230621-006-436 Partial Response VI | NHTSA-0230621-006-437 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4592-2. From Ryan Stanko to Ann Carlson. Date January 1, 2023. | NHTSA-0230621-006-438 Partial Response VI | NHTSA-0230621-006-440 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4592-2, 10-Day Update. | NHTSA-0230621-006-441 Partial Response VI | NHTSA-0230621-006-442 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4590-2. From Ryan Stanko to Ann Carlson. Date January 15, 2023. | NHTSA-0230621-006-443 Partial Response VI | NHTSA-0230621-006-445 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4596-2, 10-Day Update. | NHTSA-0230621-006-446 Partial Response VI | NHTSA-0230621-006-447 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4597-2. From Ryan Stanko to Ann Carlson. Date January 15, 2023. | NHTSA-0230621-006-448 Partial Response VI | NHTSA-0230621-006-450 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4597-2, 10-Day Update. | NHTSA-0230621-006-451 Partial Response VI | NHTSA-0230621-006-452 Partial Response VI | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4598-2. From Ryan Stanko to Ann Carlson. Date January 15, 2023. | NHTSA-0230621-006-453 Partial Response VI | NHTSA-0230621-006-455 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4598-2, 10-Day Update. | NHTSA-0230621-006-456 Partial Response VI | NHTSA-0230621-006-457 Partial Response VI | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4599-2. From Ryan Stanko to Ann Carlson. Date January 15, 2023. | NHTSA-0230621-006-458 Partial Response VI | NHTSA-0230621-006-460 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4599-2, 10-Day Update. | NHTSA-0230621-006-461 Partial Response VI | NHTSA-0230621-006-462 Partial Response VI | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4604-2. From Ryan Stanko to Ann Carlson. Date January 15, 2023. | NHTSA-0230621-006-463 Partial Response VI | NHTSA-0230621-006-465 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4604-2, 10-Day Update. | NHTSA-0230621-006-466 Partial Response VI | NHTSA-0230621-006-467 Partial Response VI | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4606-1. From Ryan Stanko to Ann Carlson. Date January 9, 2023. | NHTSA-0230621-006-468 Partial Response VI | NHTSA-0230621-006-470 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4606-1, 1-Day Report. | NHTSA-0230621-006-471 Partial Response VI | NHTSA-0230621-006-472 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4606-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-473 Partial Response VI | NHTSA-0230621-006-475 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4606-2, 10-Day Update. | NHTSA-0230621-006-476 Partial Response VI | NHTSA-0230621-006-477 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4607-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-478 Partial Response VI | NHTSA-0230621-006-480 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4607-2, 10-Day Update. | NHTSA-0230621-006-481 Partial Response VI | NHTSA-0230621-006-482 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4608-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-483 Partial Response VI | NHTSA-0230621-006-485 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4660-2, 10-Day Update. | NHTSA-0230621-006-486 Partial Response VI | NHTSA-0230621-006-487 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4660-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-488 Partial Response VI | NHTSA-0230621-006-490 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4609-2, 10-Day Update. | NHTSA-0230621-006-491 Partial Response VI | NHTSA-0230621-006-492 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4609-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-493 Partial Response VI | NHTSA-0230621-006-495 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4610-2, 10-Day Update. | NHTSA-0230621-006-496 Partial Response VI | NHTSA-0230621-006-497 Partial Response VI | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4611-2. From Ryan Stanko to Ann Carlson. Date January 18, 2023. | NHTSA-0230621-006-498 Partial Response VI | NHTSA-0230621-006-500 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4611-2, 10-Day Update. | NHTSA-0230621-006-501 Partial Response VI | NHTSA-0230621-006-502 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4625-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-503 Partial Response VI | NHTSA-0230621-006-505 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4625-2, 10-Day Update. | NHTSA-0230621-006-506 Partial Response VI | NHTSA-0230621-006-507 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4626-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-508 Partial Response VI | NHTSA-0230621-006-510 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4626-2, 10-Day Update. | NHTSA-0230621-006-511 Partial Response VI | NHTSA-0230621-006-512 Partial Response VI | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4627-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-513 Partial Response VI | NHTSA-0230621-006-515 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4627-2, 10-Day Update. | NHTSA-0230621-006-516 Partial Response VI | NHTSA-0230621-006-517 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4627-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-518 Partial Response VI | NHTSA-0230621-006-520 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4637-2, 10-Day Update. | NHTSA-0230621-006-521 Partial Response VI | NHTSA-0230621-006-522 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4639-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-523 Partial Response VI | NHTSA-0230621-006-525 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4638-2, 10-Day Update. | NHTSA-0230621-006-526 Partial Response VI | NHTSA-0230621-006-527 Partial Response VI | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4639-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-528 Partial Response VI | NHTSA-0230621-006-530 Partial Response VI | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemptions Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4639-2, 10-Day Update. | NHTSA-0230621-006-531 Partial Response VI | NHTSA-0230621-006-532 Partial Response VI | Partial redaction | 4, 6 | *[explanation text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-4649-2. From Ryan Stanko to Ann Carlson. Date January 19, 2023. | NHTSA-0230621-006-533 Partial Response VI | NHTSA-0230621-006-535 Partial Response VI | Partial redaction | 6 | *[explanation text not legible]* |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4649-2, 10-Day Update. | NHTSA-0230621-006-536 Partial Response VI | NHTSA-0230621-006-537 Partial Response VI | Partial redaction | 4, 6 | *[explanation text not legible]* |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports Submitted by Tesla, Inc. From Kerry Kolodziej to Eric Williams. Date September 6, 2024. | NHTSA-0230621-006-001 Partial Response VII | NHTSA-0230621-006-049 Partial Response VII | Partial redaction | 4, 6 | *[explanation text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-4693-2. From Ryan Stanko to Ann Carlson. Date January 24, 2023. | NHTSA-0230621-006-050 Partial Response VII | NHTSA-0230621-006-052 Partial Response VII | Partial redaction | 6 | *[explanation text not legible]* |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4693-2, 10-Day Update. | NHTSA-0230621-006-053 Partial Response VII | NHTSA-0230621-006-054 Partial Response VII | Partial redaction | 4, 6 | *[explanation text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-4694-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-055 Partial Response VII | NHTSA-0230621-006-057 Partial Response VII | Partial redaction | 6 | *[explanation text not legible]* |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4694-2, 10-Day Update. | NHTSA-0230621-006-058 Partial Response VII | NHTSA-0230621-006-059 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4695-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-060 Partial Response VII | NHTSA-0230621-006-062 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4695-2, 10-Day Update. | NHTSA-0230621-006-063 Partial Response VII | NHTSA-0230621-006-064 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4696-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-065 Partial Response VII | NHTSA-0230621-006-067 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4696-2, 10-Day Update. | NHTSA-0230621-006-068 Partial Response VII | NHTSA-0230621-006-069 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4699-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-070 Partial Response VII | NHTSA-0230621-006-072 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4690-2, 10-Day Update. | NHTSA-0230621-006-073 Partial Response VII | NHTSA-0230621-006-074 Partial Response VII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4699-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-075 Partial Response VII | NHTSA-0230621-006-077 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4699-2, 10-Day Update. | NHTSA-0230621-006-078 Partial Response VII | NHTSA-0230621-006-079 Partial Response VII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4700-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-080 Partial Response VII | NHTSA-0230621-006-082 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4700-2, 10-Day Update. | NHTSA-0230621-006-083 Partial Response VII | NHTSA-0230621-006-084 Partial Response VII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4700-2. From Ryan Stanko to Ann Carlson. Date January 25, 2023. | NHTSA-0230621-006-085 Partial Response VII | NHTSA-0230621-006-087 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4709-2, 10-Day Update. | NHTSA-0230621-006-088 Partial Response VII | NHTSA-0230621-006-089 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4724-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-090 Partial Response VII | NHTSA-0230621-006-092 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4724-2, 10-Day Update. | NHTSA-0230621-006-093 Partial Response VII | NHTSA-0230621-006-094 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4725-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-095 Partial Response VII | NHTSA-0230621-006-097 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4725-2, 10-Day Update. | NHTSA-0230621-006-098 Partial Response VII | NHTSA-0230621-006-099 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4727-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-100 Partial Response VII | NHTSA-0230621-006-102 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4727-2, 10-Day Update. | NHTSA-0230621-006-103 Partial Response VII | NHTSA-0230621-006-104 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text too small to read accurately]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4733-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-105 Partial Response VII | NHTSA-0230621-006-107 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4733-2, 10-Day Update. | NHTSA-0230621-006-108 Partial Response VII | NHTSA-0230621-006-109 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text too small to read accurately]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4747-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-110 Partial Response VII | NHTSA-0230621-006-112 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4747-2, 10-Day Update. | NHTSA-0230621-006-113 Partial Response VII | NHTSA-0230621-006-114 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text too small to read accurately]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4748-2. From Ryan Stanko to Ann Carlson. Date January 26, 2023. | NHTSA-0230621-006-115 Partial Response VII | NHTSA-0230621-006-117 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4748-2, 10-Day Update. | NHTSA-0230621-006-118 Partial Response VII | NHTSA-0230621-006-119 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4749-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-120 Partial Response VII | NHTSA-0230621-006-122 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4749-2, 10-Day Update. | NHTSA-0230621-006-123 Partial Response VII | NHTSA-0230621-006-124 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4752-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-125 Partial Response VII | NHTSA-0230621-006-127 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4752-2, 10-Day Update. | NHTSA-0230621-006-128 Partial Response VII | NHTSA-0230621-006-129 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4753-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-130 Partial Response VII | NHTSA-0230621-006-132 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4753-2, 10-Day Update. | NHTSA-0230621-006-133 Partial Response VII | NHTSA-0230621-006-134 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4754-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-135 Partial Response VII | NHTSA-0230621-006-137 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4754-2, 10-Day Update. | NHTSA-0230621-006-138 Partial Response VII | NHTSA-0230621-006-139 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4755-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-140 Partial Response VII | NHTSA-0230621-006-142 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4755-2, 10-Day Update. | NHTSA-0230621-006-143 Partial Response VII | NHTSA-0230621-006-144 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4776-2. From Ryan Stanko to Ann Carlson. Date January 30, 2023. | NHTSA-0230621-006-145 Partial Response VII | NHTSA-0230621-006-147 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4776-2, 10-Day Update. | NHTSA-0230621-006-148 Partial Response VII | NHTSA-0230621-006-149 Partial Response VII | Partial redaction | 4, 6 | *(lengthy explanation regarding confidential business information and personally identifying information — text illegible at this resolution)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4777-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-150 Partial Response VII | NHTSA-0230621-006-152 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4777-2, 10-Day Update. | NHTSA-0230621-006-153 Partial Response VII | NHTSA-0230621-006-154 Partial Response VII | Partial redaction | 4, 6 | *(lengthy explanation regarding confidential business information and personally identifying information — text illegible at this resolution)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4778-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-155 Partial Response VII | NHTSA-0230621-006-157 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4778-2, 10-Day Update. | NHTSA-0230621-006-158 Partial Response VII | NHTSA-0230621-006-159 Partial Response VII | Partial redaction | 4, 6 | *(lengthy explanation regarding confidential business information and personally identifying information — text illegible at this resolution)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4786-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-160 Partial Response VII | NHTSA-0230621-006-162 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's image signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4786-2, 10-Day Update. | NHTSA-0230621-006-163 Partial Response VII | NHTSA-0230621-006-164 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4788-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-165 Partial Response VII | NHTSA-0230621-006-167 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4788-2, 10-Day Update. | NHTSA-0230621-006-168 Partial Response VII | NHTSA-0230621-006-169 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4789-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-170 Partial Response VII | NHTSA-0230621-006-172 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4789-2, 10-Day Update. | NHTSA-0230621-006-173 Partial Response VII | NHTSA-0230621-006-174 Partial Response VII | Partial redaction | 4, 6 | *[explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4807-2. From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-175 Partial Response VII | NHTSA-0230621-006-177 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4807-2, 10-Day Update. | NHTSA-0230621-006-178 Partial Response VII | NHTSA-0230621-006-179 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4808-2, From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-180 Partial Response VII | NHTSA-0230621-006-182 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4808-2, 10-Day Update. | NHTSA-0230621-006-183 Partial Response VII | NHTSA-0230621-006-184 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4822-2, From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-185 Partial Response VII | NHTSA-0230621-006-187 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4822-2, 10-Day Update. | NHTSA-0230621-006-188 Partial Response VII | NHTSA-0230621-006-189 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4823-2, From Ryan Stanko to Ann Carlson. Date February 16, 2023. | NHTSA-0230621-006-190 Partial Response VII | NHTSA-0230621-006-192 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4823-2, 10-Day Update. | NHTSA-0230621-006-193 Partial Response VII | NHTSA-0230621-006-194 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4824-2. From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-195 Partial Response VII | NHTSA-0230621-006-197 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4824-2, 10-Day Update. | NHTSA-0230621-006-198 Partial Response VII | NHTSA-0230621-006-199 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4825-2. From Ryan Stanko to Ann Carlson. Date February 13, 2023. | NHTSA-0230621-006-200 Partial Response VII | NHTSA-0230621-006-202 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4825-2, 10-Day Update. | NHTSA-0230621-006-203 Partial Response VII | NHTSA-0230621-006-204 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4830-2. From Ryan Stanko to Ann Carlson. Date February 16, 2023. | NHTSA-0230621-006-205 Partial Response VII | NHTSA-0230621-006-207 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4830-2, 10-Day Update. | NHTSA-0230621-006-208 Partial Response VII | NHTSA-0230621-006-209 Partial Response VII | Partial redaction | 4, 6 | *[dense explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4831-2, From Ryan Stanko to Ann Carlson. Date February 18, 2023. | NHTSA-0230621-006-210 Partial Response VII | NHTSA-0230621-006-212 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4831-2, 10-Day Update. | NHTSA-0230621-006-213 Partial Response VII | NHTSA-0230621-006-214 Partial Response VII | Partial redaction | 4, 6 | *[dense explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4835-2, From Ryan Stanko to Ann Carlson. Date February 18, 2023. | NHTSA-0230621-006-215 Partial Response VII | NHTSA-0230621-006-217 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4835-2, 10-Day Update. | NHTSA-0230621-006-218 Partial Response VII | NHTSA-0230621-006-219 Partial Response VII | Partial redaction | 4, 6 | *[dense explanatory text not legible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4908-2, From Ryan Stanko to Ann Carlson. Date February 18, 2023. | NHTSA-0230621-006-220 Partial Response VII | NHTSA-0230621-006-222 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4908-2, 10-Day Update. | NHTSA-0230621-006-223 Partial Response VII | NHTSA-0230621-006-224 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4909-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-225 Partial Response VII | NHTSA-0230621-006-227 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4909-2, 10-Day Update. | NHTSA-0230621-006-228 Partial Response VII | NHTSA-0230621-006-229 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4910-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-230 Partial Response VII | NHTSA-0230621-006-232 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4910-2, 10-Day Update. | NHTSA-0230621-006-233 Partial Response VII | NHTSA-0230621-006-234 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4911-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-235 Partial Response VII | NHTSA-0230621-006-237 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4911-2, 10-Day Update. | NHTSA-0230621-006-238 Partial Response VII | NHTSA-0230621-006-239 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4911-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-240 Partial Response VII | NHTSA-0230621-006-242 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4912-2, 10-Day Update. | NHTSA-0230621-006-243 Partial Response VII | NHTSA-0230621-006-244 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4913-2. From Ryan Stanko to Ann Carlson. Date March 2, 2023. | NHTSA-0230621-006-245 Partial Response VII | NHTSA-0230621-006-247 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4913-2, 10-Day Update. | NHTSA-0230621-006-248 Partial Response VII | NHTSA-0230621-006-249 Partial Response VII | Partial redaction | 4, 6 | *[illegible fine print explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4915-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-250 Partial Response VII | NHTSA-0230621-006-252 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4915-2, 10-Day Update. | NHTSA-0230621-006-253 Partial Response VII | NHTSA-0230621-006-254 Partial Response VII | Partial redaction | 4, 6 | [Explanatory text illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4916-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-255 Partial Response VII | NHTSA-0230621-006-257 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4916-2, 10-Day Update. | NHTSA-0230621-006-258 Partial Response VII | NHTSA-0230621-006-259 Partial Response VII | Partial redaction | 4, 6 | [Explanatory text illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4917-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-260 Partial Response VII | NHTSA-0230621-006-262 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4917-2, 10-Day Update. | NHTSA-0230621-006-263 Partial Response VII | NHTSA-0230621-006-264 Partial Response VII | Partial redaction | 4, 6 | [Explanatory text illegible at this resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4918-2. From Ryan Stanko to Ann Carlson. Date February 28, 2023. | NHTSA-0230621-006-265 Partial Response VII | NHTSA-0230621-006-267 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4918-2, 10-Day Update. | NHTSA-0230621-006-268 Partial Response VII | NHTSA-0230621-006-269 Partial Response VII | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4923-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-270 Partial Response VII | NHTSA-0230621-006-272 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4923-2, 10-Day Update. | NHTSA-0230621-006-273 Partial Response VII | NHTSA-0230621-006-274 Partial Response VII | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4924-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-275 Partial Response VII | NHTSA-0230621-006-277 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4924-2, 10-Day Update. | NHTSA-0230621-006-278 Partial Response VII | NHTSA-0230621-006-279 Partial Response VII | Partial redaction | 4, 6 | [explanation text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4925-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-280 Partial Response VII | NHTSA-0230621-006-282 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4925-2, 10-Day Update. | NHTSA-0230621-006-283 Partial Response VII | NHTSA-0230621-006-284 Partial Response VII | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4926-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-285 Partial Response VII | NHTSA-0230621-006-287 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4926-2, 10-Day Update. | NHTSA-0230621-006-288 Partial Response VII | NHTSA-0230621-006-289 Partial Response VII | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4927-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-290 Partial Response VII | NHTSA-0230621-006-292 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4927-2, 10-Day Update. | NHTSA-0230621-006-293 Partial Response VII | NHTSA-0230621-006-294 Partial Response VII | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4928-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-295 Partial Response VII | NHTSA-0230621-006-297 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4928-2, 10-Day Update. | NHTSA-0230621-006-298 Partial Response VII | NHTSA-0230621-006-299 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4929-2, From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-300 Partial Response VII | NHTSA-0230621-006-302 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4929-2, 10-Day Update. | NHTSA-0230621-006-303 Partial Response VII | NHTSA-0230621-006-304 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4933-2, From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-305 Partial Response VII | NHTSA-0230621-006-307 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4933-2, 10-Day Update. | NHTSA-0230621-006-308 Partial Response VII | NHTSA-0230621-006-309 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4944-2, From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-310 Partial Response VII | NHTSA-0230621-006-312 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4944-2, 10-Day Update. | NHTSA-0230621-006-313 Partial Response VII | NHTSA-0230621-006-314 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4949-2. From Ryan Stanko to Ann Carlson. Date March 6, 2023. | NHTSA-0230621-006-315 Partial Response VII | NHTSA-0230621-006-317 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4949-2, 10-Day Update. | NHTSA-0230621-006-318 Partial Response VII | NHTSA-0230621-006-319 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4951-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-320 Partial Response VII | NHTSA-0230621-006-322 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4951-2, 10-Day Update. | NHTSA-0230621-006-323 Partial Response VII | NHTSA-0230621-006-324 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4952-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-325 Partial Response VII | NHTSA-0230621-006-327 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4952-2, 10-Day Update. | NHTSA-0230621-006-328 Partial Response VII | NHTSA-0230621-006-329 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4954-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-330 Partial Response VII | NHTSA-0230621-006-332 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4954-2, 10-Day Update. | NHTSA-0230621-006-333 Partial Response VII | NHTSA-0230621-006-334 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4956-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-335 Partial Response VII | NHTSA-0230621-006-337 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4956-2, 10-Day Update. | NHTSA-0230621-006-338 Partial Response VII | NHTSA-0230621-006-339 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4957-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-340 Partial Response VII | NHTSA-0230621-006-342 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4957-2, 10-Day Update. | NHTSA-0230621-006-343 Partial Response VII | NHTSA-0230621-006-344 Partial Response VII | Partial redaction | 4, 6 | [explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4963-2. From Ryan Stasko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-345 Partial Response VII | NHTSA-0230621-006-347 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4961-2, 10-Day Update. | NHTSA-0230621-006-348 Partial Response VII | NHTSA-0230621-006-349 Partial Response VII | Partial redaction | 4, 6 | [explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4962-2. From Ryan Stasko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-350 Partial Response VII | NHTSA-0230621-006-352 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4962-2, 10-Day Update. | NHTSA-0230621-006-353 Partial Response VII | NHTSA-0230621-006-354 Partial Response VII | Partial redaction | 4, 6 | [explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4963-2. From Ryan Stasko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-355 Partial Response VII | NHTSA-0230621-006-357 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4963-2, 10-Day Update. | NHTSA-0230621-006-358 Partial Response VII | NHTSA-0230621-006-359 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4966-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-360 Partial Response VII | NHTSA-0230621-006-362 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4966-2, 10-Day Update. | NHTSA-0230621-006-363 Partial Response VII | NHTSA-0230621-006-364 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4967-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-365 Partial Response VII | NHTSA-0230621-006-367 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4967-2, 10-Day Update. | NHTSA-0230621-006-368 Partial Response VII | NHTSA-0230621-006-369 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4968-2. From Ryan Stanko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-370 Partial Response VII | NHTSA-0230621-006-372 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4968-2, 10-Day Update. | NHTSA-0230621-006-373 Partial Response VII | NHTSA-0230621-006-374 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4983-2, From Ryan Stasko to Ann Carlson. Date March 13, 2023. | NHTSA-0230621-006-375 Partial Response VII | NHTSA-0230621-006-377 Partial Response VII | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4983-2, 10-Day Update. | NHTSA-0230621-006-378 Partial Response VII | NHTSA-0230621-006-379 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4986-2, From Ryan Stasko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-380 Partial Response VII | NHTSA-0230621-006-382 Partial Response VII | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4986-2, 10-Day Update. | NHTSA-0230621-006-383 Partial Response VII | NHTSA-0230621-006-384 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4997-2, From Ryan Stasko to Ann Carlson. Date March 20, 2023. | NHTSA-0230621-006-385 Partial Response VII | NHTSA-0230621-006-387 Partial Response VII | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4987-2, 10-Day Update. | NHTSA-0230621-006-388 Partial Response VII | NHTSA-0230621-006-389 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4988-2, From Ryan Stanko to Ann Carlson, Date March 20, 2023. | NHTSA-0230621-006-390 Partial Response VII | NHTSA-0230621-006-392 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4988-2, 10-Day Update. | NHTSA-0230621-006-393 Partial Response VII | NHTSA-0230621-006-394 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5010-2, From Ryan Stanko to Ann Carlson, Date March 22, 2023. | NHTSA-0230621-006-395 Partial Response VII | NHTSA-0230621-006-397 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5010-2, 10-Day Update. | NHTSA-0230621-006-398 Partial Response VII | NHTSA-0230621-006-399 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5011-2, From Ryan Stanko to Ann Carlson, Date March 22, 2023. | NHTSA-0230621-006-400 Partial Response VII | NHTSA-0230621-006-402 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5011-2, 10-Day Update. | NHTSA-0230621-006-403 Partial Response VII | NHTSA-0230621-006-404 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5012-2. From Ryan Stasko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-405 Partial Response VII | NHTSA-0230621-006-407 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5012-2, 10-Day Update. | NHTSA-0230621-006-408 Partial Response VII | NHTSA-0230621-006-409 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5013-2. From Ryan Stasko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-410 Partial Response VII | NHTSA-0230621-006-412 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5013-2, 10-Day Update. | NHTSA-0230621-006-413 Partial Response VII | NHTSA-0230621-006-414 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5014-2. From Ryan Stasko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-415 Partial Response VII | NHTSA-0230621-006-417 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5014-2, 10-Day Update. | NHTSA-0230621-006-418 Partial Response VII | NHTSA-0230621-006-419 Partial Response VII | Partial redaction | 4, 6 | [illegible fine print] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5015-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-420 Partial Response VII | NHTSA-0230621-006-422 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signator's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5015-2, 10-Day Update. | NHTSA-0230621-006-423 Partial Response VII | NHTSA-0230621-006-424 Partial Response VII | Partial redaction | 4, 6 | [illegible fine print] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5016-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-425 Partial Response VII | NHTSA-0230621-006-427 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signator's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5016-2, 10-Day Update. | NHTSA-0230621-006-428 Partial Response VII | NHTSA-0230621-006-429 Partial Response VII | Partial redaction | 4, 6 | [illegible fine print] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5017-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-430 Partial Response VII | NHTSA-0230621-006-432 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signator's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5017-2, 10-Day Update. | NHTSA-0230621-006-433 Partial Response VII | NHTSA-0230621-006-434 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5018-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-435 Partial Response VII | NHTSA-0230621-006-437 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5018-2, 10-Day Update. | NHTSA-0230621-006-438 Partial Response VII | NHTSA-0230621-006-439 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5019-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-440 Partial Response VII | NHTSA-0230621-006-442 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5019-2, 10-Day Update. | NHTSA-0230621-006-443 Partial Response VII | NHTSA-0230621-006-444 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5017-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-445 Partial Response VII | NHTSA-0230621-006-447 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5037-2, 10-Day Update. | NHTSA-0230621-006-448 Partial Response VII | NHTSA-0230621-006-449 Partial Response VII | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5038-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-450 Partial Response VII | NHTSA-0230621-006-452 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5038-2, 10-Day Update. | NHTSA-0230621-006-453 Partial Response VII | NHTSA-0230621-006-454 Partial Response VII | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5039-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-455 Partial Response VII | NHTSA-0230621-006-457 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5039-2, 10-Day Update. | NHTSA-0230621-006-458 Partial Response VII | NHTSA-0230621-006-459 Partial Response VII | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5040-2, From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-460 Partial Response VII | NHTSA-0230621-006-462 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5040-2, 10-Day Update. | NHTSA-0230621-006-461 Partial Response VII | NHTSA-0230621-006-464 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5059-1. From Ryan Stanko to Ann Carlson. Date March 15, 2023. | NHTSA-0230621-006-465 Partial Response VII | NHTSA-0230621-006-467 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5059-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-468 Partial Response VII | NHTSA-0230621-006-470 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5059-2, 10-Day Update. | NHTSA-0230621-006-471 Partial Response VII | NHTSA-0230621-006-472 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5090-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-473 Partial Response VII | NHTSA-0230621-006-475 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5090-2, 10-Day Update. | NHTSA-0230621-006-476 Partial Response VII | NHTSA-0230621-006-477 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5091-2. From Ryan Stanko to Ann Carlson. Date March 22, 2023. | NHTSA-0230621-006-478 Partial Response VII | NHTSA-0230621-006-480 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5091-2, 10-Day Update. | NHTSA-0230621-006-481 Partial Response VII | NHTSA-0230621-006-482 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5097-2. From Ryan Stauko to Ann Carlson. Date March 27, 2023. | NHTSA-0230621-006-483 Partial Response VII | NHTSA-0230621-006-485 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5097-2, 10-Day Update. | NHTSA-0230621-006-486 Partial Response VII | NHTSA-0230621-006-487 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5100-2. From Ryan Stauko to Ann Carlson. Date March 27, 2023. | NHTSA-0230621-006-488 Partial Response VII | NHTSA-0230621-006-490 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5100-2, 10-Day Update. | NHTSA-0230621-006-491 Partial Response VII | NHTSA-0230621-006-492 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5104-2. From Ryan Stauko to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-493 Partial Response VII | NHTSA-0230621-006-495 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration; Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5104-2, 10-Day Update. | NHTSA-02306211-006-496 Partial Response VII | NHTSA-02306211-006-497 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5105-2. From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-02306211-006-498 Partial Response VII | NHTSA-02306211-006-500 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5105-2, 10-Day Update. | NHTSA-02306211-006-501 Partial Response VII | NHTSA-02306211-006-502 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5106-2. From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-02306211-006-503 Partial Response VII | NHTSA-02306211-006-505 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5106-2, 10-Day Update. | NHTSA-02306211-006-506 Partial Response VII | NHTSA-02306211-006-507 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5107-2. From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-02306211-006-508 Partial Response VII | NHTSA-02306211-006-510 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public's interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5107-2, 10-Day Update. | NHTSA-0230621-006-511 Partial Response VII | NHTSA-0230621-006-512 Partial Response VII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5108-2, From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-513 Partial Response VII | NHTSA-0230621-006-515 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5108-2, 10-Day Update. | NHTSA-0230621-006-516 Partial Response VII | NHTSA-0230621-006-517 Partial Response VII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5113-2, From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-518 Partial Response VII | NHTSA-0230621-006-520 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5113-2, 10-Day Update. | NHTSA-0230621-006-521 Partial Response VII | NHTSA-0230621-006-522 Partial Response VII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5115-2, From Ryan Stanko to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-523 Partial Response VII | NHTSA-0230621-006-525 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5115-2, 10-Day Update. | NHTSA-0230621-006-526 Partial Response VII | NHTSA-0230621-006-527 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5135-2, From Ryan Stasko to Ann Carlson. Date March 28, 2023. | NHTSA-0230621-006-528 Partial Response VII | NHTSA-0230621-006-530 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5135-2, 10-Day Update. | NHTSA-0230621-006-531 Partial Response VII | NHTSA-0230621-006-532 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5147-2, From Ryan Stasko to Ann Carlson. Date April 3, 2023. | NHTSA-0230621-006-533 Partial Response VII | NHTSA-0230621-006-535 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report: Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5147-2, 10-Day Update. | NHTSA-0230621-006-536 Partial Response VII | NHTSA-0230621-006-537 Partial Response VII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5148-2, From Ryan Stasko to Ann Carlson. Date April 6, 2023. | NHTSA-0230621-006-538 Partial Response VII | NHTSA-0230621-006-540 Partial Response VII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01; Report ID 13781-5148-2, 10-Day Update. | NHTSA-0230621-006-541 Partial Response VII | NHTSA-0230621-006-542 Partial Response VII | Partial redaction | 4, 6 | |
| Letter, Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports Submitted by Tesla, Inc. From Kerry Kolodziej to Eric Williams. Date September 27, 2024. | NHTSA-0230621-006-001 Partial Response VIII | NHTSA-0230621-006-042 Partial Response VIII | Partial redaction | 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-3425-2, From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-043 Partial Response VIII | NHTSA-0230621-006-045 Partial Response VIII | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01; Report ID 13781-3425-2, 10-Day Update. | NHTSA-0230621-006-046 Partial Response VIII | NHTSA-0230621-006-048 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-3449-2, From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-049 Partial Response VIII | NHTSA-0230621-006-051 Partial Response VIII | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01; Report ID 13781-3449-2, 10-Day Update. | NHTSA-0230621-006-052 Partial Response VIII | NHTSA-0230621-006-054 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Report ID 13781-3457-2, From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-055 Partial Response VIII | NHTSA-0230621-006-057 Partial Response VIII | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3457-2, 10-Day Update. | NHTSA-0230621-006-058 Partial Response VIII | NHTSA-0230621-006-060 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3459-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-061 Partial Response VIII | NHTSA-0230621-006-063 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3458-2, 10-Day Update. | NHTSA-0230621-006-064 Partial Response VIII | NHTSA-0230621-006-066 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3459-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-067 Partial Response VIII | NHTSA-0230621-006-069 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3459-2, 10-Day Update. | NHTSA-0230621-006-070 Partial Response VIII | NHTSA-0230621-006-072 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3460-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-073 Partial Response VIII | NHTSA-0230621-006-075 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3460-2, 10-Day Update. | NHTSA-0230621-006-076 Partial Response VIII | NHTSA-0230621-006-078 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3461-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-079 Partial Response VIII | NHTSA-0230621-006-081 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3461-2, 10-Day Update. | NHTSA-0230621-006-082 Partial Response VIII | NHTSA-0230621-006-084 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3462-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-085 Partial Response VIII | NHTSA-0230621-006-087 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3462-2, 10-Day Update. | NHTSA-0230621-006-088 Partial Response VIII | NHTSA-0230621-006-090 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3463-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-091 Partial Response VIII | NHTSA-0230621-006-093 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3463-2, 10-Day Update. | NHTSA-0230621-006-094 Partial Response VIII | NHTSA-0230621-006-096 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3467-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-097 Partial Response VIII | NHTSA-0230621-006-099 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3467-2, 10-Day Update. | NHTSA-0230621-006-100 Partial Response VIII | NHTSA-0230621-006-102 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3468-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-103 Partial Response VIII | NHTSA-0230621-006-105 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3468-2, 10-Day Update. | NHTSA-0230621-006-106 Partial Response VIII | NHTSA-0230621-006-108 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-3469-2. From Ryan Stanko to Ann Carlson. Date July 29, 2022. | NHTSA-0230621-006-109 Partial Response VIII | NHTSA-0230621-006-111 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3469-2, 10-Day Update. | NHTSA-0230621-006-112 Partial Response VIII | NHTSA-0230621-006-114 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3470-1. From Ryan Stanko to Ann Carlson. Date July 19, 2022. | NHTSA-0230621-006-115 Partial Response VIII | NHTSA-0230621-006-117 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3470-1, 1-Day Report. | NHTSA-0230621-006-118 Partial Response VIII | NHTSA-0230621-006-120 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3470-2. From Ryan Stanko to Ann Carlson. Date July 26, 2022. | NHTSA-0230621-006-121 Partial Response VIII | NHTSA-0230621-006-123 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3470-2, 10-Day Update. | NHTSA-0230621-006-124 Partial Response VIII | NHTSA-0230621-006-126 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3480-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-127 Partial Response VIII | NHTSA-0230621-006-129 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

*Vaughn Index*
*WP Company LLC v. National Highway Traffic Safety Administration; Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3480-2, 10-Day Update. | NHTSA-0230621-006-130 Partial Response VIII | NHTSA-0230621-006-132 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3483-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-133 Partial Response VIII | NHTSA-0230621-006-135 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3483-2, 10-Day Update. | NHTSA-0230621-006-136 Partial Response VIII | NHTSA-0230621-006-138 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3485-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-139 Partial Response VIII | NHTSA-0230621-006-141 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3485-2, 10-Day Update. | NHTSA-0230621-006-142 Partial Response VIII | NHTSA-0230621-006-144 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3487-2. From Ryan Stanko to Ann Carlson. Date August 3, 2022. | NHTSA-0230621-006-145 Partial Response VIII | NHTSA-0230621-006-147 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 110 of 197

Yangtao Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3487-2, 10-Day Update. | NHTSA-0230621-006-148 Partial Response VIII | NHTSA-0230621-006-150 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3488-1. From Ryan Stasko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-151 Partial Response VIII | NHTSA-0230621-006-153 Partial Response VIII | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3488-1, 1-Day Update. | NHTSA-0230621-006-154 Partial Response VIII | NHTSA-0230621-006-156 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3489-2. From Ryan Stasko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-157 Partial Response VIII | NHTSA-0230621-006-159 Partial Response VIII | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3488-2, 10-Day Update. | NHTSA-0230621-006-160 Partial Response VIII | NHTSA-0230621-006-162 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3489-2. From Ryan Stasko to Ann Carlson. Date August 3, 2022. | NHTSA-0230621-006-163 Partial Response VIII | NHTSA-0230621-006-165 Partial Response VIII | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3489-2, 10-Day Update. | NHTSA-0230621-006-166 Partial Response VIII | NHTSA-0230621-006-168 Partial Response VIII | Partial redaction | 4, 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3490-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-169 Partial Response VIII | NHTSA-0230621-006-171 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3490-2, 10-Day Update. | NHTSA-0230621-006-172 Partial Response VIII | NHTSA-0230621-006-174 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3506-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-175 Partial Response VIII | NHTSA-0230621-006-177 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3506-2, 10-Day Update. | NHTSA-0230621-006-178 Partial Response VIII | NHTSA-0230621-006-180 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3509-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-181 Partial Response VIII | NHTSA-0230621-006-183 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3509-2, 10-Day Update. | NHTSA-0230621-006-184 Partial Response VIII | NHTSA-0230621-006-186 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3510-2. From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-187 Partial Response VIII | NHTSA-0230621-006-189 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3510-2, 10-Day Update. | NHTSA-0230621-006-190 Partial Response VIII | NHTSA-0230621-006-192 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3511-2, From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-193 Partial Response VIII | NHTSA-0230621-006-195 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3511-2, 10-Day Update. | NHTSA-0230621-006-196 Partial Response VIII | NHTSA-0230621-006-198 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3512-2, From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-199 Partial Response VIII | NHTSA-0230621-006-201 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3512-2, 10-Day Update. | NHTSA-0230621-006-202 Partial Response VIII | NHTSA-0230621-006-203 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3513-2, From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-204 Partial Response VIII | NHTSA-0230621-006-206 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3513-2, 10-Day Update. | NHTSA-0230621-006-207 Partial Response VIII | NHTSA-0230621-006-208 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3517-2. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-209 Partial Response VIII | NHTSA-0230621-006-211 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties in providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest so disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3517-2, 10-Day Update. | NHTSA-0230621-006-212 Partial Response VIII | NHTSA-0230621-006-213 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3518-2. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-214 Partial Response VIII | NHTSA-0230621-006-216 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties in providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest so disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3518-2, 10-Day Update. | NHTSA-0230621-006-217 Partial Response VIII | NHTSA-0230621-006-218 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3529-2. From Ryan Stanko to Ann Carlson. Date August 8, 2022. | NHTSA-0230621-006-219 Partial Response VIII | NHTSA-0230621-006-221 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties in providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest so disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3529-2, 10-Day Update. | NHTSA-0230621-006-222 Partial Response VIII | NHTSA-0230621-006-223 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3543-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-224 Partial Response VIII | NHTSA-0230621-006-226 Partial Response VIII | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3543-2, 10-Day Update. | NHTSA-0230621-006-227 Partial Response VIII | NHTSA-0230621-006-228 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3544-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-229 Partial Response VIII | NHTSA-0230621-006-231 Partial Response VIII | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3544-2, 10-Day Update. | NHTSA-0230621-006-232 Partial Response VIII | NHTSA-0230621-006-233 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3552-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-234 Partial Response VIII | NHTSA-0230621-006-236 Partial Response VIII | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3552-2, 10-Day Update. | NHTSA-0230621-006-237 Partial Response VIII | NHTSA-0230621-006-238 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3553-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-239 Partial Response VIII | NHTSA-0230621-006-241 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3553-2, 10-Day Update. | NHTSA-0230621-006-242 Partial Response VIII | NHTSA-0230621-006-243 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3554-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-244 Partial Response VIII | NHTSA-0230621-006-246 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3554-2, 10-Day Update. | NHTSA-0230621-006-247 Partial Response VIII | NHTSA-0230621-006-248 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3555-2. From Ryan Stanko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-249 Partial Response VIII | NHTSA-0230621-006-251 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3555-2, 10-Day Update. | NHTSA-0230621-006-252 Partial Response VIII | NHTSA-0230621-006-253 Partial Response VIII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3565-2. From Ryan Stasko to Ann Carlson. Date August 15, 2022. | NHTSA-0230621-006-254 Partial Response VIII | NHTSA-0230621-006-256 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3565-2, 10-Day Update. | NHTSA-0230621-006-257 Partial Response VIII | NHTSA-0230621-006-258 Partial Response VIII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3666-2. From Ryan Stasko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-259 Partial Response VIII | NHTSA-0230621-006-261 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3666-2, 10-Day Update. | NHTSA-0230621-006-262 Partial Response VIII | NHTSA-0230621-006-263 Partial Response VIII | Partial redaction | 4, 6 | *(explanation text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3667-2. From Ryan Stasko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-264 Partial Response VIII | NHTSA-0230621-006-266 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3687-2, 10-Day Update. | NHTSA-0230621-006-267 Partial Response VIII | NHTSA-0230621-006-268 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3700-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-269 Partial Response VIII | NHTSA-0230621-006-271 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3700-2, 10-Day Update. | NHTSA-0230621-006-272 Partial Response VIII | NHTSA-0230621-006-273 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3701-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-274 Partial Response VIII | NHTSA-0230621-006-276 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3701-2, 10-Day Update. | NHTSA-0230621-006-277 Partial Response VIII | NHTSA-0230621-006-278 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3702-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-279 Partial Response VIII | NHTSA-0230621-006-281 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5702-2, 10-Day Update. | NHTSA-0230621-006-282 Partial Response VIII | NHTSA-0230621-006-283 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5707-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-284 Partial Response VIII | NHTSA-0230621-006-286 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5707-2, 10-Day Update. | NHTSA-0230621-006-287 Partial Response VIII | NHTSA-0230621-006-288 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5708-2. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-289 Partial Response VIII | NHTSA-0230621-006-291 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5708-2, 10-Day Update. | NHTSA-0230621-006-292 Partial Response VIII | NHTSA-0230621-006-293 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5709-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-294 Partial Response VIII | NHTSA-0230621-006-296 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3709-2, 10-Day Update. | NHTSA-0230621-006-297 Partial Response VIII | NHTSA-0230621-006-298 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3710-1. From Ryan Stanko to Ann Carlson. Date August 25, 2022. | NHTSA-0230621-006-299 Partial Response VIII | NHTSA-0230621-006-301 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3710-1, 1-Day Report. | NHTSA-0230621-006-302 Partial Response VIII | NHTSA-0230621-006-303 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3710-2. From Ryan Stanko to Ann Carlson. Date August 30, 2022. | NHTSA-0230621-006-304 Partial Response VIII | NHTSA-0230621-006-306 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3710-2, 10-Day Update. | NHTSA-0230621-006-307 Partial Response VIII | NHTSA-0230621-006-308 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3713-1. From Ryan Stanko to Ann Carlson. Date August 27, 2022. | NHTSA-0230621-006-309 Partial Response VIII | NHTSA-0230621-006-311 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3713-1, 1-Day Report. | NHTSA-0230621-006-312 Partial Response VIII | NHTSA-0230621-006-313 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3713-2. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-314 Partial Response VIII | NHTSA-0230621-006-316 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3713-2, 10-Day Update. | NHTSA-0230621-006-317 Partial Response VIII | NHTSA-0230621-006-318 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3714-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-319 Partial Response VIII | NHTSA-0230621-006-321 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3714-2, 10-Day Update. | NHTSA-0230621-006-322 Partial Response VIII | NHTSA-0230621-006-323 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3715-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-324 Partial Response VIII | NHTSA-0230621-006-326 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3715-2, 10-Day Update. | NHTSA-0230621-006-327 Partial Response VIII | NHTSA-0230621-006-328 Partial Response VIII | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3718-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-329 Partial Response VIII | NHTSA-0230621-006-331 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3716-2, 10-Day Update. | NHTSA-0230621-006-332 Partial Response VIII | NHTSA-0230621-006-333 Partial Response VIII | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3717-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-334 Partial Response VIII | NHTSA-0230621-006-336 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3717-2, 10-Day Update. | NHTSA-0230621-006-337 Partial Response VIII | NHTSA-0230621-006-338 Partial Response VIII | Partial redaction | 4, 6 | *[illegible small text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3718-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-339 Partial Response VIII | NHTSA-0230621-006-341 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

Vaughn Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3718-2, 10-Day Update. | NHTSA-0230621-006-342 Partial Response VIII | NHTSA-0230621-006-343 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3732-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-344 Partial Response VIII | NHTSA-0230621-006-346 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3732-2, 10-Day Update. | NHTSA-0230621-006-347 Partial Response VIII | NHTSA-0230621-006-348 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3734-2. From Ryan Stanko to Ann Carlson. Date September 7, 2022. | NHTSA-0230621-006-349 Partial Response VIII | NHTSA-0230621-006-351 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3734-2, 10-Day Update. | NHTSA-0230621-006-352 Partial Response VIII | NHTSA-0230621-006-353 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3739-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-354 Partial Response VIII | NHTSA-0230621-006-356 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-3739-1, 1-Day Report. | NHTSA-0230621-006-357 Partial Response VIII | NHTSA-0230621-006-358 Partial Response VIII | Partial redaction | 4, 6 | [illegible explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3739-2. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-359 Partial Response VIII | NHTSA-0230621-006-361 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-3739-2, 10-Day Update. | NHTSA-0230621-006-362 Partial Response VIII | NHTSA-0230621-006-363 Partial Response VIII | Partial redaction | 4, 6 | [illegible explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3740-1. From Ryan Stanko to Ann Carlson. Date September 6, 2022. | NHTSA-0230621-006-364 Partial Response VIII | NHTSA-0230621-006-366 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-3740-1, 1-Day Report. | NHTSA-0230621-006-367 Partial Response VIII | NHTSA-0230621-006-368 Partial Response VIII | Partial redaction | 4, 6 | [illegible explanatory text] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3740-2. From Ryan Stanko to Ann Carlson. Date September 12, 2022. | NHTSA-0230621-006-369 Partial Response VIII | NHTSA-0230621-006-371 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3740-2, 10-Day Update. | NHTSA-0230621-006-372 Partial Response VIII | NHTSA-0230621-006-373 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3741-2, From Ryan Stanko to Ann Carlson, Date September 13, 2022. | NHTSA-0230621-006-374 Partial Response VIII | NHTSA-0230621-006-376 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3741-2, 10-Day Update. | NHTSA-0230621-006-377 Partial Response VIII | NHTSA-0230621-006-378 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3742-2, From Ryan Stanko to Ann Carlson, Date September 15, 2022. | NHTSA-0230621-006-379 Partial Response VIII | NHTSA-0230621-006-381 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3742-2, 10-Day Update. | NHTSA-0230621-006-382 Partial Response VIII | NHTSA-0230621-006-383 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3743-2, From Ryan Stanko to Ann Carlson, Date September 15, 2022. | NHTSA-0230621-006-384 Partial Response VIII | NHTSA-0230621-006-386 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3743-2, 10-Day Update. | NHTSA-02306221-006-387 Partial Response VIII | NHTSA-02306221-006-388 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3745-2. From Ryan Stanko to Ann Carlson. Date September 13, 2022. | NHTSA-02306221-006-389 Partial Response VIII | NHTSA-02306221-006-391 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of that information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3745-2, 10-Day Update. | NHTSA-02306221-006-392 Partial Response VIII | NHTSA-02306221-006-393 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3746-2. From Ryan Stanko to Ann Carlson. Date September 13, 2022. | NHTSA-02306221-006-394 Partial Response VIII | NHTSA-02306221-006-396 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of that information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3746-2, 10-Day Update. | NHTSA-02306221-006-397 Partial Response VIII | NHTSA-02306221-006-398 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3747-2. From Ryan Stanko to Ann Carlson. Date September 13, 2022. | NHTSA-02306221-006-399 Partial Response VIII | NHTSA-02306221-006-401 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of that information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3747-2, 10-Day Update. | NHTSA-0230621-006-402 Partial Response VIII | NHTSA-0230621-006-403 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3765-2. From Ryan Stanko to Ann Carlson. Date September 13, 2022. | NHTSA-0230621-006-404 Partial Response VIII | NHTSA-0230621-006-406 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3765-2, 10-Day Update. | NHTSA-0230621-006-407 Partial Response VIII | NHTSA-0230621-006-408 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3771-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-409 Partial Response VIII | NHTSA-0230621-006-411 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3771-2, 10-Day Update. | NHTSA-0230621-006-412 Partial Response VIII | NHTSA-0230621-006-413 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3789-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-414 Partial Response VIII | NHTSA-0230621-006-416 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3789-2, 10-Day Update. | NHTSA-0230621-006-417 Partial Response VIII | NHTSA-0230621-006-418 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3790-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-419 Partial Response VIII | NHTSA-0230621-006-421 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3790-2, 10-Day Update. | NHTSA-0230621-006-422 Partial Response VIII | NHTSA-0230621-006-423 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3791-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-424 Partial Response VIII | NHTSA-0230621-006-426 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's image signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3791-2, 10-Day Update. | NHTSA-0230621-006-427 Partial Response VIII | NHTSA-0230621-006-428 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3792-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-429 Partial Response VIII | NHTSA-0230621-006-431 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public because someone's image signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5702-2, 10-Day Update. | NHTSA-0230621-006-432 Partial Response VIII | NHTSA-0230621-006-433 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5703-2. From Ryan Stanko to Ann Carlson. Date September 19, 2022. | NHTSA-0230621-006-434 Partial Response VIII | NHTSA-0230621-006-436 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5703-2, 10-Day Update. | NHTSA-0230621-006-437 Partial Response VIII | NHTSA-0230621-006-438 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3847-2. From Ryan Stanko to Ann Carlson. Date September 16, 2022. | NHTSA-0230621-006-439 Partial Response VIII | NHTSA-0230621-006-441 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3847-2, 10-Day Update. | NHTSA-0230621-006-442 Partial Response VIII | NHTSA-0230621-006-443 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3895-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-444 Partial Response VIII | NHTSA-0230621-006-446 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

*Vaughn Index*
*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3895-2, 10-Day Update. | NHTSA-0230621-006-447 Partial Response VIII | NHTSA-0230621-006-448 Partial Response VIII | Partial redaction | 4, 6 | *[illegible dense text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3896-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-449 Partial Response VIII | NHTSA-0230621-006-451 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3896-2, 10-Day Update. | NHTSA-0230621-006-452 Partial Response VIII | NHTSA-0230621-006-453 Partial Response VIII | Partial redaction | 4, 6 | *[illegible dense text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3899-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-454 Partial Response VIII | NHTSA-0230621-006-456 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3899-2, 10-Day Update. | NHTSA-0230621-006-457 Partial Response VIII | NHTSA-0230621-006-459 Partial Response VIII | Partial redaction | 4, 6 | *[illegible dense text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3900-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-459 Partial Response VIII | NHTSA-0230621-006-461 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5900-2, 10-Day Update. | NHTSA-0230621-006-462 Partial Response VIII | NHTSA-0230621-006-463 Partial Response VIII | Partial redaction | 4, 6 | [explanatory text not legible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5905-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-464 Partial Response VIII | NHTSA-0230621-006-466 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the redacted material. The fact that the routine accord is public does not lessen the unwarranted intrusion on an individual's privacy. Furthermore, it matters little that the privacy interest does not seem immediately as long as there is a probability of no intrusion. There is a substantial privacy interest in nondisclosure of the business and data, which outweighs any public interest in the release of the redacted data. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5905-2, 10-Day Update. | NHTSA-0230621-006-467 Partial Response VIII | NHTSA-0230621-006-468 Partial Response VIII | Partial redaction | 4, 6 | [explanatory text not legible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5910-2. From Ryan Stanko to Ann Carlson. Date September 26, 2022. | NHTSA-0230621-006-469 Partial Response VIII | NHTSA-0230621-006-471 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the redacted material. The fact that the routine accord is public does not lessen the unwarranted intrusion on an individual's privacy. Furthermore, it matters little that the privacy interest does not seem immediately as long as there is a probability of no intrusion. There is a substantial privacy interest in nondisclosure of the business and data, which outweighs any public interest in the release of the redacted data. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5910-2, 10-Day Update. | NHTSA-0230621-006-472 Partial Response VIII | NHTSA-0230621-006-473 Partial Response VIII | Partial redaction | 4, 6 | [explanatory text not legible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5921-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-474 Partial Response VIII | NHTSA-0230621-006-476 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the redacted material. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3921-2, 10-Day Update. | NHTSA-0230621-006-477 Partial Response VIII | NHTSA-0230621-006-478 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3922-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-479 Partial Response VIII | NHTSA-0230621-006-481 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3922-2, 10-Day Update. | NHTSA-0230621-006-482 Partial Response VIII | NHTSA-0230621-006-483 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3923-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-484 Partial Response VIII | NHTSA-0230621-006-486 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3923-2, 10-Day Update. | NHTSA-0230621-006-487 Partial Response VIII | NHTSA-0230621-006-488 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3924-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-489 Partial Response VIII | NHTSA-0230621-006-491 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 132 of 197

Vaughn Index
WP Company LLC v. National Highway Traffic Safety Administration; Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3924-2, 10-Day Update. | NHTSA-0230621-006-492 Partial Response VIII | NHTSA-0230621-006-493 Partial Response VIII | Partial redaction | 4, 6 | This document contains commercial and financial information... [text illegible due to size] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3925-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-494 Partial Response VIII | NHTSA-0230621-006-496 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3925-2, 10-Day Update. | NHTSA-0230621-006-497 Partial Response VIII | NHTSA-0230621-006-498 Partial Response VIII | Partial redaction | 4, 6 | This document contains commercial and financial information... [text illegible due to size] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3926-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-499 Partial Response VIII | NHTSA-0230621-006-501 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3926-2, 10-Day Update. | NHTSA-0230621-006-502 Partial Response VIII | NHTSA-0230621-006-503 Partial Response VIII | Partial redaction | 4, 6 | This document contains commercial and financial information... [text illegible due to size] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3927-2, From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-504 Partial Response VIII | NHTSA-0230621-006-506 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5927-2, 10-Day Update. | NHTSA-0230621-006-507 Partial Response VIII | NHTSA-0230621-006-508 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-5928-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-509 Partial Response VIII | NHTSA-0230621-006-511 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5928-2, 10-Day Update. | NHTSA-0230621-006-512 Partial Response VIII | NHTSA-0230621-006-513 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-5929-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-514 Partial Response VIII | NHTSA-0230621-006-516 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5929-2, 10-Day Update. | NHTSA-0230621-006-517 Partial Response VIII | NHTSA-0230621-006-518 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-5930-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-519 Partial Response VIII | NHTSA-0230621-006-521 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3930-2, 10-Day Update. | NHTSA-0230621-006-522 Partial Response VIII | NHTSA-0230621-006-523 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3934-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-524 Partial Response VIII | NHTSA-0230621-006-526 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3934-2, 10-Day Update. | NHTSA-0230621-006-527 Partial Response VIII | NHTSA-0230621-006-528 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3935-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-529 Partial Response VIII | NHTSA-0230621-006-531 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3935-2, 10-Day Update. | NHTSA-0230621-006-532 Partial Response VIII | NHTSA-0230621-006-533 Partial Response VIII | Partial redaction | 4, 6 | *[explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3936-2. From Ryan Stanko to Ann Carlson. Date October 7, 2022. | NHTSA-0230621-006-534 Partial Response VIII | NHTSA-0230621-006-536 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3936-2, 10-Day Update. | NHTSA-0230621-006-537 Partial Response VIII | NHTSA-0230621-006-539 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3939-2, From Ryan Stanko to Ann Carlson. Date October 10, 2022. | NHTSA-0230621-006-539 Partial Response VIII | NHTSA-0230621-006-541 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3939-2, 10-Day Update. | NHTSA-0230621-006-542 Partial Response VIII | NHTSA-0230621-006-543 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3945-2, From Ryan Stanko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-544 Partial Response VIII | NHTSA-0230621-006-546 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3945-2, 10-Day Update. | NHTSA-0230621-006-547 Partial Response VIII | NHTSA-0230621-006-548 Partial Response VIII | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3946-2, From Ryan Stanko to Ann Carlson. Date October 13, 2022. | NHTSA-0230621-006-549 Partial Response VIII | NHTSA-0230621-006-551 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3946-2, 10-Day Update. | NHTSA-0230621-006-552 Partial Response VIII | NHTSA-0230621-006-551 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-3947-2, From Ryan Stasko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-554 Partial Response VIII | NHTSA-0230621-006-556 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3947-2, 10-Day Update. | NHTSA-0230621-006-557 Partial Response VIII | NHTSA-0230621-006-558 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-3948-2, From Ryan Stasko to Ann Carlson. Date October 11, 2022. | NHTSA-0230621-006-559 Partial Response VIII | NHTSA-0230621-006-561 Partial Response VIII | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3948-2, 10-Day Update. | NHTSA-0230621-006-562 Partial Response VIII | NHTSA-0230621-006-563 Partial Response VIII | Partial redaction | 4, 6 | |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports, From Kerry Kolodziej to Eric Williams. Date September 27, 2024. | NHTSA-0230621-006-0001 Final Response | NHTSA-0230621-006-0026 Final Response | Partial redaction | 4, 6 | This document is an incident report submitted pursuant to NHTSA's Standing General Order 2021-01 and contains the narrative of the incident. Tesla requested that this information be given confidential treatment under Exemption 4 of FOIA and submitted the support in accordance with agency regulations covering such requests, 49 C.F.R. Part 512. Tesla described that the information is proprietary, confidential, and otherwise not publicly available and that Tesla has taken measures to ensure that the information is not released outside of the company. Tesla represented that it customarily and actually keeps private the information at issue and provided such information under an assurance of privacy. Submission under NHTSA's statutory and regulatory framework governing confidential information provides an assurance that any such information determined to be confidential will be protected from public disclosure except in limited circumstances not applicable here. Moreover, Tesla indicated that public's commercial or financial interest in keeping the designated information would foreseeably harm Tesla's commercial or financial interest through competitive harm, for example, by revealing the process by which Tesla identifies and examines field incidents, learns from vehicle through data collection, how Tesla conducts customer, how Tesla's software and vehicle technology work, and may also include statistical or detailed proprietary information about a new feature. Releasing confidential commercial or financial information could also impact the willingness of regulated entities to provide NHTSA with such confidential information in the future, either voluntarily or when required by law. Therefore, it would foreseeably harm NHTSA's interest in obtaining confidential information, which is critical to its vehicle safety mission. NHTSA also considered whether any further information within this record could be segregated and disclosed, but any further disclosure of information may reveal confidential information from vehicle manufacturers. Based on Tesla's representations and other available information, NHTSA concluded that the information was entitled to confidential treatment pursuant to Exemption 4 of FOIA. |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-1990-2, From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0027 Final Response | NHTSA-0230621-006-0029 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-1980-2, 10-Day Update. | NHTSA-0230621-006-0030 Final Response | NHTSA-0230621-006-0031 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1981-2, From Alex Green to Ann Carlson, Date: December 30, 2021. | NHTSA-0230621-006-0032 Final Response | NHTSA-0230621-006-0034 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-1981-2, 10-Day Update. | NHTSA-0230621-006-0035 Final Response | NHTSA-0230621-006-0036 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2044-2, From Alex Green to Ann Carlson, Date: January 14, 2022. | NHTSA-0230621-006-0037 Final Response | NHTSA-0230621-006-0039 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2046-2, 10-Day Update. | NHTSA-0230621-006-0040 Final Response | NHTSA-0230621-006-0041 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2065-2, From Alex Green to Ann Carlson, Date: January 14, 2022. | NHTSA-0230621-006-0042 Final Response | NHTSA-0230621-006-0044 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2065-2, 10-Day Update. | NHTSA-0230621-006-0045 Final Response | NHTSA-0230621-006-0046 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2157-2. From Alex Green to Ann Carlson. Date January 21, 2022. | NHTSA-0230621-006-0047 Final Response | NHTSA-0230621-006-0049 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2157-2, 10-Day Update. | NHTSA-0230621-006-0050 Final Response | NHTSA-0230621-006-0051 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2162-2. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0052 Final Response | NHTSA-0230621-006-0054 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2162-2, 10-Day Update. | NHTSA-0230621-006-0055 Final Response | NHTSA-0230621-006-0056 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2163-2. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0057 Final Response | NHTSA-0230621-006-0059 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2163-2, 10-Day Update. | NHTSA-0230621-006-0060 Final Response | NHTSA-0230621-006-0061 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2164-2, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0062 Final Response | NHTSA-0230621-006-0064 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2164-2, 10-Day Update. | NHTSA-0230621-006-0065 Final Response | NHTSA-0230621-006-0066 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2165-2, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0067 Final Response | NHTSA-0230621-006-0069 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2165-2, 10-Day Update. | NHTSA-0230621-006-0070 Final Response | NHTSA-0230621-006-0071 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2166-2, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0072 Final Response | NHTSA-0230621-006-0074 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2166-2, 10-Day Update. | NHTSA-0230621-006-0075 Final Response | NHTSA-0230621-006-0076 Final Response | Partial reduction | 4, 6 | *(illegible small text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2172-2. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0077 Final Response | NHTSA-0230621-006-0079 Final Response | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2172-2, 10-Day Update. | NHTSA-0230621-006-0080 Final Response | NHTSA-0230621-006-0081 Final Response | Partial reduction | 4, 6 | *(illegible small text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2174-2. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0082 Final Response | NHTSA-0230621-006-0084 Final Response | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2181-2. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0085 Final Response | NHTSA-0230621-006-0087 Final Response | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2181-2, 10-Day Update. | NHTSA-0230621-006-0088 Final Response | NHTSA-0230621-006-0089 Final Response | Partial reduction | 4, 6 | *(illegible small text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2183-3. From Alex Green to Ann Carlson. Date January 28, 2022. | NHTSA-0230621-006-0090 Final Response | NHTSA-0230621-006-0092 Final Response | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2181-3, 10-Day Update. | NHTSA-0230621-006-0093 Final Response | NHTSA-0230621-006-0094 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2182-2, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0095 Final Response | NHTSA-0230621-006-0097 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2182-2, 10-Day Update. | NHTSA-0230621-006-0098 Final Response | NHTSA-0230621-006-0099 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2183-2, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0100 Final Response | NHTSA-0230621-006-0102 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2183-2, 10-Day Update. | NHTSA-0230621-006-0103 Final Response | NHTSA-0230621-006-0104 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2183-3, From Alex Green to Ann Carlson, Date January 28, 2022. | NHTSA-0230621-006-0105 Final Response | NHTSA-0230621-006-0107 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2183-3, 10-Day Update. | NHTSA-0230621-006-0108 Final Response | NHTSA-0230621-006-0109 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to reliably transcribe]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2200-1. From Alex Green to Ann Carlson. Date January 31, 2022. | NHTSA-0230621-006-0110 Final Response | NHTSA-0230621-006-0112 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2200-1, 1-Day Report. | NHTSA-0230621-006-0113 Final Response | NHTSA-0230621-006-0114 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to reliably transcribe]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2200-2. From Alex Green to Ann Carlson. Date February 4, 2022. | NHTSA-0230621-006-0115 Final Response | NHTSA-0230621-006-0117 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2200-2, 10-Day Update. | NHTSA-0230621-006-0118 Final Response | NHTSA-0230621-006-0119 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to reliably transcribe]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2201-2. From Alex Green to Ann Carlson. Date February 4, 2022. | NHTSA-0230621-006-0120 Final Response | NHTSA-0230621-006-0122 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2201-2, 10-Day Update. | NHTSA-0230621-006-0123 Final Response | NHTSA-0230621-006-0124 Final Response | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2208-2, From Alex Green to Ann Carlson. Date February 4, 2022. | NHTSA-0230621-006-0125 Final Response | NHTSA-0230621-006-0127 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2208-2, 10-Day Update. | NHTSA-0230621-006-0128 Final Response | NHTSA-0230621-006-0129 Final Response | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2214-2, From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-0130 Final Response | NHTSA-0230621-006-0132 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2214-2, 10-Day Update. | NHTSA-0230621-006-0133 Final Response | NHTSA-0230621-006-0134 Final Response | Partial redaction | 4, 6 | [text illegible] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2229-2, From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-0135 Final Response | NHTSA-0230621-006-0137 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2229-2, 10-Day Update. | NHTSA-0230621-006-0138 Final Response | NHTSA-0230621-006-0139 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2230-2. From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-0140 Final Response | NHTSA-0230621-006-0142 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in their identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2230-2, 10-Day Update. | NHTSA-0230621-006-0143 Final Response | NHTSA-0230621-006-0144 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2229-2. From Alex Green to Ann Carlson. Date February 11, 2022. | NHTSA-0230621-006-0145 Final Response | NHTSA-0230621-006-0147 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in their identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2230-2, 10-Day Update. | NHTSA-0230621-006-0148 Final Response | NHTSA-0230621-006-0149 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2251-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0150 Final Response | NHTSA-0230621-006-0152 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in their identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2251-2, 10-Day Update. | NHTSA-0230621-006-0153 Final Response | NHTSA-0230621-006-0154 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2252-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0155 Final Response | NHTSA-0230621-006-0157 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2252-2, 10-Day Update. | NHTSA-0230621-006-0158 Final Response | NHTSA-0230621-006-0159 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2276-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0160 Final Response | NHTSA-0230621-006-0162 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2276-2, 10-Day Update. | NHTSA-0230621-006-0163 Final Response | NHTSA-0230621-006-0165 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2277-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0165 Final Response | NHTSA-0230621-006-0167 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2277-2, 10-Day Update. | NHTSA-0230621-006-0168 Final Response | NHTSA-0230621-006-0169 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2278-2, From Alex Green to Ann Carlson, Date February 19, 2022. | NHTSA-0230621-006-0170 Final Response | NHTSA-0230621-006-0172 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2278-2, 10-Day Update. | NHTSA-0230621-006-0173 Final Response | NHTSA-0230621-006-0174 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2324-2, From Alex Green to Ann Carlson, Date February 21, 2022. | NHTSA-0230621-006-0175 Final Response | NHTSA-0230621-006-0177 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2324-2, 10-Day Update. | NHTSA-0230621-006-0178 Final Response | NHTSA-0230621-006-0179 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2332-2, From Alex Green to Ann Carlson, Date February 19, 2022. | NHTSA-0230621-006-0180 Final Response | NHTSA-0230621-006-0182 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2332-2, 10-Day Update. | NHTSA-0230621-006-0183 Final Response | NHTSA-0230621-006-0184 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2333-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0185 Final Response | NHTSA-0230621-006-0187 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2333-2, 10-Day Update. | NHTSA-0230621-006-0188 Final Response | NHTSA-0230621-006-0189 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2334-2. From Alex Green to Ann Carlson. Date February 19, 2022. | NHTSA-0230621-006-0190 Final Response | NHTSA-0230621-006-0192 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2334-2, 10-Day Update. | NHTSA-0230621-006-0193 Final Response | NHTSA-0230621-006-0194 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2341-2. From Alex Green to Ann Carlson. Date February 21, 2022. | NHTSA-0230621-006-0195 Final Response | NHTSA-0230621-006-0197 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2341-2, 10-Day Update. | NHTSA-0230621-006-0198 Final Response | NHTSA-0230621-006-0199 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2355-2. From Alex Green to Ann Carlson. Date February 25, 2022. | NHTSA-0230621-006-0200 Final Response | NHTSA-0230621-006-0202 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2355-2, 10-Day Update. | NHTSA-0230621-006-0203 Final Response | NHTSA-0230621-006-0204 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2369-2. From Alex Green to Ann Carlson. Date February 25, 2022. | NHTSA-0230621-006-0205 Final Response | NHTSA-0230621-006-0207 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2369-2, 10-Day Update. | NHTSA-0230621-006-0208 Final Response | NHTSA-0230621-006-0209 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2370-2. From Alex Green to Ann Carlson. Date March 4, 2022. | NHTSA-0230621-006-0210 Final Response | NHTSA-0230621-006-0212 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2570-2, 10-Day Update. | NHTSA-0230621-006-0213 Final Response | NHTSA-0230621-006-0214 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2570-3. From Alex Green to Ann Carlson, Date March 4, 2022. | NHTSA-0230621-006-0215 Final Response | NHTSA-0230621-006-0217 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2570-3, 10-Day Update. | NHTSA-0230621-006-0218 Final Response | NHTSA-0230621-006-0219 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2371-2. From Alex Green to Ann Carlson, Date March 1, 2022. | NHTSA-0230621-006-0220 Final Response | NHTSA-0230621-006-0222 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2371-2, 10-Day Update. | NHTSA-0230621-006-0223 Final Response | NHTSA-0230621-006-0224 Final Response | Partial redaction | 4, 6 | *[explanatory text too small to read reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2372-2. From Alex Green to Ann Carlson, Date February 25, 2022. | NHTSA-0230621-006-0225 Final Response | NHTSA-0230621-006-0227 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2372-2, 10-Day Update. | NHTSA-0230621-006-0228 Final Response | NHTSA-0230621-006-0229 Final Response | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2373-2. From Alex Green to Ann Carlson. Date February 25, 2022. | NHTSA-0230621-006-0230 Final Response | NHTSA-0230621-006-0232 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2373-2, 10-Day Update. | NHTSA-0230621-006-0233 Final Response | NHTSA-0230621-006-0234 Final Response | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2374-2. From Alex Green to Ann Carlson. Date February 25, 2022. | NHTSA-0230621-006-0235 Final Response | NHTSA-0230621-006-0237 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2374-2, 10-Day Update. | NHTSA-0230621-006-0238 Final Response | NHTSA-0230621-006-0239 Final Response | Partial redaction | 4, 6 | *[illegible dense explanatory text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2427-2. From Alex Green to Ann Carlson. Date March 4, 2022. | NHTSA-0230621-006-0240 Final Response | NHTSA-0230621-006-0242 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

Tunga Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2427-2, 10-Day Update. | NHTSA-0230621-006-0243 Final Response | NHTSA-0230621-006-0244 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2429-2, From Alex Green to Ann Carlson, Date March 4, 2022. | NHTSA-0230621-006-0245 Final Response | NHTSA-0230621-006-0247 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2429-2, From Alex Green to Ann Carlson, Date March 4, 2022. | NHTSA-0230621-006-0248 Final Response | NHTSA-0230621-006-0250 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2429-2, 10-Day Update. | NHTSA-0230621-006-0251 Final Response | NHTSA-0230621-006-0252 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2430-2, From Alex Green to Ann Carlson, Date March 4, 2022. | NHTSA-0230621-006-0253 Final Response | NHTSA-0230621-006-0255 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2430-2, 10-Day Update. | NHTSA-0230621-006-0256 Final Response | NHTSA-0230621-006-0257 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2435-2, From Alex Green to Ann Carlson, Date March 12, 2022. | NHTSA-0230621-006-0258 Final Response | NHTSA-0230621-006-0260 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-2435-2, 10-Day Update. | NHTSA-0230621-006-0261 Final Response | NHTSA-0230621-006-0262 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2430-2, From Alex Green to Ann Carlson, Date March 4, 2022. | NHTSA-0230621-006-0263 Final Response | NHTSA-0230621-006-0265 Final Response | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-2436-2, 10-Day Update. | NHTSA-0230621-006-0266 Final Response | NHTSA-0230621-006-0267 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2445-2, From Alex Green to Ann Carlson, Date March 12, 2022. | NHTSA-0230621-006-0268 Final Response | NHTSA-0230621-006-0270 Final Response | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-2445-2, 10-Day Update. | NHTSA-0230621-006-0271 Final Response | NHTSA-0230621-006-0272 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2445-3, From Alex Green to Ann Carlson, Date March 15, 2022. | NHTSA-0230621-006-0273 Final Response | NHTSA-0230621-006-0275 Final Response | Partial redaction | 6 | This document contains potentially identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01, Report ID 13781-2445-3, 10-Day Update. | NHTSA-0230621-006-0276 Final Response | NHTSA-0230621-006-0277 Final Response | Partial redaction | 4, 6 | |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2451-2. From Alex Green to Ann Carlson. Date March 12, 2022. | NHTSA-0230621-006-0278 Final Response | NHTSA-0230621-006-0280 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2461-2. From Alex Green to Ann Carlson. Date March 12, 2022. | NHTSA-0230621-006-0281 Final Response | NHTSA-0230621-006-0283 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2461-2, 10-Day Update. | NHTSA-0230621-006-0284 Final Response | NHTSA-0230621-006-0285 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2460-2. From Alex Green to Ann Carlson. Date March 12, 2022. | NHTSA-0230621-006-0286 Final Response | NHTSA-0230621-006-0288 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2460-2, 10-Day Update. | NHTSA-0230621-006-0289 Final Response | NHTSA-0230621-006-0290 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2499-2. From Alex Green to Ann Carlson. Date March 18, 2022. | NHTSA-0230621-006-0291 Final Response | NHTSA-0230621-006-0293 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2499-2, 10-Day Update. | NHTSA-0230621-006-0294 Final Response | NHTSA-0230621-006-0295 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2543-2. From Alex Green to Ann Carlson. Date March 21, 2022. | NHTSA-0230621-006-0296 Final Response | NHTSA-0230621-006-0298 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2543-2, 10-Day Update. | NHTSA-0230621-006-0299 Final Response | NHTSA-0230621-006-0300 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-2567-2. From Alex Green to Ann Carlson. Date March 21, 2022. | NHTSA-0230621-006-0301 Final Response | NHTSA-0230621-006-0303 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2567-2, 10-Day Update. | NHTSA-0230621-006-0304 Final Response | NHTSA-0230621-006-0305 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-2573-2. From Alex Green to Ann Carlson. Date March 25, 2022. | NHTSA-0230621-006-0306 Final Response | NHTSA-0230621-006-0307 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2573-2, 10-Day Update. | NHTSA-0230621-006-0309 Final Response | NHTSA-0230621-006-0310 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Incident Report ID 13781-2580-2. From Alex Green to Ann Carlson. Date March 29, 2022. | NHTSA-0230621-006-0311 Final Response | NHTSA-0230621-006-0313 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in release because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2580-2, 10-Day Update. | NHTSA-0230621-006-0314 Final Response | NHTSA-0230621-006-0315 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2580-3. From Alex Green to Ann Carlson. Date March 29, 2022. | NHTSA-0230621-006-0316 Final Response | NHTSA-0230621-006-0318 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2580-3, 10-Day Update. | NHTSA-0230621-006-0319 Final Response | NHTSA-0230621-006-0320 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2600-2. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-0321 Final Response | NHTSA-0230621-006-0323 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2600-2, 10-Day Update. | NHTSA-0230621-006-0324 Final Response | NHTSA-0230621-006-0325 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2601-2. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-0326 Final Response | NHTSA-0230621-006-0328 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2601-2, 10-Day Update. | NHTSA-0230621-006-0329 Final Response | NHTSA-0230621-006-0330 Final Response | Partial redaction | 4, 6 | *(lengthy explanation text, illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2602-2. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-0331 Final Response | NHTSA-0230621-006-0333 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2602-2, 10-Day Update. | NHTSA-0230621-006-0334 Final Response | NHTSA-0230621-006-0335 Final Response | Partial redaction | 4, 6 | *(lengthy explanation text, illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2603-2. From Alex Green to Ann Carlson. Date April 4, 2022. | NHTSA-0230621-006-0336 Final Response | NHTSA-0230621-006-0338 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2603-2, 10-Day Update. | NHTSA-0230621-006-0339 Final Response | NHTSA-0230621-006-0340 Final Response | Partial redaction | 4, 6 | *(lengthy explanation text, illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2624-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0341 Final Response | NHTSA-0230621-006-0343 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2624-2, 10-Day Update. | NHTSA-0230621-006-0344 Final Response | NHTSA-0230621-006-0345 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2625-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0346 Final Response | NHTSA-0230621-006-0348 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2625-2, 10-Day Update. | NHTSA-0230621-006-0349 Final Response | NHTSA-0230621-006-0350 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2626-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0351 Final Response | NHTSA-0230621-006-0353 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2626-2, 10-Day Update. | NHTSA-0230621-006-0354 Final Response | NHTSA-0230621-006-0355 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2627-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0356 Final Response | NHTSA-0230621-006-0358 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2627-2, 10-Day Update. | NHTSA-0230621-006-0359 Final Response | NHTSA-0230621-006-0360 Final Response | Partial redaction | 4, 6 | [Explanation text illegible due to resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2628-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0361 Final Response | NHTSA-0230621-006-0363 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2628-2, 10-Day Update. | NHTSA-0230621-006-0364 Final Response | NHTSA-0230621-006-0365 Final Response | Partial redaction | 4, 6 | [Explanation text illegible due to resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2629-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0366 Final Response | NHTSA-0230621-006-0368 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2629-2, 10-Day Update. | NHTSA-0230621-006-0369 Final Response | NHTSA-0230621-006-0370 Final Response | Partial redaction | 4, 6 | [Explanation text illegible due to resolution] |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2630-2, From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0371 Final Response | NHTSA-0230621-006-0373 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2630-2, 10-Day Update. | NHTSA-0230621-006-0374 Final Response | NHTSA-0230621-006-0375 Final Response | Partial redaction | 4, 6 | *(illegible fine print)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2631-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0376 Final Response | NHTSA-0230621-006-0378 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2631-2, 10-Day Update. | NHTSA-0230621-006-0379 Final Response | NHTSA-0230621-006-0379 Final Response | Partial redaction | 4, 6 | *(illegible fine print)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2635-2. From Alex Green to Ann Carlson. Date April 14, 2022. | NHTSA-0230621-006-0381 Final Response | NHTSA-0230621-006-0383 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2635-2, 10-Day Update. | NHTSA-0230621-006-0384 Final Response | NHTSA-0230621-006-0385 Final Response | Partial redaction | 4, 6 | *(illegible fine print)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2638-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0386 Final Response | NHTSA-0230621-006-0388 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2638-2, 10-Day Update. | NHTSA-0230621-006-0389 Final Response | NHTSA-0230621-006-0390 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2639-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0391 Final Response | NHTSA-0230621-006-0393 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2639-2, 10-Day Update. | NHTSA-0230621-006-0394 Final Response | NHTSA-0230621-006-0394 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2640-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0396 Final Response | NHTSA-0230621-006-0398 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2640-2, 10-Day Update. | NHTSA-0230621-006-0399 Final Response | NHTSA-0230621-006-0400 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2641-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0401 Final Response | NHTSA-0230621-006-0403 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2641-2, 10-Day Update. | NHTSA-0230621-006-0404 Final Response | NHTSA-0230621-006-0405 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2642-2. From Alex Green to Ann Carlson. Date April 11, 2022. | NHTSA-0230621-006-0406 Final Response | NHTSA-0230621-006-0408 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2642-2, 10-Day Update. | NHTSA-0230621-006-0409 Final Response | NHTSA-0230621-006-0410 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2643-2. From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0411 Final Response | NHTSA-0230621-006-0413 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2643-2, 10-Day Update. | NHTSA-0230621-006-0414 Final Response | NHTSA-0230621-006-0415 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2650-2. From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0416 Final Response | NHTSA-0230621-006-0418 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2650-2, 10-Day Update. | NHTSA-0230621-006-0419 Final Response | NHTSA-0230621-006-0420 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2656-2, From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0421 Final Response | NHTSA-0230621-006-0423 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2656-2, 10-Day Update. | NHTSA-0230621-006-0424 Final Response | NHTSA-0230621-006-0425 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2667-2, From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0426 Final Response | NHTSA-0230621-006-0428 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2667-2, 10-Day Update. | NHTSA-0230621-006-0429 Final Response | NHTSA-0230621-006-0430 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2668-2, From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0431 Final Response | NHTSA-0230621-006-0433 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2668-2, 10-Day Update. | NHTSA-0230621-006-0434 Final Response | NHTSA-0230621-006-0435 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2669-2. From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0436 Final Response | NHTSA-0230621-006-0438 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2669-2, 10-Day Update. | NHTSA-0230621-006-0439 Final Response | NHTSA-0230621-006-0440 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2695-2. From Alex Green to Ann Carlson. Date April 15, 2022. | NHTSA-0230621-006-0441 Final Response | NHTSA-0230621-006-0443 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2695-2, 10-Day Update. | NHTSA-0230621-006-0444 Final Response | NHTSA-0230621-006-0445 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2727-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0446 Final Response | NHTSA-0230621-006-0448 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2727-2, 10-Day Update. | NHTSA-0230621-006-0449 Final Response | NHTSA-0230621-006-0450 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2729-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0451 Final Response | NHTSA-0230621-006-0453 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2729-2, 10-Day Update. | NHTSA-0230621-006-0454 Final Response | NHTSA-0230621-006-0455 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2740-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0456 Final Response | NHTSA-0230621-006-0458 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2740-2, 10-Day Update. | NHTSA-0230621-006-0459 Final Response | NHTSA-0230621-006-0460 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2780-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0461 Final Response | NHTSA-0230621-006-0463 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2780-2, 10-Day Update. | NHTSA-0230621-006-0464 Final Response | NHTSA-0230621-006-0465 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2781-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0466 Final Response | NHTSA-0230621-006-0468 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2782-2, 10-Day Update. | NHTSA-0230621-006-0469 Final Response | NHTSA-0230621-006-0470 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2782-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0471 Final Response | NHTSA-0230621-006-0473 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2782-2, 10-Day Update. | NHTSA-0230621-006-0474 Final Response | NHTSA-0230621-006-0475 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2796-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0476 Final Response | NHTSA-0230621-006-0478 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2796-2, 10-Day Update. | NHTSA-0230621-006-0479 Final Response | NHTSA-0230621-006-0480 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2799-2. From Alex Green to Ann Carlson. Date April 29, 2022. | NHTSA-0230621-006-0481 Final Response | NHTSA-0230621-006-0483 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2799-2, 10-Day Update. | NHTSA-0230621-006-0484 Final Response | NHTSA-0230621-006-0485 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2801-2. From Alex Green to Ann Carlson. Date April 29, 2022. | NHTSA-0230621-006-0486 Final Response | NHTSA-0230621-006-0488 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2801-2, 10-Day Update. | NHTSA-0230621-006-0489 Final Response | NHTSA-0230621-006-0490 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2804-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0491 Final Response | NHTSA-0230621-006-0493 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2804-2, 10-Day Update. | NHTSA-0230621-006-0494 Final Response | NHTSA-0230621-006-0496 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2805-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0497 Final Response | NHTSA-0230621-006-0499 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2805-2, 10-Day Update. | NHTSA-0230621-006-0500 Final Response | NHTSA-0230621-006-0502 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2806-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0503 Final Response | NHTSA-0230621-006-0505 Final Response | Partial redaction | 6 | |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2806-2, 10-Day Update. | NHTSA-0230621-006-0506 Final Response | NHTSA-0230621-006-0508 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2817-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0509 Final Response | NHTSA-0230621-006-0511 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2817-2, 10-Day Update. | NHTSA-0230621-006-0512 Final Response | NHTSA-0230621-006-0514 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2824-2, From Ryan Stanko to Ann Carlson. Date May 3, 2022. | NHTSA-0230621-006-0515 Final Response | NHTSA-0230621-006-0517 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2824-2, 10-Day Update. | NHTSA-0230621-006-0518 Final Response | NHTSA-0230621-006-0520 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2825-2, From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0521 Final Response | NHTSA-0230621-006-0523 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2825-2, 10-Day Update. | NHTSA-0230621-006-0524 Final Response | NHTSA-0230621-006-0526 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2826-2, From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0527 Final Response | NHTSA-0230621-006-0529 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Tesla Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2826-2, 10-Day Update. | NHTSA-0230621-006-0530 Final Response | NHTSA-0230621-006-0532 Final Response | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-2828-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0533 Final Response | NHTSA-0230621-006-0535 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2828-2, 10-Day Update. | NHTSA-0230621-006-0536 Final Response | NHTSA-0230621-006-0538 Final Response | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-2828-3. From Alex Green to Ann Carlson. Date June 15, 2022. | NHTSA-0230621-006-0539 Final Response | NHTSA-0230621-006-0541 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2828-3, 10-Day Update. | NHTSA-0230621-006-0542 Final Response | NHTSA-0230621-006-0543 Final Response | Partial redaction | 4, 6 | [illegible dense text] |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-2829-2. From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0544 Final Response | NHTSA-0230621-006-0546 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2629-2, 10-Day Update. | NHTSA-0230621-006-0547 Final Response | NHTSA-0230621-006-0549 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2631-2, From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0550 Final Response | NHTSA-0230621-006-0552 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2631-2, 10-Day Update. | NHTSA-0230621-006-0553 Final Response | NHTSA-0230621-006-0555 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2632-2, From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0556 Final Response | NHTSA-0230621-006-0558 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2632-2, 10-Day Update. | NHTSA-0230621-006-0559 Final Response | NHTSA-0230621-006-0561 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Kerry Kolodziej to Eric Williams. Date October 2, 2024. | NHTSA-0230621-006-0562 Final Response | NHTSA-0230621-006-0578 Final Response | Partial redaction | 6 | This document is an incident report submitted pursuant to NHTSA's Standing General Order 2021-01 and contains the narrative of the incident. Tesla requested that this information be given confidential treatment under Exemption 4 of FOIA and submitted the request in accordance with agency regulations covering such requests, 49 C.F.R. Part 512. Tesla described that the information is proprietary, confidential, and otherwise not publicly available and that Tesla has taken measures to ensure that the information is not disclosed to parties outside of the company. Tesla represented that it customarily and actually keeps private the information at issue and provided such information under an assurance of privacy. Submission under NHTSA's statutory and regulatory framework governing confidential information provides an assurance that any such information determined to be confidential will be protected from public disclosure except in limited circumstances as applicable here. Moreover, Tesla indicated that publicly releasing the designated information would foreseeably harm Tesla's commercial or financial interest in keeping that information private, for example, by revealing the process by which Tesla identifies and examines field incidents, learns from vehicle through data collection, how Tesla conducts customer, how Tesla's software and vehicle technology work, and may also include statistical or detailed proprietary information about a new feature. Releasing confidential commercial or financial information could also impact the willingness of regulated entities to provide NHTSA with such confidential information in the future, either voluntarily or when required by law. Therefore, it would foreseeably harm NHTSA's interest in obtaining confidential information, which is critical to its vehicle safety mission. NHTSA can reasonably foresee that release would be impaired whether any further information within this record could be segregated and disclosed, but any further disclosure will cause harm to Tesla as well as NHTSA's mission. NHTSA concluded that the information was entitled to confidential treatment pursuant to Exemption 4 of FOIA. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2633-2, From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0579 Final Response | NHTSA-0230621-006-0581 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Vaughn Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2833-2, 10-Day Update. | NHTSA-0230621-006-0582 Final Response | NHTSA-0230621-006-0584 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2835-2, From Ryan Stanko to Ann Carlson. Date May 2, 2022. | NHTSA-0230621-006-0585 Final Response | NHTSA-0230621-006-0587 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2835-2, 10-Day Update. | NHTSA-0230621-006-0588 Final Response | NHTSA-0230621-006-0590 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2840-2, From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0591 Final Response | NHTSA-0230621-006-0593 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2840-2, 10-Day Update. | NHTSA-0230621-006-0594 Final Response | NHTSA-0230621-006-0596 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2841-2, From Ryan Stanko to Ann Carlson. Date May 9, 2022. | NHTSA-0230621-006-0597 Final Response | NHTSA-0230621-006-0599 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2841-2, 10-Day Update. | NHTSA-0230621-006-0600 Final Response | NHTSA-0230621-006-0602 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2842-2. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0603 Final Response | NHTSA-0230621-006-0605 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2842-2, 10-Day Update. | NHTSA-0230621-006-0606 Final Response | NHTSA-0230621-006-0608 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2844-2. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0609 Final Response | NHTSA-0230621-006-0611 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2844-2, 10-Day Update. | NHTSA-0230621-006-0612 Final Response | NHTSA-0230621-006-0614 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2845-2. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0615 Final Response | NHTSA-0230621-006-0617 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2845-2, 10-Day Update. | NHTSA-0230621-006-0618 Final Response | NHTSA-0230621-006-0620 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2846-2. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0621 Final Response | NHTSA-0230621-006-0623 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2846-2, 10-Day Update. | NHTSA-0230621-006-0624 Final Response | NHTSA-0230621-006-0626 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2858-2. From Ryan Stanko to Ann Carlson. Date May 6, 2022. | NHTSA-0230621-006-0627 Final Response | NHTSA-0230621-006-0629 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2858-2, 10-Day Update. | NHTSA-0230621-006-0630 Final Response | NHTSA-0230621-006-0632 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2868-2. From Ryan Stanko to Ann Carlson. Date May 14, 2022. | NHTSA-0230621-006-0633 Final Response | NHTSA-0230621-006-0635 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2868-2, 10-Day Update. | NHTSA-0230621-006-0636 Final Response | NHTSA-0230621-006-0638 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2869-2, From Ryan Stanko to Ann Carlson. Date May 9, 2022. | NHTSA-0230621-006-0639 Final Response | NHTSA-0230621-006-0641 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2869-2, 10-Day Update. | NHTSA-0230621-006-0642 Final Response | NHTSA-0230621-006-0644 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2873-2, From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0645 Final Response | NHTSA-0230621-006-0647 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2873-2, 10-Day Update. | NHTSA-0230621-006-0648 Final Response | NHTSA-0230621-006-0650 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2874-2, From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0651 Final Response | NHTSA-0230621-006-0653 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2874-2, 10-Day Update. | NHTSA-0230621-006-0654 Final Response | NHTSA-0230621-006-0656 Final Response | Partial redaction | 4, 6 | *(explanatory text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2877-2. From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0657 Final Response | NHTSA-0230621-006-0659 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2877-2, 10-Day Update. | NHTSA-0230621-006-0660 Final Response | NHTSA-0230621-006-0662 Final Response | Partial redaction | 4, 6 | *(explanatory text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2878-2. From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0663 Final Response | NHTSA-0230621-006-0665 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2878-2, 10-Day Update. | NHTSA-0230621-006-0666 Final Response | NHTSA-0230621-006-0668 Final Response | Partial redaction | 4, 6 | *(explanatory text illegible)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2879-2. From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0669 Final Response | NHTSA-0230621-006-0671 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2879-2, 10-Day Update. | NHTSA-0230621-006-0672 Final Response | NHTSA-0230621-006-0674 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2880-2, From Ryan Stanko to Ann Carlson. Date May 13, 2022. | NHTSA-0230621-006-0675 Final Response | NHTSA-0230621-006-0677 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2880-2, 10-Day Update. | NHTSA-0230621-006-0678 Final Response | NHTSA-0230621-006-0680 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2882-2, From Ryan Stanko to Ann Carlson. Date May 16, 2022. | NHTSA-0230621-006-0681 Final Response | NHTSA-0230621-006-0683 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2882-2, 10-Day Update. | NHTSA-0230621-006-0684 Final Response | NHTSA-0230621-006-0686 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2883-2, From Ryan Stanko to Ann Carlson. Date May 13, 2022. | NHTSA-0230621-006-0687 Final Response | NHTSA-0230621-006-0689 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2883-2, 10-Day Update. | NHTSA-0230621-006-0690 Final Response | NHTSA-0230621-006-0692 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2905-2, From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0693 Final Response | NHTSA-0230621-006-0695 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2905-2, 10-Day Update. | NHTSA-0230621-006-0696 Final Response | NHTSA-0230621-006-0698 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2917-2, From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0699 Final Response | NHTSA-0230621-006-0701 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2917-2, 10-Day Update. | NHTSA-0230621-006-0702 Final Response | NHTSA-0230621-006-0704 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2924-2, From Ryan Stanko to Ann Carlson. Date May 15, 2022. | NHTSA-0230621-006-0705 Final Response | NHTSA-0230621-006-0707 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2924-2, 10-Day Update. | NHTSA-0230621-006-0708 Final Response | NHTSA-0230621-006-0710 Final Response | Partial redaction | 4, 6 | *[dense illegible text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2989-2, From Ryan Stunko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0711 Final Response | NHTSA-0230621-006-0713 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2989-2, 10-Day Update. | NHTSA-0230621-006-0714 Final Response | NHTSA-0230621-006-0716 Final Response | Partial redaction | 4, 6 | *[dense illegible text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2990-2, From Ryan Stunko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0717 Final Response | NHTSA-0230621-006-0719 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2990-2, 10-Day Update. | NHTSA-0230621-006-0720 Final Response | NHTSA-0230621-006-0722 Final Response | Partial redaction | 4, 6 | *[dense illegible text]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2991-2, From Ryan Stunko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0723 Final Response | NHTSA-0230621-006-0725 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-2991-2, 10-Day Update. | NHTSA-0230621-006-0726 Final Response | NHTSA-0230621-006-0728 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3019-2, From Ryan Stanko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0729 Final Response | NHTSA-0230621-006-0731 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3019-2, 10-Day Update. | NHTSA-0230621-006-0732 Final Response | NHTSA-0230621-006-0734 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3020-2, From Ryan Stanko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0735 Final Response | NHTSA-0230621-006-0737 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3020-2, 10-Day Update. | NHTSA-0230621-006-0738 Final Response | NHTSA-0230621-006-0740 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3021-2, From Ryan Stanko to Ann Carlson. Date May 21, 2022. | NHTSA-0230621-006-0741 Final Response | NHTSA-0230621-006-0743 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3021-2, 10-Day Update. | NHTSA-0230621-006-0744 Final Response | NHTSA-0230621-006-0746 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3026-2. From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0747 Final Response | NHTSA-0230621-006-0749 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3026-2, 10-Day Update. | NHTSA-0230621-006-0750 Final Response | NHTSA-0230621-006-0752 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3027-2. From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0753 Final Response | NHTSA-0230621-006-0755 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the relevant information in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3027-2, 10-Day Update. | NHTSA-0230621-006-0756 Final Response | NHTSA-0230621-006-0758 Final Response | Partial redaction | 4, 6 | *[illegible fine print]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3035-2. From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0759 Final Response | NHTSA-0230621-006-0761 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 181 of 197

WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3035-2, 10-Day Update. | NHTSA-0230621-006-0762 Final Response | NHTSA-0230621-006-0764 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3036-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0765 Final Response | NHTSA-0230621-006-0767 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3036-2, 10-Day Update. | NHTSA-0230621-006-0768 Final Response | NHTSA-0230621-006-0770 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3037-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0771 Final Response | NHTSA-0230621-006-0773 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3037-2, 10-Day Update. | NHTSA-0230621-006-0774 Final Response | NHTSA-0230621-006-0776 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3039-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0777 Final Response | NHTSA-0230621-006-0779 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3039-2, 10-Day Update. | NHTSA-0230621-006-0780 Final Response | NHTSA-0230621-006-0782 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3040-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0783 Final Response | NHTSA-0230621-006-0785 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3040-2, 10-Day Update. | NHTSA-0230621-006-0786 Final Response | NHTSA-0230621-006-0788 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3041-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0789 Final Response | NHTSA-0230621-006-0791 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3041-2, 10-Day Update. | NHTSA-0230621-006-0792 Final Response | NHTSA-0230621-006-0794 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3042-2, From Ryan Stanko to Ann Carlson. Date May 28, 2022. | NHTSA-0230621-006-0795 Final Response | NHTSA-0230621-006-0797 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3042-2, 10-Day Update. | NHTSA-0230621-006-0798 Final Response | NHTSA-0230621-006-0800 Final Response | Partial redaction | 4, 6 | *(dense illegible explanation text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3058-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0801 Final Response | NHTSA-0230621-006-0803 Final Response | Partial redaction | 6 | *(dense illegible explanation text)* |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3058-2, 10-Day Update. | NHTSA-0230621-006-0804 Final Response | NHTSA-0230621-006-0806 Final Response | Partial redaction | 4, 6 | *(dense illegible explanation text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3059-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0807 Final Response | NHTSA-0230621-006-0809 Final Response | Partial redaction | 6 | *(dense illegible explanation text)* |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3059-2, 10-Day Update. | NHTSA-0230621-006-0810 Final Response | NHTSA-0230621-006-0812 Final Response | Partial redaction | 4, 6 | *(dense illegible explanation text)* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3060-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0813 Final Response | NHTSA-0230621-006-0815 Final Response | Partial redaction | 6 | *(dense illegible explanation text)* |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3060-2, 10-Day Update. | NHTSA-0230621-006-0816 Final Response | NHTSA-0230621-006-0818 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3061-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0819 Final Response | NHTSA-0230621-006-0821 Final Response | Partial redaction | 6 | *[explanatory text illegible]* |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3061-2, 10-Day Update. | NHTSA-0230621-006-0822 Final Response | NHTSA-0230621-006-0824 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3062-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0825 Final Response | NHTSA-0230621-006-0827 Final Response | Partial redaction | 6 | *[explanatory text illegible]* |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3062-2, 10-Day Update. | NHTSA-0230621-006-0828 Final Response | NHTSA-0230621-006-0830 Final Response | Partial redaction | 4, 6 | *[explanatory text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3069-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0831 Final Response | NHTSA-0230621-006-0833 Final Response | Partial redaction | 6 | *[explanatory text illegible]* |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3069-2, 10-Day Update. | NHTSA-0230621-006-0834 Final Response | NHTSA-0230621-006-0836 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-3070-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0837 Final Response | NHTSA-0230621-006-0839 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3070-2, 10-Day Update. | NHTSA-0230621-006-0840 Final Response | NHTSA-0230621-006-0842 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-3071-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0843 Final Response | NHTSA-0230621-006-0845 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. – United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3071-2, 10-Day Update. | NHTSA-0230621-006-0846 Final Response | NHTSA-0230621-006-0848 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment – Standing General Order Incident Report ID 13781-3075-2, From Ryan Stanko to Ann Carlson. Date June 5, 2022. | NHTSA-0230621-006-0849 Final Response | NHTSA-0230621-006-0851 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3075-2, 10-Day Update. | NHTSA-0230621-006-0852 Final Response | NHTSA-0230621-006-0854 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3077-2, From Ryan Stanko to Ann Carlson. Date June 13, 2022. | NHTSA-0230621-006-0855 Final Response | NHTSA-0230621-006-0857 Final Response | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3078-2, 10-Day Update. | NHTSA-0230621-006-0858 Final Response | NHTSA-0230621-006-0860 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3078-2, From Ryan Stanko to Ann Carlson. Date June 13, 2022. | NHTSA-0230621-006-0861 Final Response | NHTSA-0230621-006-0863 Final Response | Partial redaction | 6 | |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3079-2, 10-Day Update. | NHTSA-0230621-006-0864 Final Response | NHTSA-0230621-006-0866 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3079-2, From Ryan Stanko to Ann Carlson. Date June 13, 2022. | NHTSA-0230621-006-0867 Final Response | NHTSA-0230621-006-0869 Final Response | Partial redaction | 6 | |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3079-2, 10-Day Update. | NHTSA-0230621-006-0870 Final Response | NHTSA-0230621-006-0872 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3483-2, From Ryan Stanko to Ann Carlson. Date August 1, 2022. | NHTSA-0230621-006-0873 Final Response | NHTSA-0230621-006-0875 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3483-2, 10-Day Update. | NHTSA-0230621-006-0876 Final Response | NHTSA-0230621-006-0878 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5620-2, From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0879 Final Response | NHTSA-0230621-006-0881 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report, Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5620-2, 10-Day Update. | NHTSA-0230621-006-0882 Final Response | NHTSA-0230621-006-0883 Final Response | Partial redaction | 4, 6 | |
| Letter, Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5621-2, From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0884 Final Response | NHTSA-0230621-006-0886 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3621-2, 10-Day Update. | NHTSA-0230621-006-0887 Final Response | NHTSA-0230621-006-0888 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3622-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0889 Final Response | NHTSA-0230621-006-0891 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3622-2, 10-Day Update. | NHTSA-0230621-006-0892 Final Response | NHTSA-0230621-006-0893 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3673-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0894 Final Response | NHTSA-0230621-006-0896 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3673-2, 10-Day Update. | NHTSA-0230621-006-0897 Final Response | NHTSA-0230621-006-0898 Final Response | Partial redaction | 4, 6 | |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3674-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0899 Final Response | NHTSA-0230621-006-0901 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3674-2, 10-Day Update. | NHTSA-0230621-006-0902 Final Response | NHTSA-0230621-006-0903 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3675-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0904 Final Response | NHTSA-0230621-006-0906 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3675-2, 10-Day Update. | NHTSA-0230621-006-0907 Final Response | NHTSA-0230621-006-0908 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3677-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0909 Final Response | NHTSA-0230621-006-0911 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3677-2, 10-Day Update. | NHTSA-0230621-006-0912 Final Response | NHTSA-0230621-006-0913 Final Response | Partial redaction | 4, 6 | *[explanation text illegible]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3680-2. From Alex Green to Ann Carlson. Date August 22, 2022. | NHTSA-0230621-006-0914 Final Response | NHTSA-0230621-006-0916 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing against Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

Case 1:24-cv-01353-TSC    Document 26-4    Filed 04/02/25    Page 190 of 197

Tanujan Index
WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C.)

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-3680-2, 10-Day Update. | NHTSA-0230621-006-0917 Final Response | NHTSA-0230621-006-0918 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5372-1. From Ryan Stanko to Ann Carlson. Date April 24, 2023. | NHTSA-0230621-006-0919 Final Response | NHTSA-0230621-006-0921 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5372-1, 1-Day Report. | NHTSA-0230621-006-0922 Final Response | NHTSA-0230621-006-0923 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to transcribe reliably]* |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-5609-2. From Ryan Stanko to Ann Carlson. Date May 28, 2023. | NHTSA-0230621-006-0924 Final Response | NHTSA-0230621-006-0926 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-5609-2, 10-Day Update. | NHTSA-0230621-006-0927 Final Response | NHTSA-0230621-006-0928 Final Response | Partial redaction | 4, 6 | *[Explanation text too small to transcribe reliably]* |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kuppersmith to Eric Williams. Date September 26, 2024. | NHTSA-0230621-006-0929 Final Response | NHTSA-0230621-006-0932 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1953-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0933 Final Response | NHTSA-0230621-006-0935 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1954-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-0936 Final Response | NHTSA-0230621-006-0938 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1975-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-0939 Final Response | NHTSA-0230621-006-0941 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1976-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0942 Final Response | NHTSA-0230621-006-0944 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1977-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0945 Final Response | NHTSA-0230621-006-0947 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1978-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0948 Final Response | NHTSA-0230621-006-0950 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1979-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0951 Final Response | NHTSA-0230621-006-0953 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1986-2. From Alex Green to Ann Carlson. Date December 30, 2021. | NHTSA-0230621-006-0954 Final Response | NHTSA-0230621-006-0956 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1991-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0957 Final Response | NHTSA-0230621-006-0959 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1992-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0960 Final Response | NHTSA-0230621-006-0962 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2008-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0963 Final Response | NHTSA-0230621-006-0965 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2009-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0966 Final Response | NHTSA-0230621-006-0968 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2010-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0969 Final Response | NHTSA-0230621-006-0971 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2011-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0972 Final Response | NHTSA-0230621-006-0974 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2012-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0975 Final Response | NHTSA-0230621-006-0977 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2013-2. From Alex Green to Ann Carlson. Date January 10, 2022. | NHTSA-0230621-006-0978 Final Response | NHTSA-0230621-006-0980 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2592-2. From Alex Green to Ann Carlson. Date March 29, 2022. | NHTSA-0230621-006-0981 Final Response | NHTSA-0230621-006-0983 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-2795-2. From Alex Green to Ann Carlson. Date April 25, 2022. | NHTSA-0230621-006-0984 Final Response | NHTSA-0230621-006-0986 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1039-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-0987 Final Response | NHTSA-0230621-006-0989 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1041-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-0990 Final Response | NHTSA-0230621-006-0992 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1045-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-0993 Final Response | NHTSA-0230621-006-0995 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1045-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-0996 Final Response | NHTSA-0230621-006-0998 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1046-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-0999 Final Response | NHTSA-0230621-006-1001 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1045-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1002 Final Response | NHTSA-0230621-006-1004 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1048-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-1005 Final Response | NHTSA-0230621-006-1007 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1048-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1008 Final Response | NHTSA-0230621-006-1010 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1049-1. From Alex Green to Ann Carlson. Date August 13, 2021. | NHTSA-0230621-006-1011 Final Response | NHTSA-0230621-006-1013 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1049-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1014 Final Response | NHTSA-0230621-006-1016 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1050-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1017 Final Response | NHTSA-0230621-006-1019 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1066-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1020 Final Response | NHTSA-0230621-006-1022 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1087-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1023 Final Response | NHTSA-0230621-006-1025 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1090-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1026 Final Response | NHTSA-0230621-006-1028 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1096-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1029 Final Response | NHTSA-0230621-006-1031 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1100-2. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1032 Final Response | NHTSA-0230621-006-1034 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1102-1. From Alex Green to Ann Carlson. Date August 20, 2021. | NHTSA-0230621-006-1035 Final Response | NHTSA-0230621-006-1037 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1102-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1038 Final Response | NHTSA-0230621-006-1040 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1111-2. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-1041 Final Response | NHTSA-0230621-006-1043 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1112-2. From Alex Green to Ann Carlson. Date January 30, 2021. | NHTSA-0230621-006-1044 Final Response | NHTSA-0230621-006-1046 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1140-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-1047 Final Response | NHTSA-0230621-006-1049 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1140-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1050 Final Response | NHTSA-0230621-006-1052 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1150-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-1053 Final Response | NHTSA-0230621-006-1055 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1150-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1056 Final Response | NHTSA-0230621-006-1058 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1151-1. From Alex Green to Ann Carlson. Date August 30, 2021. | NHTSA-0230621-006-1059 Final Response | NHTSA-0230621-006-1061 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1151-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1062 Final Response | NHTSA-0230621-006-1064 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1154-2. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-1065 Final Response | NHTSA-0230621-006-1067 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1157-2. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-1068 Final Response | NHTSA-0230621-006-1070 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1193-1. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-1071 Final Response | NHTSA-0230621-006-1073 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1193-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1074 Final Response | NHTSA-0230621-006-1076 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1194-1. From Alex Green to Ann Carlson. Date September 3, 2021. | NHTSA-0230621-006-1077 Final Response | NHTSA-0230621-006-1079 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1194-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1080 Final Response | NHTSA-0230621-006-1082 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1197-2. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-1083 Final Response | NHTSA-0230621-006-1085 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1198-2. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-1086 Final Response | NHTSA-0230621-006-1088 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1218-1. From Alex Green to Ann Carlson. Date September 10, 2021. | NHTSA-0230621-006-1089 Final Response | NHTSA-0230621-006-1091 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1218-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1092 Final Response | NHTSA-0230621-006-1094 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1242-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-1095 Final Response | NHTSA-0230621-006-1097 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1243-2. From Alex Green to Ann Carlson. Date September 17, 2021. | NHTSA-0230621-006-1098 Final Response | NHTSA-0230621-006-1100 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1244-2; From Alex Green to Ann Carlson; Date September 17, 2021 | NHTSA-0230621-006-1101 Final Response | NHTSA-0230621-006-1103 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1245-2; From Alex Green to Ann Carlson; Date September 17, 2021 | NHTSA-0230621-006-1104 Final Response | NHTSA-0230621-006-1006 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1224-2; From Alex Green to Ann Carlson; Date September 17, 2021 | NHTSA-0230621-006-1007 Final Response | NHTSA-0230621-006-1109 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1331-2; From Alex Green to Ann Carlson; Date September 24, 2021 | NHTSA-0230621-006-1110 Final Response | NHTSA-0230621-006-1112 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1332-2; From Alex Green to Ann Carlson; Date September 24, 2021 | NHTSA-0230621-006-1113 Final Response | NHTSA-0230621-006-1115 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1333-2; From Alex Green to Ann Carlson; Date September 24, 2021 | NHTSA-0230621-006-1116 Final Response | NHTSA-0230621-006-1118 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1339-2; From Alex Green to Ann Carlson; Date September 24, 2021 | NHTSA-0230621-006-1119 Final Response | NHTSA-0230621-006-1121 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1343-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1122 Final Response | NHTSA-0230621-006-1124 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1344-1; From Alex Green to Ann Carlson; Date September 24, 2021 | NHTSA-0230621-006-1125 Final Response | NHTSA-0230621-006-1127 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1344-2; From Alex Green to Ann Carlson; Date January 7, 2022 | NHTSA-0230621-006-1128 Final Response | NHTSA-0230621-006-1130 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1345-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1131 Final Response | NHTSA-0230621-006-1133 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1351-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1134 Final Response | NHTSA-0230621-006-1136 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1352-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1137 Final Response | NHTSA-0230621-006-1139 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1353-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1140 Final Response | NHTSA-0230621-006-1142 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1355-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1143 Final Response | NHTSA-0230621-006-1145 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1356-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1146 Final Response | NHTSA-0230621-006-1148 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1357-2; From Alex Green to Ann Carlson; Date October 1, 2021 | NHTSA-0230621-006-1149 Final Response | NHTSA-0230621-006-1151 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1372-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1152 Final Response | NHTSA-0230621-006-1154 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1374-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1155 Final Response | NHTSA-0230621-006-1157 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1375-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1158 Final Response | NHTSA-0230621-006-1160 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1383-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1161 Final Response | NHTSA-0230621-006-1163 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1388-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1164 Final Response | NHTSA-0230621-006-1166 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1390-2; From Alex Green to Ann Carlson; Date October 8, 2021 | NHTSA-0230621-006-1167 Final Response | NHTSA-0230621-006-1169 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1804-2; From Alex Green to Ann Carlson; Date October 15, 2021 | NHTSA-0230621-006-1170 Final Response | NHTSA-0230621-006-1172 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1405-2; From Alex Green to Ann Carlson; Date October 15, 2021 | NHTSA-0230621-006-1173 Final Response | NHTSA-0230621-006-1175 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter; Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1406-2; From Alex Green to Ann Carlson; Date October 15, 2021 | NHTSA-0230621-006-1176 Final Response | NHTSA-0230621-006-1178 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1467-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-1179 Final Response | NHTSA-0230621-006-1181 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1468-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-1182 Final Response | NHTSA-0230621-006-1184 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1439-2. From Alex Green to Ann Carlson. Date October 15, 2021. | NHTSA-0230621-006-1185 Final Response | NHTSA-0230621-006-1187 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1511-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1188 Final Response | NHTSA-0230621-006-1190 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1512-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1191 Final Response | NHTSA-0230621-006-1193 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1513-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1194 Final Response | NHTSA-0230621-006-1196 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1516-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1197 Final Response | NHTSA-0230621-006-1199 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1521-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1200 Final Response | NHTSA-0230621-006-1202 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1527-2. From Alex Green to Ann Carlson. Date October 22, 2021. | NHTSA-0230621-006-1203 Final Response | NHTSA-0230621-006-1205 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1537-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1206 Final Response | NHTSA-0230621-006-1208 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1538-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1209 Final Response | NHTSA-0230621-006-1211 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1541-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1212 Final Response | NHTSA-0230621-006-1214 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1542-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1215 Final Response | NHTSA-0230621-006-1217 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1543-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1218 Final Response | NHTSA-0230621-006-1220 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1544-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1221 Final Response | NHTSA-0230621-006-1223 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1545-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1224 Final Response | NHTSA-0230621-006-1226 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1546-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1227 Final Response | NHTSA-0230621-006-1229 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1547-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1230 Final Response | NHTSA-0230621-006-1232 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1551-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1233 Final Response | NHTSA-0230621-006-1235 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1553-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1236 Final Response | NHTSA-0230621-006-1238 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1554-2. From Alex Green to Ann Carlson. Date October 29, 2021. | NHTSA-0230621-006-1239 Final Response | NHTSA-0230621-006-1241 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1555-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1242 Final Response | NHTSA-0230621-006-1244 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1556-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1245 Final Response | NHTSA-0230621-006-1247 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1573-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1248 Final Response | NHTSA-0230621-006-1250 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1574-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1251 Final Response | NHTSA-0230621-006-1253 Final Response | Partial redaction | 6 | (same explanation as above) |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1575-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1254 Final Response | NHTSA-0230621-006-1256 Final Response | Partial redaction | 6 | (same explanation as above) |

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1584-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1257 Final Response | NHTSA-0230621-006-1259 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1585-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1260 Final Response | NHTSA-0230621-006-1262 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1589-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1263 Final Response | NHTSA-0230621-006-1265 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1598-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1266 Final Response | NHTSA-0230621-006-1268 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1599-2. From Alex Green to Ann Carlson. Date November 5, 2021. | NHTSA-0230621-006-1269 Final Response | NHTSA-0230621-006-1271 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1619-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1272 Final Response | NHTSA-0230621-006-1274 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1631-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1275 Final Response | NHTSA-0230621-006-1277 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1632-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1278 Final Response | NHTSA-0230621-006-1280 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1646-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1281 Final Response | NHTSA-0230621-006-1283 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1647-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1284 Final Response | NHTSA-0230621-006-1286 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1662-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1287 Final Response | NHTSA-0230621-006-1289 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1663-2. From Alex Green to Ann Carlson. Date November 12, 2021. | NHTSA-0230621-006-1290 Final Response | NHTSA-0230621-006-1292 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1734-2. From Alex Green to Ann Carlson. Date November 22, 2021. | NHTSA-0230621-006-1293 Final Response | NHTSA-0230621-006-1295 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1737-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-1296 Final Response | NHTSA-0230621-006-1298 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1749-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-1301 Final Response | NHTSA-0230621-006-1303 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1750-2. From Alex Green to Ann Carlson. Date November 19, 2021. | NHTSA-0230621-006-1302 Final Response | NHTSA-0230621-006-1304 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1771-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-1305 Final Response | NHTSA-0230621-006-1307 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1772-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-1308 Final Response | NHTSA-0230621-006-1310 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1773-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-1311 Final Response | NHTSA-0230621-006-1313 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1775-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-1314 Final Response | NHTSA-0230621-006-1316 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1776-2. From Alex Green to Ann Carlson. Date November 30, 2021. | NHTSA-0230621-006-1317 Final Response | NHTSA-0230621-006-1319 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1784-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-1320 Final Response | NHTSA-0230621-006-1322 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1785-2. From Alex Green to Ann Carlson. Date November 29, 2021. | NHTSA-0230621-006-1323 Final Response | NHTSA-0230621-006-1325 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1785-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-1326 Final Response | NHTSA-0230621-006-1328 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1790-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-1329 Final Response | NHTSA-0230621-006-1331 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1800-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-1332 Final Response | NHTSA-0230621-006-1334 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signature's identity--is not redacted, just their signature. Even assuming that a public interest qualifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |

*WP Company LLC v. National Highway Traffic Safety Administration, Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1802-2. From Alex Green to Ann Carlson. Date December 3, 2021. | NHTSA-0230621-006-1335 Final Response | NHTSA-0230621-006-1337 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1825-2. From Alex Green to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-1338 Final Response | NHTSA-0230621-006-1340 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1826-2. From Alex Green to Ann Carlson. Date December 10, 2021. | NHTSA-0230621-006-1341 Final Response | NHTSA-0230621-006-1343 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1854-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1344 Final Response | NHTSA-0230621-006-1346 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1855-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1347 Final Response | NHTSA-0230621-006-1349 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1856-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1350 Final Response | NHTSA-0230621-006-1352 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1857-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1353 Final Response | NHTSA-0230621-006-1355 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1858-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1356 Final Response | NHTSA-0230621-006-1358 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1913-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1359 Final Response | NHTSA-0230621-006-1361 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1912-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1362 Final Response | NHTSA-0230621-006-1364 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1933-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1365 Final Response | NHTSA-0230621-006-1367 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1934-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1368 Final Response | NHTSA-0230621-006-1370 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1936-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1371 Final Response | NHTSA-0230621-006-1373 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1939-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1374 Final Response | NHTSA-0230621-006-1376 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1950-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1377 Final Response | NHTSA-0230621-006-1379 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1951-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1380 Final Response | NHTSA-0230621-006-1382 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-1952-2. From Alex Green to Ann Carlson. Date December 23, 2021. | NHTSA-0230621-006-1383 Final Response | NHTSA-0230621-006-1385 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-62-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1386 Final Response | NHTSA-0230621-006-1388 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-63-2. From Alex Green to Ann Carlson. Date January 7, 2022. | NHTSA-0230621-006-1389 Final Response | NHTSA-0230621-006-1391 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports Submitted by Tesla, Inc. From Kerry Kolodziej to Eric Williams. Date September 27, 2024. | NHTSA-0230621-006-1392 Final Response | NHTSA-0230621-006-1397 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-3486-1. From Ryan Stanko to Ann Carlson. Date July 25, 2022. | NHTSA-0230621-006-1398 Final Response | NHTSA-0230621-006-1400 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Confidentiality Determination for Certain Standing General Order 2021-01 Incident Reports. From Michael Kappenmann to Alan DeGraw. Date December 11, 2024. | NHTSA-0230621-006-1401 Final Response | NHTSA-0230621-006-1404 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment of Business Information in Narrative of Report Submitted Pursuant to Standing General Order 2021-01 Report ID 273-3763-1. From Jennifer Shute to Ann Carlson. Date September 8, 2022. | NHTSA-0230621-006-1405 Final Response | NHTSA-0230621-006-1408 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment of Business Information in Narrative of Report Submitted Pursuant to Standing General Order 2021-01 Report ID 273-3763-2. From Jennifer Shute to Ann Carlson. Date September 16, 2022. | NHTSA-0230621-006-1409 Final Response | NHTSA-0230621-006-1412 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment of Business Information in Narrative of Report Submitted Pursuant to Standing General Order 2021-01 Report ID 273-4546-1. From Jennifer Shute to John Donaldson. Date December 4, 2022. | NHTSA-0230621-006-1413 Final Response | NHTSA-0230621-006-1416 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |
| Letter. Subject: Request for Confidential Treatment of Business Information in Narrative of Report Submitted Pursuant to Standing General Order 2021-01 Report ID 273-4546-2. From Jennifer Shute to John Donaldson. Date December 14, 2022. | NHTSA-0230621-006-1417 Final Response | NHTSA-0230621-006-1420 Final Response | Partial redaction | 6 | This document contains personally identifying information (PII) consisting of a signature... |

*WP Company LLC v. National Highway Traffic Safety Administration; Civil Action 24-1353 (D.D.C)*

| Record Description | Start Page | End Page | Disposition | Exemption(s) Applied | Explanation |
|---|---|---|---|---|---|
| Letter. Subject: Confidentiality Determination for a Standing General Order 2021-01 Incident Report Submitted by Tesla, Inc. From Adam Raviv to Eric Williams. Date December 11, 2024. | NHTSA-0230621-006-1421 Final Response | NHTSA-0230621-006-1425 Final Response | Partial reduction | 6 | This document is an incident report submitted pursuant to NHTSA's Standing General Order 2021-01 and contains the narrative of the incident. Tesla requested that this information be given confidential treatment under Exemption 4 of FOIA and submitted the request in accordance with agency regulations covering such requests, 49 C.F.R. Part 512. Tesla described that the information is proprietary, confidential, and otherwise not publicly available and that Tesla has taken measures to ensure that the information is not released outside of the company. Tesla represented that it customarily and actually keeps private the information at issue and provided such information under an assurance of privacy. Submission under NHTSA's statutory and regulatory framework governing confidential information provides an assurance that any such information determined to be confidential will be protected from public disclosure except in limited circumstances not applicable here. Moreover, Tesla indicated that publicly releasing the designated information would foreseeably harm Tesla's commercial or financial interest in keeping that information private, for example, by revealing the process by which Tesla identifies and examines field incidents, learns from vehicles through data collection, how Tesla conducts customer, how Tesla's software and vehicle technology work, and may also include statistical or detailed proprietary information about a new feature. Releasing confidential commercial or financial information could also impact the willingness of regulated entities to provide NHTSA with such confidential information in the future, either voluntarily or when required by law. Therefore, it would foreseeably harm NHTSA's interest in obtaining confidential information, which is critical to its vehicle safety mission. NHTSA also considered whether any further information within this record could be segregated and disclosed, but any further disclosure will cause harm to Tesla and also to NHTSA as it endeavors to fulfill its important mission of ensuring vehicle safety by continuing to receive confidential information from vehicle manufacturers. Based on Tesla's representations and other available information, NHTSA concluded that the information was entitled to confidential treatment pursuant to Exemption 4 of FOIA.

This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest justifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Letter. Subject: Request for Confidential Treatment - Standing General Order Incident Report ID 13781-4787-2. From Ryan Stanko to Ann Carlson. Date February 6, 2023. | NHTSA-0230621-006-1426 Final Response | NHTSA-0230621-006-1428 Final Response | Partial reduction | 6 | This document contains personally identifying information (PII) consisting of a signature. Disclosure of this information would constitute an unwarranted invasion of personal privacy because a signature is a unique and personal identifier. The public interest in release of this information is limited to NHTSA's performance of its statutory duties or providing transparency to the public on government action. These interests are not implicated here and do not qualify for balancing under Exemption 6 because the relevant information—the signatory's identity—is not redacted, just their signature. Even assuming that a public interest justifies for balancing, the individual's right to privacy in this type of information outweighs the public interest in disclosure of the information because someone's unique signature can be used for identity verification or potentially misused if made public. |
| Incident Report. Tesla, Inc. - United States Department of Transportation, National Highway Traffic Safety Administration, Standing General Order 2021-01. Report ID 13781-4787-2, 10-Day Update. | NHTSA-0230621-006-1429 Final Response | NHTSA-0230621-006-1430 Final Response | Partial reduction | 4, 6 | This document is an incident report submitted pursuant to NHTSA's Standing General Order 2021-01 and contains the narrative of the incident. Tesla requested that this information be given confidential treatment under Exemption 4 of FOIA and submitted the request in accordance with agency regulations covering such requests, 49 C.F.R. Part 512. Tesla described that the information is proprietary, confidential, and otherwise not publicly available and that Tesla has taken measures to ensure that the information is not released outside of the company. Tesla represented that it customarily and actually keeps private the information at issue and provided such information under an assurance of privacy. Submission under NHTSA's statutory and regulatory framework governing confidential information provides an assurance that any such information determined to be confidential will be protected from public disclosure except in limited circumstances not applicable here. Moreover, Tesla indicated that publicly releasing the designated information would foreseeably harm Tesla's commercial or financial interest in keeping that information private, for example, by revealing the process by which Tesla identifies and examines field incidents, learns from vehicles through data collection, how Tesla conducts customer, how Tesla's software and vehicle technology work, and may also include statistical or detailed proprietary information about a new feature. Releasing confidential commercial or financial information could also impact the willingness of regulated entities to provide NHTSA with such confidential information in the future, either voluntarily or when required by law. Therefore, it would foreseeably harm NHTSA's interest in obtaining confidential information, which is critical to its vehicle safety mission. NHTSA also considered whether any further information within this record could be segregated and disclosed, but any further disclosure will cause harm to Tesla and also to NHTSA as it endeavors to fulfill its important mission of ensuring vehicle safety by continuing to receive confidential information from vehicle manufacturers. Based on Tesla's representations and other available information, NHTSA concluded that the information was entitled to confidential treatment pursuant to Exemption 4 of FOIA.

This document contains Vehicle Identification Number(s) (VIN) of vehicle owners. A VIN consists of 17 characters, with the last 6 digits sequentially assigned by the manufacturer in the production process. The Agency has reduced the last 6 digits of VINs in this document. A full VIN can be used to identify personally identifiable information. For example, a complete VIN coupled with information in a commercial database, such as Westlaw, easily can be used to identify the name, address, date of birth and loss information of a vehicle owner. As such, the disclosure of full VIN information would jeopardize the privacy of this "similar" to "personal and medical files" for Exemption 6 purposes. There is a significant privacy interest, and an individual's right to privacy in this type of information outweighs the public interest justified for the Exemption 6 balancing test. The information in a record contains a clearly unwarranted invasion of personal privacy.

This document contains information on specific geographical locations of injured crashes, including latitude, longitude, address, and zip code, and information on when the incident occurred, including the date the incident occurred and the time the incident occurred and the time the reporting entity received notice of the incident. Release of this information creates a threat to privacy. When taken together with other unredacted data in the incident report, such as vehicle make and model, city and state, the location and date information could be used to determine the identities of individuals involved in the crash, for example, through a simple internet search. The disclosure of location and date data implicates a substantial privacy interest because of the sensitivity of personal crash information, and the location and date data would cause an unwarranted invasion of personal and medical privacy. There is more than the public interest in public data, for there is more than the public interest in the release of the redacted information. |